THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**STEVE SNYDER-HILL**, *et al.,*

      **Plaintiffs,**

vs.

**THE OHIO STATE UNIVERSITY,**

      **Defendant.**

**Case No. 2:23-cv-2993**
**Judge Michael H. Watson**
**Magistrate Judge Elizabeth P. Deavers**

**Previously filed as:**
   **2:18-cv-00736-MHW-EPD**
   **2:21-cv-03838-MHW-EPD**

## PROTECTIVE ORDER

Pursuant to the request of defendant The Ohio State University ("Ohio State") that the Court enter this Order, and its request that the following limitations and restrictions should apply to documents and information produced for inspection and copying during the course of the above-captioned litigation (the "Action") or the related cases known as *Gonzales, et al., v. The Ohio State University*, Case No. 2:23-cv-3051; *John Doe 162, et al., v. The Ohio State University*, Case No. 2:23-cv-2991; *Knight, et al., v. The Ohio State University*, Case No. 2:23-cv-2994; and *John Doe v. The Ohio State University*, Case No. 2:23-cv-2996 (collectively the "Related Actions"), the Court hereby **ORDERS** that:

1.    **Scope.** This Protective Order (hereinafter "Protective Order" or "Order") shall apply to all documents or other information produced in the course of discovery in this Action that the producing person or entity (the "Producing Entity") has designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" ("Confidential") or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" ("Attorneys' Eyes Only") (either a "Protected

Information Designation" or collectively the "Protected Information Designations") pursuant to this Order, including but not limited to, all initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, and all materials (including documents or testimony) produced by non-parties in response to subpoenas issued in connection with this matter, including all copies, excerpts, and summaries thereof (collectively the "Protected Information"). If Protected Information is used at a deposition of a Plaintiff that is attended by Plaintiffs in a Related Action(s), Plaintiffs in the Related Action(s) shall maintain such Protected Information as Attorneys' Eyes Only.

      **2.**     **Purpose.** The purpose of this Protective Order is to protect against the unnecessary disclosure of Protected Information.

      **3.**     **Disclosure Defined.** As used herein, "disclosure" or "to disclose" means to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate Protected Information, and the restrictions contained herein regarding disclosure of Protected Information also apply with equal force to any copies, excerpts, analyses, or summaries of such materials or the information contained therein, as well as to any pleadings, briefs, exhibits, transcripts or other documents which may be prepared in connection with this litigation which contain or refer to the Protected Information or information contained therein.

      **4.**     **Designating Material**

      **a.**     **Designating Material As "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER":** Any party, or any third party subpoenaed by one of the parties, may designate as Confidential and subject to this Protective Order any documents, testimony, written responses, or other materials produced in this case if they contain information that the Producing Entity asserts in good faith is protected from disclosure by

statute or common law, including, but not limited to, confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Information that is publicly available may not be designated as Confidential. The designation of materials as Confidential pursuant to the terms of this Protective Order does not mean that the document or other material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

      **b.** **Designating Material As Attorneys' Eyes Only.** To the extent a Plaintiff's Protected Information is used at a deposition attended by counsel for Plaintiff(s) in the Related Actions, the Plaintiff's Protected Information shall be treated as Attorneys' Eyes Only and subject to this Protective Order. Any Plaintiff's counsel in a Related Action who receives Attorneys' Eyes Only Information concerning a Plaintiff they do not represent shall not share such information with their clients absent permission of the Plaintiff whose information was designated confidential. Such Attorneys' Eyes Only Designation does not limit Defendant's or a Plaintiff in this Action's use of such information beyond the limitations for treatment of Protected Information.

      **c.** **Required Redactions**. Regardless of designation, any filing party must comply with S.D. Ohio Redaction and Privacy policy, available at https://www.ohsd.uscourts.gov/redaction-privacy-warning. For purposes of this action, this Court requires redaction, omission, or "blackout" of the below-listed identifiers:

      1. Social Security numbers: only the last four digits of a Social Security number should be seen, for example, 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 should be seen as XXX-XX-6789

      2. Financial account numbers: Only the last four digits of a financial account

number should be seen, for example, 123456789 10 11 should be seen as XX XXXXXXX 10 11

3. Dates of birth: Only the year of a date of birth should appear, for example, 1/23/45 should appear as X/XX/45

4. Names of minor children: If a name of a minor child appears, the name should be redacted to identify the child by initials only.

5. Home addresses: If a home address appears on a document, 1234 Main Street, Cincinnati, Ohio, the address should be redacted to read, Cincinnati, Ohio (only the city and state should be visible);

6. Names of any party identified as a John or Jane Doe in any of these Related Actions, to be identified instead by their J.D. number.

