April 25, 2024

*Via ECF*

Hon. Michael H. Watson
Joseph P. Kinneary U.S. Courthouse
85 Marconi Boulevard
Columbus, OH 43125

   Re: *Snyder-Hill et al v. The Ohio State University*, 23 Cv. 2993 (MHW) (EPD)

Your Honor:

  Per the Court's request of March 28, 2024, Plaintiffs write to address third-party discovery in the above-referenced matter. *See* 3/28/24 Tr. at 7:9–11. The Court has already twice ordered third-party discovery. *See* 11/17/23 Tr. at 25:21–23 ("And at this point we can move forward with subpoenaing third parties, correct? THE COURT: Yes."). ]; 2/29/24 Tr. at 34:24–35:3 (THE COURT: "We certainly want to preserve what they know or what they knew at that time and any documents that would exist. So I would think work with all deliberate speed to provide them with the documents that they seek and that they're entitled to."). Accordingly, Plaintiffs issued subpoenas under Fed. R. Civ. P. 45 to Andy Geiger, Russ Hellickson, Bill Davis, Rick Bay, and Vince O'Brien.[1] Despite the Court's most recent order to "work with all deliberate speed to provide [Plaintiffs] with the documents that they seek and that they're entitled to," 2/29/24 Tr. at 34:24–35:3, Defendant's counsel maintains, in both its capacity as counsel for OSU and the individuals, that Geiger, Hellickson, Davis, Bay, and O'Brien are not third parties and that all discovery requests as to those four individuals are premature party discovery. The parties met and conferred on April 21, 2024, but were unable to reach agreement.[2] The parties followed the conferral with e-mails on March 27 and 28 and Plaintiffs' counsel sent another e-mail on April 8, to which they did not receive a response.

  Defendant's contention that the subpoenas to Geiger, Hellickson, Davis, Bay, and O'Brien constitute premature party discovery is meritless. A third party is "[s]omeone who is not a party to a lawsuit, agreement, or other transaction but who is [usually] somehow implicated in it; someone other than the principal parties." THIRD PARTY, Black's Law Dictionary (11th ed. 2019). None of these five individuals is a plaintiff or a defendant. All five are third parties properly subpoenaed under Fed. R. Civ. P. 45. *See Powell v. Time Warner Cable, Inc.*, No. 2:09-

---

[1] Subpoenas were issued to Andy Geiger on January 17 and February 5, 2024. Geiger accepted service on February 26, 2024. Subpoenas were issued to Hellickson, Davis, Bay and O' Brien on January 17, 2024, and subsequently served. Counsel indicated that it would drop service objections to the subpoenas to Hellickson, Davis, and Bay. *See* 3/28/24 Tr. at 8:5–8 ("we have indicated to them that we're not going to assert the defect in service as one of our objections so that we can proceed forward").

[2] Plaintiffs also subpoenaed another third party who is represented by separate counsel. Plaintiffs are conferring with that third party's counsel and will raise disputes with the Court should there be an impasse.

CV-00600, 2010 WL 5464895, at *2 (S.D. Ohio Dec. 30, 2010) ("Rule 45 permits parties in legal proceedings to command a non-party to attend a deposition, produce documents, and/or permit inspection of premises."); Fed. R. Civ. P. 34 (noting that Rule 45 "provide[s] for subpoenas to compel non-parties") (1991 Amendment).

That Geiger, Hellickson, Bay and Davis were employed by OSU decades ago does not transform them into parties to the litigation. Former employees are third parties within the meaning of Rule 45. *See, e.g., Caston v. Hoaglin*, No. CIV A 2:08-CV-200, 2009 WL 1687927, at *3 (S.D. Ohio June 12, 2009) (subpoena to former employees was "not directed to defendants"); *Donahoo v. Ohio Dep't of Youth Servs.*, 211 F.R.D. 303, 305 (N.D. Ohio 2002) (defendant's former officer was "nonparty witness"); *Fusion Elite All Stars v. Varsity Brands, LLC*, 340 F.R.D. 255, 258 (W.D. Tenn. 2022) (treating subpoena to party's former employee as third party subpoena); *Gaedeke Holdings VII, Ltd. v. Williams,* No. 22-MC-208-HLT-TJJ, 2022 WL 17987095, at *1 (D. Kan. Dec. 29, 2022) (describing service of Rule 45 subpoena on a party's former employee); *Shahin v. Delaware*, 563 F. App'x 196, 200 (3d Cir. 2014) (describing defendant's former employee subpoenaed under Rule 45 as a "non-party fact witness").

Nor is O'Brien, the only current employee among the five, a party to the litigation in so far as the subpoena seeks documents within his possession, custody, or control outside the scope of his employment with OSU, *e.g.*, on a personal device, home computer, email account, phone, social media account, or the like. *Compare Cabinets To Go, LLC v. Qingdao Haiyan Real Est. Grp. Co.*, No. 3:21-CV-00711, 2023 WL 3933343, at *2 (M.D. Tenn. Mar. 1, 2023) (defendant was not "target" of subpoena aimed at current employee and had to demonstrate third party standing to quash); *Contardo v. Merrill Lynch, Pierce, Fenner & Smith*, 119 F.R.D. 622, 623–24 (D. Mass. 1988) (explaining that a defendant-employer's current employees—except officers, directors, or managing agents—are properly subpoenaed under Rule 45 and emphasizing that the defendant-employer's employee is "not a party to [an] action"); *with Conroy v. Centurion*, No. CV-21-0685-PHX-DJH (DMF), 2022 WL 21747254, at *1 (D. Ariz. Feb. 8, 2022) (holding that Rule 45 subpoena was improper where it was directed at an officer of the defendant-employer in her *official* capacity); *Stokes v. Xerox Corp.*, No. 05-CV-71683-DT, 2006 WL 6686584, at *2 (E.D. Mich. Oct. 5, 2006) (employee was a party for purposes of subpoena where the "subpoena seeks documents belonging to Defendant"). O'Brien is not an officer, director, or managing agent of OSU. He is an athletic trainer.

