UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN DOE 162, *et al.*,

    Plaintiffs,

v.

THE OHIO STATE UNIVERSITY,

    Defendant.

Case No. 2:23-cv-2991
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

---

STEVE SNYDER-HILL, *et al.*,

    Plaintiffs,

v.

THE OHIO STATE UNIVERSITY,

    Defendant.

Case No. 2:23-cv-2993
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

---

WILLIAM KNIGHT, *et al.*,

    Plaintiffs,

v.

THE OHIO STATE UNIVERSITY,

    Defendant.

Case No. 2:23-cv-2994
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

**EDWARD GONZALEZ,** *et al.,*

      **Plaintiffs,**

**v.**

**THE OHIO STATE UNIVERSITY,**

      **Defendant.**

**Case No. 2:23-cv-3051**
**Judge Michael H. Watson**
**Magistrate Judge Elizabeth P. Deavers**

## ORDER

This matter is before the Court on the Motion to Compel Plaintiffs' Responses to Question 46 of the Plaintiff Fact Sheets filed by Defendant The Ohio State University. (ECF No. 37 in Case No. 2:23-cv-2991; ECF No. 62 in Case No. 2:23-cv-2993; ECF No. 41 in Case No. 2:23-cv-2994; and ECF No. 56 in Case No. 2:23-cv-3051.) As directed by the Court, Plaintiffs have filed a joint response (ECF No. 67 in Case No. 2:23-cv-2993) and Defendant has filed a reply (ECF No. 41 in Case No. 2:23-cv-2991; ECF No. 69 in Case No. 2:23-cv-2993; ECF No. 47 in Case No. 2:23-cv-2994; and ECF No. 67 in Case No. 2:23-cv-3051). For the following reasons, Defendant's Motion to Compel is **GRANTED.**

I.

Question 46 of the Plaintiff Fact Sheet ("PFS") asks each Plaintiff for the following information:

2

**46. Are you claiming damages in this case as a result of a violation of Title IX?**
☐ Yes   ☐ No

**If yes, provide an estimation of damages you claim, broken down by category, to the best of your recollection[.]**

By way of brief background, the Court crafted this question following its consideration of a "Fact Sheet for Plaintiffs – Parties Joint Submission with Respective Positions" submitted on January 26, 2024.[1] In that submission, Plaintiffs proposed that they be required only to provide a "list of each category of damages" because that would be sufficient given preceding fact sheet questions about the harm experienced by Plaintiffs. Plaintiffs asserted that any computation of damages would be unduly burdensome and would delay fact sheet completion and, by extension, bellwether selection. For its part, Defendant noted the Court's intention as stated at the Preliminary Pretrial Conference held on November 17, 2023, that the Fact Sheet approach would, for now, replace initial disclosures. (*See* Nov. 17, 2023 Conference Transcript at 25:13-20.) Thus, in the Joint Submission, Defendant proposed language patterned after the initial disclosure language related to damages contained in Fed.R.Civ.P.26(a)(1)(A)(iii).

---

[1] Question 46 of the PFS was Question 47 in the parties' Joint Submission.

In its current motion, Defendant has moved to compel complete and responsive answers to Question 46, explaining that certain Plaintiffs in the above-captioned cases provided general categories of damages but failed to provide a monetary estimate of the damages they seek. Additionally, according to Defendant, other Plaintiffs stated they were seeking damages generally, without specifying the categories of damages sought or any type of monetary estimate of the damages sought. And, Defendant further describes that, in patterned responses, Plaintiffs stated that such issues (*i.e.*, the identification of categories of damages and a monetary estimate of damages) are for experts and/or the jury to decide. The Court's review of Defendant's *in camera* submission confirms Defendant's representations. Moreover, Plaintiffs do not dispute Defendant's characterization of the substance of their responses to Question 46. To the contrary, Plaintiffs highlight the following group answers as subject to Defendant's challenges:

> "I am claiming damages because of the effect on my health, my education, and my salary and life. I don't know what the estimation is yet but I'm working with my attorneys. The final amount will be decided by a jury at trial and with an expert's calculation." (*Snyder-Hill*)
>
> "I'm claiming damages for the harm done to my health, my education, my career, and my life. The amount of damages will be determined by a jury at trial and through an expert's calculation." (*Snyder-Hill*)
>
> "Damages to be determined at trial/through expert testimony. The abuse has impacted me in every aspect of my life. Please see answers to questions 28, 29, 37 and 38." (*Snyder-Hill*)

4

"Damages to be determined at trial/through expert testimony. Please refer to questions 28, 29, 37, and 38." (*Snyder-Hill*)

"A detailed list of my damages will be provided once discovery is completed and experts are retained." (*Knight*)

"Plaintiff will supplement this response after expert disclosure" followed by a list of damage categories the plaintiff is seeking. (*Gonzales*). For example, one plaintiff listed these categories in response to Question 46: past mental and psychological, past physical injury, past physical pain and suffering, past medical expenses, past tuition, room, and board, past loss of earnings and earning capacity, future loss of earnings, future loss of earning capacity, past and future loss of enjoyment of life, future physical injury and future medical expenses, future mental and psychological anguish.

