THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STEVE SNYDER-HILL, et al., | |
| Plaintiffs, | Case No. 2:23-cv-02993 |
| v. | Judge Michael H. Watson |
| THE OHIO STATE UNIVERSITY, | Magistrate Judge Elizabeth P. Deavers |
| Defendant. | |

## NOTICE

Counsel for Plaintiffs in the above-captioned matter writes to provide notice to the Court and parties of the following events.

Yesterday, the Plaintiffs in the five related litigations against OSU regarding abuse by Dr. Strauss jointly deposed Andy Geiger, a former director of athletics at OSU. The deposition took place in Washington State, where Mr. Geiger currently lives, and some of the counsel for the parties appeared by Zoom. The Protective Order operative in this case and the related cases requires that deposition testimony remain presumed confidential for 14 days after receipt of the transcript, in order to give the parties an opportunity to determine whether to assert confidentiality as to any part of the deposition. ECF No. 25 ¶ 5(c) (Protective Order Entered by Court). Though parties are presumptively entitled to attend depositions, *see Hines v. Wilkinson*, 163 F.R.D. 262, 265-66 (S.D. Ohio 1995), in order to ensure that the depositions remain confidential during that initial period, Plaintiffs' counsel in the related litigations decided collectively not to share any link to the Zoom session with any client directly, but instead to require any client who wished to attend a deposition remotely to do so within the physical offices of counsel.

1

Yesterday, during a late afternoon break in Mr. Geiger's deposition, Defendant's counsel informed us that a story relying on unnamed sources had appeared on NBC News in Columbus, purporting to describe part of Mr. Geiger's testimony. When Plaintiffs' counsel learned of this, Mr. Ratliff, counsel for the Plaintiffs in *Knight v. The Ohio State University*, Case No. 2:23-cv-2994 (S.D. Ohio), contacted the news station and requested the story immediately be removed, which we understand took place promptly.

We believe we have now determined what happened. One of our clients observed the deposition in counsel's office over Zoom. During the deposition, and unbeknownst to counsel, that client informed one of our other clients as to Mr. Geiger's purported testimony during the deposition. In response to inquiries from NBC News, both of those clients shared information about Mr. Geiger's purported testimony with NBC News. This plainly should never have happened. It is unacceptable. We apologize to the Court, to counsel, and to the parties.[1]

This error plainly requires a remedy. Balancing the rights of parties to attend depositions with the paramount interest in ensuring the Court's Protective Order is followed, we propose that (1) no client be permitted to witness any future deposition by video/Zoom, even if they are physically present in a lawyer's office, (2) any client who attends a deposition in person be required to sign the Protective Order before the deposition begins, and (3) though permitted by the Protective Order, clients watching depositions must agree, in writing, that they will not discuss deposition testimony with other clients who are not watching the deposition, until informed by

---

[1] Without disclosing specific attorney-client communications, we can say as a general matter that whenever a case involves a protective order, we as counsel inform our clients that they must comply with that order.

their attorney what portions of the deposition have been not designated confidential and are publicly available discovery.[2]

We again apologize to the Court and to the parties and we can assure the Court this will not happen again.

Dated: July 17, 2025

                Respectfully submitted,

                EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

                By: /s/ Ilann M. Maazel
                Ilann M. Maazel (admitted *pro hac vice*)
                Debra L. Greenberger (admitted *pro hac vice*)
                Sonya Levitova (admitted *pro hac vice*)
                Hannah Brudney (admitted *pro hac vice*)
                One Rockefeller Plaza, 8th Floor
                New York, New York 10020
                Phone: (212) 763-5000
                Fax: (212) 763-5001
                E-Mail: imaazel@ecbawm.com
                E-Mail: dgreenberger@ecbawm.com
                E-Mail: slevitova@ecbawm.com
                E-Mail: hbrudney@ecbawm.com

                SCOTT ELLIOTT SMITH, LPA
                Scott E. Smith (0003749)
                2727 Tuller Pkwy, Suite 140
                Dublin, Ohio 43017
                Phone: (614) 846-1700
                Fax: (614) 486-4987
                E-Mail:ses@sestriallaw.com

                PUBLIC JUSTICE
                Adele P. Kimmel (admitted *pro hac vice*)
                Alexandra Z. Brodsky (admitted *pro hac vice*)
                1620 L Street, NW, Suite
                630 Washington, DC 20036

---

[2] We are confident that, after the waiting period, nothing in the deposition could actually in good faith be designated confidential. For example, no names of any John Doe survivor was mentioned and no confidential information in any document was discussed.

Phone: (202) 797-8600
Fax: (202) 232-7203
E-mail: akimmel@publicjustice.net
E-mail: abrodsky@publicjustice.net

*Attorneys for* Snyder-Hill *Plaintiffs*