# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JOHN DOE 162, et al., | |
| Plaintiffs, | Case No. 2:23-cv-02991 |
| v. | Judge Michael H. Watson |
| THE OHIO STATE UNIVERSITY, | Magistrate Judge Elizabeth P. Deavers |
| Defendant. | |
| STEVE SNYDER-HILL, et al., | |
| Plaintiffs, | Case No. 2:23-cv-02993 |
| v. | Judge Michael H. Watson |
| THE OHIO STATE UNIVERSITY, | Magistrate Judge Elizabeth P. Deavers |
| Defendant. | |
| WILLIAM KNIGHT, et al., | |
| Plaintiffs, | Case No. 2:23-cv-02994 |
| v. | Judge Michael H. Watson |
| THE OHIO STATE UNIVERSITY, | Magistrate Judge Elizabeth P. Deavers |
| Defendant. | |
| STEVE GRESOCK, | |
| Plaintiff, | Case No. 2:23-cv-2996 |
| v. | Judge Michael H. Watson |
| THE OHIO STATE UNIVERSITY, | Magistrate Judge Elizabeth P. Deavers |
| Defendant. | |

| | |
|---|---|
| EDWARD GONZALES, et al., <br><br> Plaintiffs, <br> v. <br><br> THE OHIO STATE UNIVERSITY, <br><br> Defendant. | Case No. 2:23-cv-3051 <br><br> Judge Michael H. Watson <br><br> Magistrate Judge Elizabeth P. Deavers |

**PLAINTIFFS' MOTION TO COMPEL DOCUMENTS AND INFORMATION FROM DEFENDANT RELATED TO THE PERKINS COIE INVESTIGATION AND REPORT**

Plaintiffs submit this memorandum in support of their motion to compel the production of information and documents in Defendant's custody and control related to the Perkins Coie investigation.

## PRELIMINARY STATEMENT

The Perkins Coie Report is a sweeping, comprehensive, and damning account of how Ohio State not only knew about Dr. Richard Strauss's serial sexual abuse but concealed and facilitated that abuse for decades. Given the Report's findings, Plaintiffs have sought further information from Ohio State about the retention of Perkins Coie, Ohio State's role in the investigation, and Ohio State's communications about the investigation and Report. Ohio State has refused.

Its refusal stands in stark contrast to Plaintiffs' productions—and contradicts Ohio State's own claims of transparency vis-à-vis the investigation and Report. In the six months since discovery opened, Plaintiffs have produced to Ohio State thousands of pages of relevant and non-privileged contemporary emails, texts, and social media posts by Discovery Plaintiffs, as well as electronic communications with members of the press—in addition to the ongoing production of Plaintiffs' employment and medical records.

On the other hand, Ohio State's productions have consisted almost exclusively of historical or publicly available documents. Excepting a recently produced set of communications with the press, Ohio State has stonewalled, failing to produce *any* non-public emails, texts, or other electronic communications, whether internal to the university or between Ohio State employees and external parties—even though the parties negotiated an ESI protocol, and even though Ohio State possesses plainly responsive and non-privileged electronic communications relevant to core issues in the litigation. This asymmetry is indefensible. The Court should order Ohio State to produce the documents and information Plaintiffs seek about Perkins Coie's investigation and the Report.

## BACKGROUND

On April 16, 2025, over six months ago, Plaintiffs served their first joint requests for production and interrogatories on Defendant The Ohio State University. Of those requests, Plaintiffs' Requests for Production Nos. 1-3, 7, 10-15, and 26-29, as well as Interrogatories Nos. 18-21 (collectively, "the Perkins Coie Requests"), are at issue in this motion. The Perkins Coie Requests requested certain information and documents from Ohio State about:

(1) Ohio State's role in the investigation, specifically collecting, reviewing, and providing documents to Perkins Coie (Interrogatories Nos. 18-21, Requests for Production Nos. 26-29);

(2) Ohio State's documents and communications (both internally at Ohio State and with external parties, including Perkins Coie) about and/or underlying the investigation, public-facing communications about the investigation, or Dr. Strauss (Requests for Production Nos. 1, 3, 7, 10-15); and

(3) Perkins Coie's retention (Request for Production No. 2).[1]

Ohio State objected to many of these requests completely and refused to respond or produce any responsive documents; in response to some requests, Ohio State produced a very limited set of responsive documents, or directed Plaintiffs to the entirety of its production. Ohio State claims the information and documents sought are not relevant or discoverable, and that some may be protected by the attorney-client and/or work product privileges.

The parties conferred in good faith as to the Perkins Coie Requests multiple times over the next three months, both by phone and by written correspondence.[2] *See* Fed. R. Civ. P. 37(a)(1); S.D. Ohio Civ. R. 37.1. Then, in August 2025, Ohio State informed Plaintiffs that it would not confer further about the Perkins Coie Requests until all Plaintiffs' groups had responded about

---

[1] Plaintiffs' first joint requests for production and interrogatories and Ohio State's responses and objections thereto are attached to this memorandum as Exhibit A.

[2] The parties conferred by phone on June 12, 2025, then exchanged further correspondence over the course of July and August 2025.

asserted deficiencies in *Plaintiffs'* respective discovery productions and responses, and that the parties should instead bring all discovery disputes to the Court at one time. Given that disputes arise regularly in the course of discovery, and the parties had exchanged positions in full about the Perkins Coie Requests, Plaintiffs informed Ohio State that Plaintiffs planned to seek the Court's assistance pursuant to the Court's June 18, 2025 instruction. *See* ECF No. 113 at PageID 1446-47.[3]

Plaintiffs contacted the Court via email on September 5, 2025, describing the dispute and requesting the Court's assistance. Ohio State did not respond until October 6, 2025—only after having been prompted by the Court to do so—and Plaintiffs replied to Ohio State's opposition via email on October 10, 2025. On October 16, 2025, the Court ordered Plaintiffs to "raise their issues by way of a motion to compel." ECF No. 133 at PageID 2388. This motion followed.

## **STANDARD**

Per Rule 37, "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection" if a party fails to provide discovery responses. Fed. R. Civ. P. 37(a)(3)(B). The party moving to compel discovery "bears the initial burden of proving that the information sought is relevant." *O'Malley v. NaphCare Inc.*, 311 F.R.D. 461, 463 (S.D. Ohio 2015) (quoting *Hendricks v. Hazzard*, No. 2:11-cv-399, 2013 WL 4052873, at *3 (S.D. Ohio Aug. 12, 2013) (internal citation omitted)). "If she makes such a showing, then the burden shifts to the non-movant to show that to produce the information would be unduly burdensome," *Prado v. Thomas*, No. 3:16-cv-306, 2017 WL 5151377, at *1 (S.D. Ohio Oct. 19, 2017) (citing *O'Malley*, 311 F.R.D. at 463), or that the information is privileged, *see, e.g.*, *Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 303 (S.D. Ohio 2010); *see also In re Grand Jury Investigation No. 83-2-35*, 723 F.2d

---

[3] All citations to "ECF No. __" refer to entries on the *Snyder-Hill* docket, Case No. 2:23-cv-2993. Citations to other case filings are denoted with those cases' index numbers.

3

447, 450 (6th Cir. 1983) ("The burden of establishing the existence of the privilege rests with the person asserting it.").

## ARGUMENT

The circumstances are straightforward. Through the Perkins Coie Requests, Plaintiffs seek relevant documents and information about the Perkins Coie Report within Ohio State's custody. Ohio State's wholesale privilege- and burden-based objections to producing these documents and information are meritless. Plaintiffs' motion should be granted.

**I.      The documents Plaintiffs seek are relevant.**

The Perkins Coie Requests seek documents and information plainly relevant to this action. The "scope of discovery permitted by caselaw and the Federal Rules is extremely broad." *In re FirstEnergy Corp. Sec. Litig.*, 751 F. Supp. 3d 853, 860 (S.D. Ohio 2024). Parties may obtain discovery as to "any nonprivileged matter that is relevant to any party's claim or defense" and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

"Relevance is construed very broadly for discovery purposes." *A.W. v. Red Roof Inns, Inc.*, No. 2:21-cv-4934, 2025 WL 227160, at *2 (S.D. Ohio Jan. 17, 2025) (Preston Deavers, M.J.) (quoting *Doe v. Ohio State Univ.*, No. 2:16-cv-171, 2018 WL 1373868, at *2 (S.D. Ohio Mar. 19, 2018)). The discoverability standard is not difficult to satisfy: "the information sought must have more than minimal relevance to the claims or defenses," and the information must be more than "negligibly relevant [or] minimally important in resolving the issues." *Doe*, 2018 WL 1373868, at *2 (citations omitted); *see Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) ("[D]iscovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues.").

The Perkins Coie investigation and Report are core to this litigation and Plaintiffs' claims. The Report, based on Perkins Coie's multi-year and multi-million-dollar investigation, makes

4

detailed findings about the extent of Dr. Strauss's abuse and about Ohio State's knowledge of and inaction toward that abuse, on a department-specific basis. Since the beginning, Plaintiffs have maintained that Perkins Coie's findings confirm Ohio State's deliberate indifference under Title IX. *See, e.g.*, ECF No. 1 ¶¶ 1-25; 23-cv-3051 ECF No. 1 ¶ 11.

Given the Perkins Coie investigation's relevance to the core issues in this case, Plaintiffs seek information about the Report's creation and underlying investigation, including information about how closely Ohio State worked with Perkins Coie, Ohio State's oversight and decision-making into the document compilation, which documents were relied upon by Perkins Coie, and what Ohio State's own communications say about the Report and investigation.

This information and these documents bear on whether Perkins Coie should be considered Ohio State's agent for purposes of hearsay exceptions and on the Perkins Coie Report's reliability, which the Court is likely to consider later in this litigation when the Report's admissibility is a live issue.[4] ECF No. 45 at PageID 1828. Likewise, Ohio State's own communications about the investigation and Report may well be relevant party admissions as to the Report's reliability and conclusions about the extent of Dr. Strauss's abuse and about Ohio State's knowledge of and inaction toward that abuse.

## II. Ohio State has no legitimate basis to withhold information or documents responsive to the Perkins Coie Requests.

Because the documents and information Plaintiffs seek are relevant, Ohio State must justify its refusal to produce them. It offers three unpersuasive reasons. First, Ohio State claims that Plaintiffs already have what they seek. Second, Ohio State asserts that it would be unduly

---

[4] The Court has neither resolved the merits of Plaintiffs' motion *in limine* nor adopted either party's position with respect to the Perkins Coie Report's admissibility. *See* ECF Nos. 26, 34.

burdensome to produce responsive documents. And third, Ohio State makes a generic claim of attorney-client privilege and the work product doctrine. All are unavailing.

      **A.**     **The documents Plaintiffs seek are solely within Ohio State's custody and control.**

The requests at issue seek information that is only in the hands of Ohio State and has not previously been produced to Plaintiffs. The Perkins Coie Requests do not seek publicly available documents or the historical documents that Ohio State supplied to Perkins Coie in the course of the investigation. Rather, as Plaintiffs have explained repeatedly, the Perkins Coie Requests seek information about what actions Ohio State took to coordinate and follow Perkins Coie's progress, how the university compiled the documents relied upon by Perkins Coie, and how it came to retain Perkins Coie. Plaintiffs also seek Ohio State's own internal communications about the investigation and Report. Plaintiffs did not seek this information from Perkins Coie, it has not been produced by Perkins Coie, and it is unlikely to be in Perkins Coie's possession.[5] "[T]here is no substitute for this information, which is solely in [Ohio State's] possession." *Am. Mun. Power, Inc. v. Voith Hydro, Inc.*, No. 2:17-cv-708, 2019 WL 6251339, at *13 (S.D. Ohio Nov. 22, 2019) (Preston Deavers, M.J.).

      **B.**     **Producing information responsive to the Perkins Coie Requests is not unduly burdensome.**

With little explanation, Ohio State has objected to the Perkins Coie Requests on the grounds that they are unduly burdensome. As the party claiming undue burden or expense, Ohio State "has far better information—perhaps the only information—with respect to" the burden it

---

[5] Plaintiffs' subpoena for records from Perkins Coie ultimately sought four discrete categories of documents in Perkins Coie's possession, none of which were in Ohio State's custody or control: "(1) the identity of OSU witnesses described in Perkins Coie's Report; (2) Perkins Coie's notes of communications with those witnesses; (3) [Perkins Coie's] written communications with non-survivor OSU witnesses; and (4) OSU records which Perkins Coie uploaded into its electronic discovery database." 2:19-mc-38 ECF No. 76 at PageID 459.

claims the Perkins Coie Requests create. Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment. But Ohio State has provided Plaintiffs with no specific information at all about what the undue burden of responding might be, despite the fact that, "[i]n the Sixth Circuit, district courts have generally found that the non-movant must demonstrate *with specificity* that a discovery request is unduly burdensome[.]" *Fanty v. Greater Dayton Premier Mgmt.*, No. 3:23-cv-298, 2025 WL 1207667, at *2 (S.D. Ohio Apr. 25, 2025) (Preston Deavers, M.J.) (emphasis added) (collecting cases). Nor has Ohio State "proposed alternative methods of discovery enabling some lesser degree of production, such as limiting the search to certain offices or files." *Siriano v. Goodman Mfg. Co., L.P.*, No. 2:14-cv-1131, 2015 WL 8259548, at *6 (S.D. Ohio Dec. 9, 2015). There is no evidence that the Perkins Coie Requests create an undue burden on Ohio State.

Even if Ohio State faced some burden in producing information responsive to Plaintiffs' requests, that burden does not justify its refusal to respond. When Rule 26 was amended in 2015, the advisory committee explained:

> Some cases involve what often is called "information asymmetry." One party—often an individual plaintiff—may have very little discoverable information. The other party may have vast amounts of information, including information that can be readily retrieved and information that is more difficult to retrieve. In practice these circumstances often mean that the burden of responding to discovery lies heavier on the party who has more information, and properly so.

Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

This is such a case. As described above, only Ohio State has information about what actions it took to coordinate and follow Perkins Coie's progress during the investigation, how it compiled the documents relied upon by Perkins Coie, and how it came to retain Perkins Coie. And only Ohio State has its own internal communications about the investigation and Report. Any burden the university faces in responding to the Perkins Coie Requests is proper; Ohio State does not lack institutional resources to collect the information Plaintiffs request. In 2022, the university had an

7

operating budget of almost $8 billion and over 41,000 staff and student employees,[6] and those numbers have only increased.[7] "The Sixth Circuit . . . has held that limiting the scope of discovery is appropriate when compliance 'would prove *unduly* burdensome,' not merely expensive or time-consuming." *Siriano v. Goodman Mfg. Co., L.P.*, No. 2:14-cv-1131, 2015 WL 8259548, at *6 (S.D. Ohio Dec. 9, 2015) (Preston Deavers, M.J.) (quoting *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)) (emphasis added in *Siriano*).

### C. Neither the attorney-client privilege nor work product doctrine applies.

Ohio State's sweeping invocation of attorney-client privilege and work product doctrine in response to the Perkins Coie Requests is both improper and baseless. *See Shields v. Unum Provident Corp.*, No. 2:05cv0744, 2007 WL 764298, at *9 (S.D. Ohio Mar. 9, 2007) ("The party invoking the [work product] protection must also describe in detail the documents or information sought to be protected and provide 'precise reasons' for the objection to discovery." (citation omitted)). "None of Defendant's responses describe a specific document being withheld or redacted, nor do any of the responses provide detail sufficient for any party to assess a claim of privilege." *Casale v. Nationwide Children's Hosp.*, No. 2:11-cv-1124, 2013 WL 12203243, at *3 (S.D. Ohio Sept. 13, 2013) (Watson, J.).

The Court has already found that "OSU had a business-related purpose for commissioning the Strauss Investigation and the corresponding Report supported by its underlying documents," and that the work product doctrine does not automatically apply to shield all documents generated in the course of Perkins Coie's investigation. 2:19-mc-38 ECF No. 89 at PageID 564. The Court

---

[6] The Ohio State Univ. Enter. for Research, Innovation & Knowledge, *The Ohio State University's Economic Impact*, https://erik.osu.edu/economic-impact (last visited Oct. 24, 2025).

[7] *See* The Ohio State Univ. Off. of Bus. & Fin., *University Operating Budget*, https://busfin.osu.edu/university-business/financial-planning-analysis/university-operating-budget (last visited Oct. 24, 2025).

8

has also found that Porter Wright did not undertake the investigation in conjunction with providing legal services to Ohio State, so the attorney-client privilege does not automatically shield all such documents either. *See id.* at PageID 571. This Court found that documents and communications generated in furtherance of the Perkins Coie investigation—whether by Ohio State employees or otherwise—were created for an investigation that "would have been undertaken in the same manner regardless of litigation." 2:19-mc-38 ECF No. 89 at PageID 566; *see id.* at PageID 566-68 (describing the concerns Ohio State had "about its public perception as a major University capable of ensuring the safety of its students" that motivated its commissioning of the Report). Accordingly, the Court found, the Sixth Circuit's standard for work product protection did not apply wholesale—and in fact did not apply at all to documents not "prepared or obtained *because of* the prospect of litigation." *United States v. Roxworthy*, 457 F.3d 590, 593 (6th Cir. 2006) (quoting *United States v. Aldman*, 134 F.3d 1194, 1202 (2d Cir. 1998)).

In the parties' pre-motion letters, Ohio State attempted to draw a distinction between documents generated by Perkins Coie and Ohio State during the investigation, characterizing Ohio State-generated documents as "work-product." To the extent that Ohio State made efforts during Perkins Coie's investigation to "review, analyze, and compile documents internally," it has offered no support for the idea that because the *university* generated documents and communications in the course of a non-privileged investigation, rather than Perkins Coie, those documents and communications are somehow privileged as a result. And even if Ohio State counsel were somehow involved in the investigation, "[t]he mere fact that a document was prepared by an attorney does not necessarily lead to the characterization of that document as work product." *Shah v. Metro. Life Ins. Co.*, No. 16-cv-1124, 2017 WL 5712562, at *3 (S.D. Ohio Nov. 27, 2017) (quoting *Guy v. United Healthcare Corp.*, 154 F.R.D. 172, 181 (S.D. Ohio 1993)). For similar reasons, Ohio State's sweeping invocation of attorney-client privilege does not shield all internal

9

documents and communications generated during the investigation either.

Having failed to carry its burden of establishing the applicability of either the attorney-client privilege or the work product doctrine, Ohio State is not entitled to the protection of either. *See Allied Irish Banks v. Bank of Am., N.A.*, 240 F.R.D. 96 (S.D.N.Y. 2007) (granting defendants' motion to compel production of documents generated during the preparation of a report commissioned by plaintiff over plaintiff's attorney-client privilege and work product doctrine objections). To the extent Ohio State nonetheless has appropriate and limited privilege assertions, Ohio State should be ordered to produce a privilege log to facilitate resolution of this dispute. *See* ECF No. 126 at PageID 2347.[8]

\* \* \*

The parties are currently setting dates in January and February 2026 for the depositions of critical witnesses who will likely be questioned about documents responsive to the Perkins Coie Requests. We respectfully request that the Court resolve this dispute at the earliest opportunity so that, if Plaintiffs' motion is granted, Plaintiffs can obtain the documents they have long sought in advance of the scheduled depositions. In light of the parties' prolonged, unsuccessful efforts to confer on this issue, the relevance of responsive documents, and Ohio State's failure to establish either undue burden or the applicability of attorney-client privilege and work product doctrine, Plaintiffs' motion should be granted.

---

[8] The Court issued a similar order in resolving Perkins Coie's motion to quash Plaintiffs' subpoena, requiring Perkins Coie to produce a privilege log for any responsive documents withheld on the basis of attorney-client privilege. 2:19-mc-38 ECF No. 89 at PageID 579. In the parties' pre-motion submissions to the Court, Ohio State cited the Court-ordered default ESI protocol as obviating the need for a privilege log. But nothing in the ESI protocol limits the Court's power to order a privilege log as necessary. "District courts have broad leeway over the discovery process." *Helena Agri-Enters., LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 272 (6th Cir. 2021).

Dated: October 30, 2025

Respectfully submitted,

/s/ *Sonya Levitova*

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Ilann M. Maazel (admitted pro hac vice)
Debra L. Greenberger (admitted pro hac vice)
Sonya Levitova (admitted pro hac vice)
Hannah Brudney (admitted pro hac vice)
One Rockefeller Plaza, 8th Floor
New York, New York 10020
Phone: (212) 763-5000
Fax: (212) 763-5001
E-Mail: imaazel@ecbawm.com
E-Mail: dgreenberger@ecbawm.com
E-Mail: slevitova@ecbawm.com
E-Mail: hbrudney@ecbawm.com

SCOTT ELLIOTT SMITH, LPA
Scott E. Smith (0003749)
2727 Tuller Pkwy, Suite 140
Dublin, OH 43017
Phone: (614) 846-1700
Fax: (614) 486-4987
E-Mail: ses@sestriallaw.com

Adele P. Kimmel (admitted pro hac vice)
Alexandra Brodsky (admitted pro hac vice)
PUBLIC JUSTICE, P.C.
1620 L Street, NW, Suite 630
Washington, DC 20036
Phone: (202) 797-8600
Fax: (202) 232-7203
E-mail: akimmel@publicjustice.net

Counsel for the *Snyder-Hill* Plaintiffs (*Snyder-Hill, et al.*, Case No. 2:23-cv-02993)

Rex A. Sharp
Sarah T. Bradshaw
Nathan A. Kakazu
SHARP LAW, LLP
4820 W. 75th Street
Prairie Village, KS 66208
Phone : (913) 901-0505
Fax : (913) 261-7564
rsharp@midwest-law.com

sbradshaw@midwest-law.com
nkakazu@midwest-law.com

Simina Vourlis (0046689) (Trial Attorney)
The Law Offices of Simina Vourlis
856 Pullman Way
Columbus, OH 43212-3860
Phone: (614) 487-5900
Fax: (614) 487-5901
Email: svourlis@vourlislaw.com

Stephen Estey
ESTEY & BOMBERGER LLP
2869 India Street
San Diego, CA 92103
Phone: 619-295-0035
Fax: 619-295-0172
steve@estey-bomberger.com

Daniel R. Karon
KARON LLC
700 W. St. Clair Ave., Suite 200
Cleveland, OH 44113
Phone: 216.622.1851
dkaron@karonllc.com

Joseph Sauder
SAUDER SCHELKOPF LLC
555 Lancaster Avenue
Berwyn, PA 19312
Phone: (610) 200-0580
Fax: (610) 421-1326
jgs@sstriallawyers.com

Counsel for the *Gonzales* Plaintiffs (*Gonzales, et al.*, Case No. 2:23-cv-3051)

J.C. Ratliff (0027898)
Rocky Ratliff (0089781)
200 West Center Street
Marion, Ohio 43302
Telephone: 740.383.6023
Facsimile: 740.383.2066
attorney.ratliff@gmail.com
attorneyrockyratliff@gmail.com

Counsel for the *Knight* Plaintiffs (*Knight, et al.*, Case No. 2:23-cv-02994)

12

LAW OFFICES OF JOHN C. CAMILLUS, LLC
John C. Camillus (0077435) (Trial Attorney)
P.O. Box 141410
Columbus, Ohio 43214
(614) 992-1000
(614) 559-6731 (facsimile)
E-mail: jcamillus@camilluslaw.com

MEISTER SELIG & FEIN LLP
Mitchell Schuster, Esq. (admitted pro hac vice)
Benjamin D. Bianco, Esq. (admitted pro hac vice)
Michael P. Regan (admitted pro hac vice)
Mitchell Schuster (admitted pro hac vice)
125 Park Avenue, 7th Floor
New York, New York 10017
(212) 655-3500
(646) 564-4804 (facsimile)
E-mail: bdb@msf-law.com
E-mail: mpr@msf-law.com
E-mail: ms@msf-law.com

Counsel for Plaintiff in *Gresock*, Case No. 2:23-cv-02996

WRIGHT & SCHULTE, LLC
Richard W. Schulte (0066031) (Trial Attorney)
Stephen D. Behnke (0072805)
Jacob A. Gebelle (0093528)
865 S. Dixie Dr.
Vandalia, OH 45377
(937) 435-7500
(937) 435-7511 facsimile
rschulte@yourlegalhelp.com
sbehnke@yourlegalhelp.com
jgebelle@yourlegalhelp.com

WRIGHT & SCHULTE, LLC
Michael L Wright (0067698)
130 W. Second Street, Suite 1600
Dayton, OH 45402
(937) 222-7477
(937) 222-7911 facsimile
mwright@yourlegalhelp.com

WRIGHT & SCHULTE, LLC
Dennis P Mulvihill (0063896)
23139 Chagrin Blvd., Suite 620
Cleveland, OH 44022

13

(216) 591-0132
(216) 591-0622 facsimile
dmulvihill@yourlegalhelp.com

Counsel for Plaintiffs in *John Doe 162, et al.*, Case No. 2:23-cv-02991

**RULE 37(A)(1) CERTIFICATION**

  I, Sonya Levitova, hereby certify that I conferred in good faith with Defendant by telephone on June 12, 2025, then via correspondence during the course of July and August 2025, regarding the outstanding discovery set forth above and was unable to obtain said discovery without court action.

Dated: October 30, 2025      /s/ *Sonya Levitova*
                Sonya Levitova

                Counsel for the *Snyder-Hill* Plaintiffs
                (*Snyder-Hill, et al.*, Case No. 2:23-cv-2993)

## **CERTIFICATE OF SERVICE**

      I certify that a copy of the foregoing was filed electronically on October 30, 2025. Notice was sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel. The parties may access this filing through the Court's ECF system.

      /s/ *Sonya Levitova*

      Sonya Levitova

      Counsel for the *Snyder-Hill* Plaintiffs
(*Snyder-Hill, et al*., Case No. 2:23-cv-2993)