**5. Form and Timing Of Designation.**

a. **Documents And Written Materials.** The Producing Entity shall designate any document or other written materials as confidential pursuant to this Order by marking each page of the material with a stamp setting forth the Protected Information Designation, if practical to do so. The person or entity designating the material shall place the stamp, to the extent possible, in such a manner that it will not interfere with the legibility of the document. Materials shall be so-designated prior to, or at the time of, their production or disclosure.

b. **Electronically Stored Information ("ESI"):** If a production response includes ESI, the Producing Entity shall make an effort to include within the electronic files themselves the Confidentiality Designation to the extent practicable. If that is not practicable, then the Producing Entity shall designate in a transmittal letter or email to the

party to whom the materials are produced (the "Receiving Party") using a reasonable identifier (e.g., the Bates range) any portions of the ESI that should be treated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and any portions of the ESI that should be treated as "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER."

      c.    **Deposition Testimony.** Deposition testimony will be deemed Protected Information only if designated as such when the deposition is taken or within fourteen (14) days after receipt of the deposition transcript. Such designation must indicate which Protected Information Designation applies, and must be specific as to the portions of the transcript and/or any exhibits to which that Protected Information Designation applies, except that any exhibit that was marked with a Protected Information Designation at the time of production, and which still bears that mark at the time of its use in a deposition, shall be presumed to fall within the provisions of this Order without further designation. Deposition testimony shall be presumed Confidential for a period of 14 days after receipt of the transcript. No deposition may be permanently designated in its entirety. Any portions of a deposition not specifically designated as Protected Information shall be deemed regular, publicly-available discovery.

**6.**    **Limitation Of Use.**

      a.    **General Protections.** All information that has received a Protected Information Designation, including all information derived therefrom, shall be used by any Receiving Party solely for purposes of prosecuting or defending this Action. A Receiving Party shall not use or disclose the Protected Information for any other purpose, including but not limited to any business, commercial, or competitive purpose. Except as set forth in

5

this Order, a Receiving Party shall not disclose Protected Information to any third party. This Order shall not prevent the Producing Entity from using or disclosing information it has designated as Protected Information, and that belongs to the Producing Entity, for any purpose that the Producing Entity deems appropriate, except that the Producing Entity's voluntary disclosure of Protected Information outside the scope of this Action may impact the protection that this Order would otherwise provide with regard to such information, once disclosed.

      **b.**      **HIPAA compliance**. This Protective Order is HIPAA-compliant pursuant to 45 C.F.R. §164.512(e)(1)(v). The Parties agree that a Receiving Party (or any other person who receives Protected Health Information from a Receiving Party) may use Protected Health Information only for the purposes of this Action, including documents that contain Protected Health Information and individually identifiable health information that is protected from unauthorized disclosure by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), codified in 45 C.F.R. §§ 160, 164. The Receiving Party must destroy or return all documents containing Protected Health Information to the Producing Entity (including all copies made) at the end of this Action pursuant to Section 21 of this Protective Order.

      **c.**      **Persons To Whom Information Marked "Confidential" May Be Disclosed.** Use of any information, documents, or portions of documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," including all information derived therefrom, shall be restricted solely to the following persons who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

1. outside counsel of record for the parties, and the administrative staff of outside counsel's firms (including, but not limited to, the Ohio Attorney General's Office and its administrative staff);

2. in-house counsel for the parties, and the administrative staff for each in-house counsel;

3. any party to this action who is an individual;

4. as to any party to this action who is not an individual, to the party and those employees, former employees, directors, officers, or managers necessary to further the interest of that party, but only to the extent necessary to further the interest of that party in this litigation including, but not limited to, persons necessary to search for and locate information;

5. independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation, and only after such persons have completed the certification attached hereto as Attachment A, Acknowledgment of Understanding and Agreement to be Bound;

6. the Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action;

7. the authors and the original recipients of the documents;

8. any court reporter or videographer reporting a deposition;

9. employees of copy services, microfilming or database services, trial support firms, and/or translators who are engaged by the parties during the litigation of this Action;

10. interviewees, potential witnesses, deponents, hearing or trial witnesses, and any other person, where counsel for a party to this action in good faith determines the individual should be provided access to such information in order for counsel to more effectively prosecute or defend this action (as long as the disclosure occurs in the presence of counsel, and copies, duplicates, images, or the like are not removed or retained by any interviewee, potential witness, deponent, or hearing or trial witness), provided, however, that in all such cases the individual to whom disclosure is to be made has been informed that the information contained in the disclosed document(s) is confidential and protected by Court Order, that the individual understands

that he/she is prohibited from disclosing any information contained in the document(s) to anyone; or

11.     any other person agreed to in writing by the parties.

Prior to being shown any documents produced by another party marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," any person listed under paragraph 6(b)(3), 6(b)(4), 6(b)(5), 6(b)(8)-6(b)(11) shall be advised that the confidential Protected Information is being disclosed pursuant to and subject to the terms of this Protective Order. Nothing in this Paragraph shall be construed as broadening or otherwise modifying the scope of the restrictions on any information marked Attorneys' Eyes Only, which may only be used consistent with the limitations set forth in Paragraph 4(b).

**d.     Persons To Whom Information Marked "Attorneys' Eyes Only" May Be Disclosed.** Use of any information, documents, or portions of documents marked "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," including all information derived therefrom, shall be restricted solely for the purposes and with the parties set forth in Paragraph 4(b) above.

**7.     Inadvertent Production.** Inadvertent production of any document or information with a Protected Information Designation shall be governed by Fed. R. Evid. 502. Pursuant to subsections (d) and (e) of that Rule, the parties agree to, and the Court orders, protection of Protected Information against claims of waiver (including as against third parties and in other Federal and State proceedings) in the event such information is produced during the course of the litigation of this Action, whether pursuant to a Court order, a parties' discovery request, or informal production, as follows:

a.     the production of documents or electronically stored information ("ESI") (including, without limitation, metadata) subject to a legally recognized claim of privilege or other protection from production or other disclosure (collectively,

"Privileged Information"), including without limitation the attorney-client privilege and work-product doctrine, shall in no way constitute the voluntary disclosure of such Privileged Information;

b.    the production of Privileged Information shall not result in the waiver of any privilege or protection associated with such Privileged Information as to the receiving party, or any third parties, and shall not result in any waiver of protection, including subject matter waiver, of any kind;

c.    if any document or ESI (including, without limitation, metadata) received by a party is on its face clearly subject to a legally recognizable privilege, immunity, or other right not to produce such information, the Receiving Party will promptly notify the Producing Entity in writing that it has discovered Privileged Information, identify the Privileged Information by Bates Number range, and return or sequester such Privileged Information until the Producing Entity confirms whether it does indeed assert any privilege protecting this information. Once the Producing Entity asserts privilege over such Privileged Information (as described in Subparagraph (e) below), the Receiving Party will return, sequester, or destroy all copies of such Privileged Information, along with any notes, abstracts or compilations of the content thereof, within ten (10) business days of notice from the Producing Entity;

d.    upon the request of the Producing Entity, the Receiving Party will promptly disclose the names of any individuals who have read or have had access to the Privileged Information;

e.    if the Producing Entity intends to assert a claim of privilege or other protection over Privileged Information identified by the receiving party, the Producing Entity will, within ten (10) business days of receiving the Receiving Party's written notification, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Privileged Information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event, if any portion of the Privileged Information does not contain privileged or protected information, the Producing Entity shall also provide to the Receiving Party a redacted copy of the Privileged Information that omits the information that the Producing Entity believes is subject to a claim of privilege, immunity or other protection;

f.    if, during the course of the litigation, a party determines it has produced Privileged Information, the Producing Entity may notify the Receiving Party of such production in writing. The Producing Entity's written notice must identify the Privileged Information by Bates Number range, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the receiving party with a log for such Privileged Information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event any portion of the

Privileged Information does not contain privileged or protected information, the Producing Entity shall also provide to the receiving party a redacted copy of the Privileged Information that omits the information that the Producing Entity believes is subject to a claim of privilege, immunity or other protection. The Producing Entity must also demand the return of the Privileged Information. After receiving such written notification, the Receiving Party must, within ten (10) business days of receiving the written notification, return, sequester, or destroy the specified Privileged Information and any copies, along with any notes, abstracts or compilations of the content thereof;

g.      a Receiving Party's return, sequestration, or destruction of such Privileged Information as provided in the Subparagraphs above will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered, or destroyed Privileged Information on grounds that the Privileged Information is not in fact subject to a viable claim of privilege or other protection. However, the Receiving Party is prohibited and estopped from arguing that the Producing Entity's production of the Privileged Information in this matter acts as a waiver of applicable privileges or protections, that the disclosure of the Privileged Information by the Producing Entity was not inadvertent, that the Producing Entity did not take reasonable steps to prevent the disclosure of the Privileged Information, or that the Producing Entity did not take reasonable steps to rectify such disclosure;

h.      nothing contained herein is intended to or shall limit a Producing Entity's right to conduct a review of documents or ESI (including, without limitation, metadata), for relevance, responsiveness, and/or the segregation of privileged and/or protected information before such information is produced to the Receiving Party; and

i.      prior to production to another party, all copies, electronic images, duplicates, extracts, summaries, or descriptions (collectively "copies") of documents marked with a Protected Information Designation under this Order, or in any individual portion of such a document, shall be affixed with the same Protected Information Designation if it does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents provided these indices, electronic databases, or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the Protected Information contained in those documents.

**8.      Filing Materials Containing Information With A Protected Information Designation.** In the event a party seeks to file with the Court any Protected Information subject to protection under this Order, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document; (b) where appropriate (e.g., in relation to

discovery and evidentiary motions) submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal or seeking permission to file a redacted version of the document by filing a motion for leave.

Any motion to file a document subject to this Order under seal must meet the Sixth Circuit's standard set forth in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). The burden of demonstrating the need for and appropriateness of a sealing order is borne by the moving party, and requires the moving party to analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations. Regardless of whether the parties agree, it remains the Court's independent obligation to determine whether a seal is appropriate for any given document or portion thereof. Any proposed sealing, even when compelling reasons exist, must be narrowly tailored to serve the compelling reasons.

When a party to this Order intends to file documents which it believes may warrant sealing, but is not the party who may be prejudiced by the document or documents becoming part of the public record, the filing party shall provide the potentially-prejudiced party or parties, or any potentially-prejudiced third party or parties, with written notification of its intent to file such documents at least (14) **fourteen days** before doing so or as soon as practicable. After being provided such notice, the potentially harmed party or parties will then have (7) days to file with the Court a motion for sealing. The Court will rule on the motion as promptly as possible. If needed to comply with Court deadlines, the party may file a document under seal and such documents will remain under seal until the Court resolves the sealing motion or the parties agree the matter should not be sealed.

9.     **Attorneys Allowed To Provide Advice.** Nothing in this Order shall bar or otherwise restrict any attorney for any party from rendering advice to his or her client with respect

to this case or from doing anything necessary to prosecute or defend this case and furthering the interests of his or her client, except for the disclosure of the Protected Information as proscribed in this Order.

10. **Excluding Others From Access.** Whenever information bearing a Protected Information Designation pursuant to this Protective Order is to be discussed at a deposition, the person or entity that designated the information may exclude from the room any person, other than persons designated in Paragraph 6 of this Order, as appropriate, for that portion of the deposition.

11. **No Voluntary Disclosure To Other Entities.** The parties or anyone acting on their behalf may not voluntarily disclose any Protected Information to any state or federal law enforcement or regulatory agency, or any employee thereof, except in this litigation as set forth in Paragraph 6 of this Order or as otherwise commanded by law or provided in this Order. Nothing in this Order shall prevent a party from providing information in its possession in response to a valid order or subpoena from a law enforcement or regulatory agency requiring the production of such information, except that, prior to such production, the party producing the information shall provide as much advance notice as possible to the person or entity that designated the material as confidential to facilitate that party's efforts to preserve the confidentiality of the material, if warranted.

12. **Disputes As To Designations.** Each party has the right to dispute the Protected Information Designation asserted by any other party or subpoenaed person or entity in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the person or entity that designated the documents or materials. As part of that conferral, the designating person or entity must assess whether redaction is a viable alternative to

complete non-disclosure. If any party challenges the Protected Information Designation of any document or information, the burden to properly maintain the designation shall, at all times, remain with the person or entity that made the designation to show that said document or information should remain protected pursuant to Federal Civil Rule 26(c). In the event of disagreement, then the designating person or entity shall file a motion pursuant to Federal Civil Rule 26(c). A party who disagrees with the designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

      **13.**    **Information Security Protections.** Any person in possession of Protected Information received from another person or entity in connection with this Action shall maintain an information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Protected Information, protect against any reasonably anticipated threats or hazards to the security of such Protected Information, and protect against unauthorized access to or use of such Protected Information.

      If a Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, to Protected Information subject to this Order, they shall: (1) notify the person or entity who designated the materials under the terms of this Order of such breach; (2) investigate and take reasonable efforts to remediate the effects of the breach; and (3) provide sufficient information about the breach that the Producing Entity can reasonably ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Entity or law enforcement in investigating any such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

      **14.**    **All Trials Open To Public.** All trials, and certain pretrial proceedings and hearings, are open to the public (collectively a "Public Hearing" or "Public Hearings"). Absent

further order of the Court, there will be no restrictions on any Party's ability to the use during a Public Hearing any document or information that has marked with a Protected Information Designation or documents or information derived therefrom that would disclose such Protected Information. However, if a party intends to present at a Public Hearing any document or information that has been so designated, the party intending to present such document or information shall provide advance notice to the person or entity that made the Protected Information Designation at least (5) **five** days before the Public Hearing by identifying the documents or information at issue as specifically as possible (i.e., by Bates Number, page range, deposition transcript line, etc.) without divulging the actual documents or information. Any person may then seek appropriate relief from the Court regarding restrictions on the use of such documents or information at trial, or sealing of the courtroom, if appropriate.

15. **No Waiver Of Right To Object.** This Order does not limit the right of any party to object to the scope of discovery in the above-captioned action.

16. **No Determination Of Admissibility.** This Order does not constitute a determination of the admissibility or evidentiary foundation for the documents or a waiver of any party's objections thereto.

17. **No Admissions.** Designation by either party of information or documents under the terms of this Order, or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents under this Order.

18.    **No Prior Judicial Determination.** This Order is based on the representations and agreements of the parties and is entered for the purpose of facilitating discovery in this Action. Nothing in this Order shall be construed or presented as a judicial determination that any documents or information as to which counsel or the parties made a Protected Information Designation is in fact subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

19.    **Order Subject To Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

20.    **Parties May Consent To Disclosure.** Nothing shall prevent disclosure beyond the terms of this Order if all parties consent to such disclosure, or if the Court, after notice to all affected parties, permits such disclosure. Specifically, if and to the extent any party wishes to disclose any Protected Information beyond the terms of this Order, that party shall provide all other parties with reasonable notice in writing of its request to so disclose the materials. If the parties cannot resolve their disagreement with respect to the disclosure of any Protected Information, then a party may petition the Court for a determination of these issues. In addition, any interested member of the public may also challenge the designation of any material as confidential, pursuant to the terms of this paragraph.

21.    **Return Of Materials Upon Termination Of Litigation.** Upon the written request and expense of the Producing Entity, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive Protected Information shall return to the Producing Entity, or destroy, all

information and documents subject to this Protective Order, unless the specific document or information has been offered into evidence or filed without restriction as to disclosure. The party requesting the return of materials shall pay the reasonable costs of responding to its request. The party returning or destroying the documents or other information shall certify that it has not maintained any copies of Protected Information, except as permitted by this Order.

22. **Counsel Allowed To Retain Copy Of Filings.** Nothing in this Protective Order shall prevent outside counsel for a party from maintaining in its files a copy of any filings in the Action, including any such filings that incorporate or attach Protected Information. Moreover, an attorney may use his or her work product in subsequent litigation provided that such use does not disclose any Protected Information.

23. **Disclosure of John Doe Plaintiffs' Identities.**  Nothing in this Order shall be construed as modifying the portion of the Court's October 10, 2023 Order permitting the Plaintiffs to proceed pseudonymously. *See* Order, *Snyder-Hill, et al., v. The Ohio State University*, 2:23-cv-02993 (S.D. Oh. Oct. 10, 2023), ECF No. 3. This Order supersedes, however, any portions of the October 10, 2023 Order or any other prior orders limiting to whom information related to the identities of the John Doe Plaintiffs may be disclosed. Such identifying information may be disclosed as set out above in Paragraph 6(c) of this Order.

 **IT IS SO ORDERED.**

Date: 12-20-2023

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT

ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEVE SNYDER-HILL, et al.,      :
                                  :
          Plaintiffs,            :     Case No. 23-cv-2993
                                    :
        v.                       :     Judge Michael H. Watson
                                    :
THE OHIO STATE UNIVERSITY,      :     Magistrate Judge Elizabeth P. Deavers
                                    :
        Defendant.           :
                                    :

**FORM PROTECTIVE ORDER**
**ATTACHMENT A**

The undersigned hereby acknowledges that [he/she] has read the Protective Order dated

[INSERT DATE OF OPERATIVE PROTECTIVE ORDER] in the above-captioned action and

attached hereto, understands the terms thereof, and agrees to be bound by its terms. The

undersigned submits to the jurisdiction of the United States District Court for the Southern District

of Ohio in matters relating to the Protective Order and understands that the terms of the Protective

Order obligate [him/her] to use documents designated "CONFIDENTIAL – SUBJECT TO

PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE

ORDER" in accordance with the Order, solely for the purpose of the above-captioned action, and

not to disclose any such documents or information derived directly therefrom to any other person,

firm, or concern.

2af13699c02b274d

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

_____

Date: _____        _____
                                 Signature