Because Defendant cannot object to the subpoenas to Geiger, Hellickson, Davis, Bay, and O'Brien on the basis that they are parties to the action, it may only challenge production of those documents over which it can claim a valid privilege. *Donahoo*, 211 F.R.D. at 306 ("The law is clear, absent a claim of privilege, a party has no standing to challenge a subpoena to a nonparty. The party to whom the subpoena is directed is the only party with standing to oppose it."). Defendant may not assert privileges held by the five individuals on their behalf nor may it challenge the subpoenas as unduly burdensome on the subpoenaed parties. *See id.*

The Court has already twice ordered third party discovery commence and it should now enforce its prior rulings as to Geiger, Hellickson, Davis, Bay, and O'Brien, all five of whom are third parties properly subpoenaed under Rule 45. As the Court noted, spoliation is of increasing concern the longer these third-party subpoenas are left unenforced. 2/29/24 Tr. at

34:24–35:3 ("We certainly want to preserve what they know or what they knew at that time and any documents that would exist."). The risk of spoliation is particularly high as to Geiger, Hellickson, Bay, and Davis. All four left Defendant's employ decades ago and the subpoenas by in large seek personal documents created within the past few years, decades after their employment with OSU ended. Defendant presumptively does not have control over these individuals, or therefore the ability to preserve any of the documents Plaintiff seeks from the four. The same is true of personal documents within O'Brien's possession. Additionally, to the extent Defendant is in control of any of the documents requested from O'Brien, it is under a duty to preserve the information until party discovery begins. *See Caston*, 2009 WL 1687927, at *3 (emphasizing that parties to an action have "an obligation to preserve evidence that is relevant to the litigation" including "records within [their employees'] possession").

Though Plaintiffs are mindful of the Court's directives to focus on the fact sheets at this time, it is imperative that they be given the opportunity to conduct third party discovery simultaneously, both to ensure evidence is not lost and to stay on schedule for a late 2025 trial. 2/29/24 Tr. at 30:11–15 ("Let's have a target to shoot at. So build in a trial date. If that's the end of 2025 or late 2025, that's all well and good. I think discovery needs to move forward with great dispatch. . .")  The parties have jointly proposed discovery for Defendant will not begin until September 4; rather than being idle during this period, Plaintiffs seek to conduct this limited, third-party discovery to obtain and review documents.

Respectfully,

/s/ Simina Vourlis
Simina Vourlis (0046689)
The Law Offices of Simina Vourlis
856 Pullman Way
Columbus, OH 43212-3860
Phone: (614) 487-5900
Fax: (614) 487-5901
Email: svourlis@vourlislaw.com

Rex A. Sharp*
Sarah T. Bradshaw*
Nathan A. Kakazu*
SHARP LAW, LLP
4820 W. 75th Street
Prairie Village, KS 66208
(913) 901-0505
(913) 901-0419 fax
rsharp@midwest-law.com
sbradshaw@midwest-law.com
nkakazu@midwest-law.com

Robert Allard*

/s/ Scott E. Smith

Scott E. Smith (0003749)
SCOTT ELLIOT SMITH, LPA
5003 Horizons Drive, Suite 100
Columbus, Ohio 43220
Phone: (614) 846-1700
Fax: (614) 486-4987
E-Mail: ses@sestriallaw.com

Ilann M. Maazel*
Debra L. Greenberger*
Ariadne M. Ellsworth*
Sonya Levitova*
EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP
600 Fifth Avenue
New York, New York 10020
Phone: (212) 763-5000
Fax: (212) 763-5001
E-Mail: imaazel@ecbawm.com
E-Mail: dgreenberger@ecbawm.com
Adele P. Kimmel*

x

CERRI, BOSKOVICH AND ALLARD, LLP
96 North Third Street, Suite 620
San Jose, CA 95112
(408) 289-1417
(408) 289-8127 fax
rallard@cbalaw.net

Stephen Estey*
ESTEY & BOMBERGER LLP
2869 India Street
San Diego, CA 92103
619-295-0035
619-295-0172 fax
steve@estey-bomberger.com

Daniel R. Karon (0069304)
KARON LLC
700 W. St. Clair Ave., Suite 200
Cleveland, OH 44113
Tel.: 216.622.1851
dkaron@karonllc.com

Joseph Sauder
Sauder Schelkopf LLC
555 Lancaster Avenue
Berwyn, PA 19312
(610) 200-0580
(610) 421-1326
jgs@sstriallawyers.com

Alexandra Brodsky*
PUBLIC JUSTICE
1620 L Street, NW, Suite 630
Washington, DC 20036
Phone: (202) 797-8600
Fax: (202) 232-7203
E-Mail: akimmel@publicjustice.net
E-Mail: abrodsky@publicjustice.net

* Admitted *pro hac vice*
*Attorneys for Plaintiffs*