"Objection. Non-economic damages are to be determined based on a negotiated settlement or an amount a jury reasonably determines after consideration of the evidence. Without waiving this objection, and while reserving the right to amend our answer, [JOHN DOE] claims in excess of [$ sum] in non-economic damages. [JOHN DOE] will provide an economic damage amount after consultation with an expert and after additional discovery." (*John Doe 162*)

## II.

There is no need to belabor it. Plaintiffs' answers are deficient for the precise reasons cited by Defendant. For ease of reference, the Court provides the following summary:

- The Court adopted the bellwether approach urged by Plaintiffs. Damages information is crucial in informing the parties' bellwether selections. The Court confirmed that importance in its crafting of Question 46.

- The estimates of damages by category that Plaintiffs are required to provide, at this time, in connection with the Fact Sheets, are ***economic***

5

damages.[2] Plaintiffs themselves recognize that economic damages are subject to calculation. (ECF No. 67 in Case No. 2:23-cv-2993 at 6.) Plaintiffs' arguments regarding "vague categories of damages" are wholly irrelevant.

- Plaintiffs' stated intention to use an expert for their "exact computation of damages" has no bearing here. Such precision is not required under the plain text of Question 46. Rather, at this stage, each Plaintiff is required to provide the approximate amount of damages they are claiming for each type of damages being pursued. Thus, to the extent Plaintiffs have damages information, "'including an estimation of their damages, documents on which their damages computations will be based, or a general computation methodology—that information is subject to disclosure.'" *Sinomax USA, Inc. v. Am. Signature Inc.*, No. 2:21-CV-3925, 2022 WL 1301683, at *4 (S.D. Ohio May 2, 2022) (quoting *Jake's Fireworks, Inc. v. Sky Thunder, LLC*, No. 16-CV-2475-JAR-GLR, 2017 WL 4037705, at *3 (D. Kan. Sept. 13, 2017).

- Plaintiff cannot place the burden on Defendant to assign a value to their claims. Rule 26(a)(1) requires, among other things, that any party who requests damages must make an initial disclosure of "a computation of each category of damages claimed" and must make available to the opposing party "the documents or other evidentiary material ... on which each computation is based ...." *Fraker v. Marysville Exempted Vill. Sch.*, No. 2:08-CV-58, 2009 WL 414364, at *1 (S.D. Ohio Feb. 13, 2009).

- Defendant has been prejudiced in its ability to adequately undertake its bellwether case selection process by Plaintiffs' deficient responses to Question 46. Plaintiffs' damages calculations are necessary to Defendant's risk exposure assessment. *Safelite Grp., Inc. v. Lockridge*, No. 2:21-CV-04558, 2023 WL 2692344, at *4 (S.D. Ohio Mar. 29, 2023).

---

[2] The parties have been directed to brief the issue of the availability of emotional distress damages in light of the Supreme Court's decision in *Cummings v. Premier Rehab Keller, PLLC*, 596 U. S. 212 (2022) and the Sixth Circuit's later decision in *S. C. v. Metro. Gov't of Nashville*, 86 F. 4th 707 (6th Cir.2023). *See* Case Management Order No. 3 dated July 1, 2024.

6

One final point raised by Defendant bears separate note. Without question, Plaintiffs should be able to make a good faith estimate of economic damages and methods of calculations. It simply cannot be overstated that, during the pendency of these cases alone, Plaintiffs and their counsel have had a significant amount of time —indeed multiple years—to assemble the information necessary to estimate these damages. Accordingly, the Court remains unmoved by Plaintiffs' continued attempts to disregard this reality. The Court rejected such an attempt in crafting the language of Question 46, and it does so again here. As always, the Court recognizes that amendment to any good faith estimates may be necessary as discovery progresses and Plaintiffs' cases otherwise evolve. Nothing in this Order should be read as suggesting otherwise. At this point, however, Plaintiffs have chosen to move forward with litigation, and their corresponding obligations are not subject to their picking and choosing.

### III.

For the reasons stated above, Defendant's Motion to Compel (ECF No. 37 in Case No. 2:23-cv-2991; ECF No. 62 in Case No. 2:23-cv-2993; ECF No. 41 in Case No. 2:23-cv-2994; and ECF No. 56 in Case No. 2:23-cv-3051) is **GRANTED**. Plaintiffs are **DIRECTED** to supplement their responses to Question 46 by **September 27, 2024**, to provide complete and responsive answers, including an estimate of the amount of damages they are claiming, broken down

by category. Failure to submit a response could result in that Plaintiff's claims being dismissed for failure to prosecute.

The deadline for the parties' bellwether discovery case selection process, currently set for September 3, 2024, is extended. That deadline, and additional deadlines as necessary, will be reset upon the parties' certification to the Court that all outstanding fact sheet deficiencies have been corrected.

IT IS SO ORDERED.

Date: August 30, 2024

_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT

_____
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE