# Exhibit A

**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN DOE 162, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2:23-cv-02991 |
| | ) | |
| v. | ) | Judge Michael H. Watson |
| | ) | |
| THE OHIO STATE UNIVERSITY, | ) | Magistrate Judge Elizabeth P. Deavers |
| | ) | |
| Defendant. | ) | |
| | ) | |
| STEVE SNYDER-HILL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2:23-cv-02993 |
| | ) | |
| v. | ) | Judge Michael H. Watson |
| | ) | |
| THE OHIO STATE UNIVERSITY, | ) | Magistrate Judge Elizabeth P. Deavers |
| | ) | |
| Defendant. | ) | |
| | ) | |
| WILLIAM KNIGHT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2:23-cv-02994 |
| | ) | |
| v. | ) | Judge Michael H. Watson |
| | ) | |
| THE OHIO STATE UNIVERSITY, | ) | Magistrate Judge Elizabeth P. Deavers |
| | ) | |
| Defendant. | ) | |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2:23-cv-02996 |
| | ) | |
| v. | ) | Judge Michael H. Watson |
| | ) | |
| THE OHIO STATE UNIVERSITY, | ) | Magistrate Judge Elizabeth P. Deavers |
| | ) | |

|                            |     |                                         |
| -------------------------- | --- | --------------------------------------- |
| Defendant.                 | )   |                                         |
|                            | )   |                                         |
| ————————————————           | )   |                                         |
|                            | )   |                                         |
| EDWARD GONZALES, et al.,   | )   |                                         |
|                            | )   |                                         |
| Plaintiffs,                | )   | Case No. 2:23-cv-3051                   |
|                            | )   |                                         |
| v.                         | )   | Judge Michael H. Watson                 |
|                            | )   |                                         |
| THE OHIO STATE UNIVERSITY, | )   | Magistrate Judge Elizabeth P. Deavers   |
|                            | )   |                                         |
| Defendant.                 | )   |                                         |
| ————————————————           | )   |                                         |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT THE OHIO STATE UNIVERSITY**

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 36, and any corresponding provisions of the Local Civil Rules of the United States District Court for the Southern District of Ohio, Plaintiffs in the five above-captioned actions hereby request that Defendant The Ohio State University, within thirty (30) days, answer under oath the following requests for interrogatories and requests for production of documents and produce for copying and inspection all documents and materials described herein via OneDrive (or other equivalent electronic transfer site) to all Plaintiffs' counsel of record.

**DEFINITIONS**

1.     Plaintiffs: The term "Plaintiffs" means all of the individual Plaintiffs in the five above-captioned actions.

2.     Defendant, OSU, Ohio State, or You: The term "Defendant," "OSU," "Ohio State," or "You" means Defendant The Ohio State University, including both the entity and its employees, agents, and officers.

3.     Parties: The term "Parties" means Plaintiffs and Defendant, collectively.

2

4.      <u>Abuse</u>: The term "Abuse" means the sexual abuse and abusive misconduct perpetrated by Dr. Richard Strauss during his employment at OSU's College of Medicine, School of Public Health, Athletics Department, Student Health Services, and Medical Center and/or University Hospitals, and during his operation of the Men's Clinics of America in Columbus, Ohio. Such sexual abuse and abusive misconduct includes but is not limited to the instances of fondling and rape cited in OSU's 2019 Annual Security Report. *See* Ohio State Univ., *University issues annual crime report* (Oct. 1, 2019), https://news.osu.edu/university-issues-annual-crime-report/. This definition applies whether the abuse was characterized as such or not in responsive communications and/or documents (*e.g.*, references to Dr. Strauss as "Dr. Cough" or "running jokes" about the abuse).

5.      <u>Perkins Coie Report</u> or <u>Report</u>: The term "Perkins Coie Report" or "Report" means the report published on May 15, 2019, as a result of the investigation by Perkins Coie LLP into the sexual abuse committed by Dr. Strauss. *See generally* Caryn Trombino & Markus Funk, Perkins Coie LLP, *Report of the Independent Investigation: Sexual Abuse Committed by Dr. Richard Strauss at The Ohio State University* (May 15, 2019).

6.      <u>Including</u>: The term "including" means including but not limited to.

7.      <u>Requests</u>: The term "requests" means all interrogatories and requests for the production of documents contained herein.

8.      <u>Concerning</u>: The term "concerning" means related to, relating to, consisting of, referring to, pertaining to, concerning, describing, evidencing, substantiating, reflecting, supporting, prepared in connection with, used in preparation for, or being in any way legally or logically connected with the matter discussed.

9. <u>Document</u>: The term "document" shall be given the broadest meaning possible under the Federal Rules of Civil Procedure or other applicable rules. By way of example, but not limitation, "document" means any written, recorded, or graphic material, whether prepared by you or any other person, that is in the possession, custody, or control of Defendant, its agents, representatives, and/or attorneys, including memoranda, reports, letters, telegrams, electronic mail, other electronic correspondence, and any other communications or information recorded in any form or medium; notes, minutes, and transcripts of conferences, meetings, and telephone or other communications; transparencies, slides, handouts, and multimedia presentations; contracts and other agreements; statements, ledgers, and other records of financial matters or commercial transactions; notebooks and diaries; plans and specifications; publications; photographs; diagrams, graphs, charts, cut sheets, shop drawings, floor plans, and other drawings; photocopies, microfilm, and other copies or reproductions; audio and video recordings; tape, disk (including all forms of magnetic, magneto-optical, and optical disks), and other electronic recordings; financial models; statistical models and other data compilations; and computer printouts. The term includes all drafts of a document; the original document (or a copy thereof if the original is not available); and all copies that differ in any way from the original (including as to any notations, underlining, or other markings). The term also includes information stored in, or accessible through, computer or other information retrieval systems, together with instructions and all other materials necessary to use or interpret such data compilations.

10. <u>Communications</u>: The term "communications" refers to any transfer of information, ideas, opinions, or thoughts by any means, at any time or place (whether using an official OSU account, private or personal account, or no account, including without limitation email, text messages, any other online messaging service, social media of any kind, voice mail,

Facebook, Twitter/X, or Instagram) under any circumstances, and is not limited to written or oral transfers between natural persons, but includes all other transfers, including electronic transfers, transfers of information stored on computer disk or in computer memory, and memoranda to file.

11. <u>Identify (with respect to persons)</u>: When referring to a person, to "identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

12. <u>Identify (with respect to documents)</u>: When referring to documents, to "identify" means to give, to the extent known, the (i) type of document, (ii) general subject matter, (iii) date of the document, and (iv) author(s), addressee(s) and recipient(s), and to produce such document(s) for inspection if not called for in the requests for the production of documents.

13. <u>Identify (with respect to communications)</u>: A request to "identify" a communication means: (i) to state whether it was written or oral, and if written, to identify each document comprising or evidencing such communication; (ii) to state the date and place of such communication; (iii) to identify each individual participating therein and each individual who was present at the place or places of such communication; (iv) to state what was said by each participant in the course of such communication, or if now known, the substance of such communication.

14. <u>Person</u>: The term "person" is defined as any natural person or any business, legal or governmental entity, corporation, or association.

15. <u>All/Each</u>: The terms "all" and "each" shall be construed as all and each.

16. <u>And/Or</u>: The terms "all" and "or" shall be construed either disjunctively or conjunctively as necessary or bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

17. <u>Number</u>: The use of the singular form of any words includes the plural and vice versa.

## **INSTRUCTIONS**

1. In answering the following interrogatories and responding to the following requests for the production of documents (collectively the "requests"), you shall furnish all information that is available to you, including information in the possession, custody, or control of your attorneys, accountants, investigators, experts, representatives, contractors, employees, or other agents.

2. Documents should be produced in their native format, with all metadata, whenever possible and all emails produced in response to these requests should be accompanied by any attachments to those emails. Electronically stored information ("ESI") should be produced in Relativity style load files (DAT, OPT, LFP), with all retained metadata, and the files should be grouped in the following four folders: (1) Data, (2) Images, (3) Natives, and (4) Text.

2. If, in answering the following requests, you are unable to answer fully, after exercising due diligence to obtain the information to do so, you shall answer said request to the fullest extent possible, specifying your inability to answer the remainder, describing the efforts taken by you to obtain the information to fully answer said interrogatory, and stating whatever information or knowledge you have concerning the unanswered portion thereof.

3. If any document responsive to the requests has been lost, destroyed, or is otherwise unavailable, describe and identify each such document by stating in writing: (i) the

name(s) of the authors(s), the name(s) of the person(s) who received the original and all copies and the date and subject matter, (ii) the last known custodian of the document, (iii) the incident, event, or occurrence during which such document was lost, destroyed, or otherwise became unavailable, (iv) each person having knowledge of the circumstances of it being lost, discarded or destroyed, and (v) your efforts to locate each such document.

4.     If a claim of privilege is asserted with respect to any document, or you refuse to disclose any document requested herein on any other ground, state the basis for your claim that such document need not be disclosed with such specificity as will permit the Court to determine the legal sufficiency of your objection or position, and, for each such document, identify:

     a.     whether the document contains a request for legal advice and, if so, identify the person who requested the legal advice;

     b.     whether the document contains advice as to the meaning or application of particular laws or rules in response to such request;

     c.     any further information to explain and support the claim of privilege and to permit the adjudication of the propriety of that claim;

     d.     the nature of the privilege (including work product) that is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked;

     e.     the type of document, e.g., letter or memorandum; the general subject matter of the document; and such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author, addressee, and any other recipient of the document, and, where not apparent, the relationship of the author, addressee, and other recipient to each other.

5.     If in answering these requests you claim any ambiguity in interpreting either the request or a definition instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond. Rather, you shall set forth in a part of your response to such a request the language deemed to be ambiguous and the interpretation chosen or used in responding to the request.

6.      With respect to the documents requested, this request seeks production of all documents described, in their entirety, along with any attachments, drafts and non-identical copies.

7.      Questions regarding the interpretation of this request should be resolved in favor of the broadest possible construction.

8.      The documents produced in response to these requests shall be: (i) organized and designated to correspond to the categories in the requests, or (ii) produced in a form that accurately reflects how they are maintained by you in the normal course of business, including, but not limited to the following:

        a.      that all associated file labels, file headings and file folders be produced with the responsive documents from each file and that each file be identified as to its owner(s) or custodian(s);

        b.      that all pages now stapled or fastened together be produced stapled or fastened together; and

        c.      that all documents which cannot legibly be copied be produced in their original form.

9.      These requests are to be considered as continuing and you are requested to provide, by way of supplementary responses hereto, such additional information as it or any persons acting on its behalf may hereafter obtain that will augment, clarify, or otherwise modify the responses now given to this request.  Such supplementary responses are to be filed and served upon counsel for Plaintiffs within thirty days after receipt of such information or documents.

## **INTERROGATORIES**

1.      Identify all persons who worked for you as Athletic Director, Senior Associate Athletic Director, Associate Athletic Director, and/or Assistant Athletic Director within the Athletic Department from 1978 to 1996, including each person's title and dates of service in the position(s).

2.      Identify all persons who worked for you as a head team physician and/or head trainer within the Athletic Department from 1978 to 1996, including each person's title and dates of service in the position(s).

3.      Identify all persons who worked for you as Director or Assistant Director of the Health Service and/or Student Health Services from 1978 to 1996, including each person's title and dates of service in the position(s).

4.      Identify all persons who worked for you as Senior Vice President, Vice President, Associate Vice President, or Director for the Student Life and/or Student Affairs Department or Center from 1978 to 1996, including each person's title and dates of service in the position(s).

5.      Identify all grievances or complaints that were filed by students against trainers, physicians, or other Athletic Department staff from 1978 to 1996, including the outcome of the grievance or complaint, the year that the grievance or complaint was filed, the year that the grievance or complaint was resolved (if different from the year filed), and the title of the person against whom the grievance or complaint was brought, including both:

        a.      Formal grievances or complaints filed pursuant to the Athletic Department's procedures; and

        b.      Informal grievances or complaints.

6.      Identify all OSU employees that knew about, were aware of, investigated, received a complaint or concern about, or suspected Dr. Strauss's abuse, including but not limited

9

to "22 coaches [who] . . . were aware of rumors and/or complaints about Strauss, dating back to the late 1970s and extending into the mid-1990s" and the "[m]ore than 50 individuals who were members of the OSU Athletics Department staff during Strauss' time at the University [who] corroborated these student accounts." Report at 88, 111.

7.    Identify all sexual harassment complaints or grievances against OSU employees or staff members that were filed by students from 1978 to 1996, including the outcome of each complaint or grievance, the year that the complaint or grievance was brought, the year that the complaint or grievance was resolved (if different from the year brought), and the title of the person against whom the complaint or grievance was brought, including both:

       a.    Formal sexual harassment complaints or grievances filed pursuant to OSU's student code or sexual harassment policy; and

       b.    Informal sexual harassment complaints or grievances.

8.    Identify your procedures between 1978 and 1996 for training and/or informing employees, officers, and agents of their mandatory reporting obligations to the Ohio State Medical Board under the law. As part of your response, identify:

       a.    All Ohio State employees, officers, and agents who were trained and/or informed of their reporting obligations, including each person's name and title;

       b.    The name and title of any person who provided such training and/or information; and

       c.    How often any such training and/or information was provided.

9.    Identify the medical professionals in the Report who had or may have had information regarding Dr. Strauss's activity violating the rules governing Ohio physician licenses, as requested by the Ohio Governor's Working Group on July 10, 2019, from OSU. *See* Ohio Dep't of Pub. Safety, *Governor's Working Group on Reviewing the Medical Board's Handling of the Investigation Involving Richard Strauss* at 12 (Aug. 30, 2019).

10. Identify all incidents of sexual harassment, misconduct, abuse, assault, and/or rape, or any criminal act, by Dr. Strauss that OSU has reported, from 1978 to present, to any local, state or federal agency, including but not limited to the Columbus Division of Police, the Ohio Department of Public Safety, the Ohio State Medical Board, the Ohio Department of Education, and the United States Department of Education, including the date when the incident took place, the date on which the report of that incident was made, and the name and title of the person who made the report.

11. Identify all persons working at Ohio State who nominated, reviewed, accepted, approved, or in any other way participated in the decision to grant Dr. Strauss emeritus status.

12. Identify all persons working at Ohio State who were in any way involved in any reviews of Dr. Strauss's emeritus status, including the 2019 decision to revoke Dr. Strauss's emeritus status. If there were no reviews of his emeritus status before 2019, state so.

13. Describe the reasons for which the Ohio State Board of Trustees revoked Dr. Strauss's emeritus status.

14. Identify all students or former students attending Ohio State that Defendant has contacted or attempted to contact concerning Dr. Strauss's abuse or this litigation. For each such student, list the methods by which Defendant attempted to contact them and list whether Defendant successfully contacted the student or was unable to contact them.

15. Identify all persons other than students or former students of Ohio State that Defendant has contacted or attempted to contact concerning Dr. Strauss's abuse or this litigation. For each such person, list the methods by which Defendant attempted to contact them and list whether Defendant successfully contacted the person or was unable to contact them.

16.     Identify all persons with knowledge of Plaintiffs' claims or OSU's defenses, including any persons who you may call as witnesses in this matter.

17.     Identify all persons who you may call as expert witnesses in this matter.

18.     Describe how documents were transmitted or sent or delivered to Perkins Coie from OSU during Perkins Coie's investigation of the abuse committed by Dr. Strauss.

19.     Identify all individuals formerly or currently employed by OSU who compiled, gathered, and/or transmitted to Perkins Coie any documents in relation to Perkins Coie's investigation of the abuse committed by Dr. Strauss, including the following documents, Bates stamped:

        a.     CTRL000001 – 6000;

        b.     CTRL_HC_00000001- 170000;

        c.     RHS_00001 – 900;

        d.     STRAUSSREFERENCE0000001 – 14000.

20.     Identify all individuals formerly or currently employed by OSU who oversaw, directed, or instructed individuals identified in Interrogatory 19 regarding the compilation and delivery of these documents to Perkins Coie.

21.     Identify all individuals formerly or currently employed by OSU who were tasked with reviewing documents before they were provided to Perkins Coie in advance of or during their investigation.

## DOCUMENT REQUESTS

Produce, to the extent within your possession, custody, or control:

1.     All documents (including communications within Ohio State, communications between you and any external party advising you on public relations, reputational management,

and/or crisis management, and communications between you and any member of the press) concerning the investigation into Dr. Strauss's abuse that you announced in April 2018 and the subsequent litigation, including but not limited to all documents underlying and related to:

      a.     Ohio State news releases issued on: April 5, 2018; May 3, 2018; June 7, 2018; July 20, 2018; August 16, 2018; August 30, 2018; September 7, 2018; November 15, 2018; November 16, 2018; February 22, 2019; May 17, 2019; May 31, 2019; October 1, 2019; November 21, 2019; February 27, 2020; March 6, 2020; May 8, 2020; October 13, 2020; December 17, 2020; May 7, 2021; April 15, 2022; and July 22, 2022.

      b.     Campus-wide email communications from OSU President Drake on: May 3, 2018; June 7, 2018; July 20, 2018; November 15, 2018; February 1, 2019; May 17, 2019.

      c.     Emails from President Drake to alumni sent on: May 21, 2018; February 1, 2019; May 17, 2019; October 1, 2019.

      d.     Emails from President Drake to former student-athletes sent on: June 12, 2018; February 1, 2019; May 17, 2019; October 1, 2019.

      e.     Statements by President Drake on May 20, 2019.

      f.     The Affirmation of Commitment to resolve claims involving Richard Strauss, Resolution No. 2020-100, made on February 27, 2020.

      g.     Content and language maintained on straussinvestigation.osu.edu, including but not limited to the questions and answers provided for the media.

2.     All documents concerning the retention of Perkins Coie LLP to conduct the investigation into Dr. Strauss's abuse.

3.     All documents, including communications, generated by any Senior Vice President, Vice President, Associate Vice President, Dean, Associate Dean, Assistant Dean, Department Chair, member of the Board of Trustees, or President of OSU, concerning Perkins Coie LLP's investigation.

4.     All documents or communications sent by you to the Ohio State Medical Board or sent by the Ohio State Medical Board to you, sent or received from April 2018 to the present, regarding Dr. Strauss.

5.     All documents, communications, or reports, formal or informal, sent by you to the Ohio State Medical Board or sent by the Ohio State Medical Board to you, between 1978 and 1998, made to comply with OSU's mandatory reporting obligations under the law.

6.     All documents or communications sent by you to the Ohio Governor's Working Group on Reviewing of the Medical Board's Handling of the Investigation Involving Richard Strauss or sent to you by the Ohio Governor's Working Group on Reviewing of the Medical Board's Handling of the Investigation Involving Richard Strauss, sent or received from April 2018 to the present.

7.     All documents or communications within Ohio State or between you and any external party concerning Dr. Strauss, any investigation concerning Dr. Strauss, or any of the litigations concerning Dr. Strauss.

8.     All documents or communications within Ohio State or between you and any external party advising you on public relations, reputational management, and/or crisis management concerning the report issued on August 30, 2019, by the Governor's Working Group on Reviewing of the Medical Board's Handling of the Investigation Involving Richard Strauss.

9.     All communications between members of the OSU Board of Trustees regarding the decision to revoke Dr. Strauss's emeritus status.

10.     All communications between members of the OSU Board of Trustees at any time concerning Dr. Strauss, any investigation concerning Dr. Strauss, or any of the litigations concerning Dr. Strauss.

11. All communications between one or more members of the OSU Board of Trustees and anyone (other than OSU counsel) concerning Dr. Strauss, any investigation concerning Dr. Strauss, or any of the litigations concerning Dr. Strauss.

12. All communications between OSU President Michael V. Drake and anyone (other than OSU counsel) concerning Dr. Strauss, any investigation concerning Dr. Strauss, or any of the litigations concerning Dr. Strauss.

13. All communications between OSU President Kristina M. Johnson and anyone (other than OSU counsel) concerning Dr. Strauss, any investigation concerning Dr. Strauss, or any of the litigations concerning Dr. Strauss.

14. All communications between OSU Acting President Peter Mohler and anyone (other than OSU counsel) concerning Dr. Strauss, any investigation concerning Dr. Strauss, or any of the litigations concerning Dr. Strauss.

15. All communications between OSU President Walter E. Carter Jr. and anyone (other than OSU counsel) concerning Dr. Strauss, any investigation concerning Dr. Strauss, or any of the litigations concerning Dr. Strauss.

16. All documents related to any formal or informal grievances identified in response to Interrogatory 5, including any grievance procedures operative in 1979, 1980, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1995, 1996, 1997, and/or 1998.[1]

17. All documents related to any formal or informal sexual harassment complaints identified in response to Interrogatory 7.

---

[1] As to this Request and Requests Numbers 19, 20, and 21, Defendant produced certain responsive documents with its Defendant Fact Sheet in 2024, but no documents dated with the years listed.

18.     All documents related to any procedures identified in response to Interrogatory 8, including any materials used to train and/or inform employees, officers, and agents of their mandatory reporting obligations to the Ohio State Medical Board.

19.     All documents related to OSU's policies and procedures governing employee conduct and responsibilities with respect to potential misconduct by OSU employees, potential abuse or mistreatment of a student or other participant in an OSU program, inappropriate provision of medical care, or sexual harassment, operative in 1978, 1979, 1980, 1981, 1982, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1994, 1995, 1996, 1997, and/or 1998, including but not limited to policy and procedure manuals, operating manuals, Human Resources policy manuals, policy development checklists, faculty rules, faculty handbooks, regulations, bylaws, and/or standards of conduct.

20.     All documents related to OSU's policies and procedures governing employee responsibilities to report or investigate criminal behavior or abuse of children by an OSU employee, operative in 1979, 1981, 1982, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1995, 1996, 1997, and/or 1998, including but not limited to policy and procedure manuals, operating manuals, Human Resources policy manuals, policy development checklists, faculty rules, faculty handbooks, regulations, bylaws, and/or standards of conduct.

21.     All documents related to OSU's policies and procedures governing student rights, operative at any time from 1982 to 1998, including but not limited to codes of student rights and responsibilities, policy and procedure manuals, operating manuals, Human Resources policy manuals, policy development checklists, faculty rules, faculty handbooks, regulations, bylaws, and/or standards of conduct.

22.     All documents concerning Dr. Richard Strauss.

23.     All documents You produced to Plaintiffs on May 31, 2024, and on July 17, 2025, related to or serving as the basis for information contained in the Defendant Fact Sheet, as defined in Case Management Order No. 1 in the five above-captioned cases.

24.     All subpoenas served in connection with this action.

25.     All documents received by you in connection with these five actions from any party or non-party pursuant to any request, demand, release, or subpoena. Insofar as those documents contain the confidential information of a Plaintiff in any one of the actions against you, such documents should be provided to counsel for Plaintiffs in any of the other actions on an Attorneys' Eyes Only basis as necessary.

26.     All documents memorializing directive(s) or instructions given to OSU employees regarding their duties in collection of documents for Perkins Coie during its investigation of the abuse committed by Dr. Strauss.

27.     All correspondence with Perkins Coie before and during its investigation of the abuse committed by Dr. Strauss, including all correspondence and/or memoranda that accompanied documents which OSU provided to Perkins Coie in the course of the investigation.

28.     All documents that You originally collected for Perkins Coie, but ultimately did not provide to Perkins Coie during its investigation of the abuse committed by Dr. Strauss.

29.     All documents showing dates when documents and/or materials were sent to and received by Perkins Coie during its investigation of the abuse committed by Dr. Strauss.


Dated: April 16, 2025

                                EMERY CELLI BRINCKERHOFF ABADY
                                WARD & MAAZEL LLP

By: */s/ Sonya Levitova*
Ilann M. Maazel (admitted *pro hac vice*)
Debra L. Greenberger (admitted *pro hac vice*)
Sonya Levitova (admitted *pro hac vice*)
Hannah Brudney (admitted *pro hac vice*)
600 Fifth Avenue
New York, New York 10020
Phone: (212) 763-5000
Fax: (212) 763-5001
E-Mail: imaazel@ecbawm.com
E-Mail: dgreenberger@ecbawm.com
E-Mail: slevitova@ecbawm.com
E-Mail: hbrudney@ecbawm.com

SCOTT ELLIOTT SMITH, LPA
   Scott E. Smith (0003749)
   2727 Tuller Pkwy, Suite 140
   Dublin, Ohio 43017
   Phone: (614) 846-1700
   Fax: (614) 486-4987
   E-Mail:ses@sestriallaw.com

PUBLIC JUSTICE
   Adele P. Kimmel (admitted *pro hac vice*)
   Alexandra Z. Brodsky (admitted *pro hac vice*)
   1620 L Street, NW, Suite
   630 Washington, DC 20036
   Phone: (202) 797-8600
   Fax: (202) 232-7203
   E-mail: akimmel@publicjustice.net
   E-mail: abrodsky@publicjustice.net

*Attorneys for* Snyder-Hill *Plaintiffs*

THE LAW OFFICES OF SIMINA VOURLIS
   Simina Vourlis (0046689) (Trial Attorney)
   856 Pullman Way
   Columbus, OH 43212-3860
   Phone: (614) 487-5900
   Fax: (614) 487-5901
   Email: svourlis@vourlislaw.com

SHARP LAW, LLP
   Rex A. Sharp
   Sarah T. Bradshaw
   Nathan Kakazu

4820 W. 75th Street
Prairie Village, KS 66208
(913) 901-0505
rsharp@midwest-law.com
sbradshaw@midwest-law.com
nkakazu@midwest-law.com

ESTEY & BOMBERGER LLP
Stephen Estey
2869 India Street
San Diego, CA 92103
619-295-0035
619-295-0172 fax
steve@estey-bomberger.com

KARON LLC
Daniel R. Karon
700 W. St. Clair Ave., Suite 200
Cleveland, OH 44113
Tel.: 216.622.1851
dkaron@karonllc.com

SAUDER SCHELKOPF LLC
Joseph Sauder
1109 Lancaster Avenue
Berwyn, PA 19312
(610) 200-0580
(610) 421-1326
jgs@sstriallawyers.com

Counsel for the *Sharp Group* Plaintiffs
(*Gonzales, et al.*, Case No. 2:23-cv-3051)

MEISTER SELIG & FEIN LLP
  Benjamin D. Bianco (admitted *pro hac vice*)
  Mitchell Schuster (admitted *pro hac vice*)
  Leah A. Henry (admitted *pro hac vice*)
  125 Park Ave., 7th Floor
  New York, NY 10017
  (212) 655-3500
  Fax: 646-564-4804
  Email: bdb@msf-law.com
  Email: ms@msf-law.com
  Email: lah@msf-law.com

LAW OFFICES OF JOHN C. CAMILLUS, LLC
  John C. Camillus
  P.O. Box 141410
  Columbus, OH 43214
  614-992-1000
  Fax: 614-559-6731
  Email: jcamillus@camilluslaw.com

*Attorneys for* John Doe *Plaintiff*

RATLIFF LAW OFFICE
  J C Ratliff
  Rocky Jay Ratliff
  200 W. Center St.
  Marion, OH 43302
  740 383 6023
  Fax: 740 383 2066
  Email: attorney.ratliff@gmail.com
  Email: attorneyrockyratliff@gmail.com

WILSON & KOCHHEISER CO., LPA
  Robert E Wilson
  132 S. Main Street
  Marion, OH 43302
  740 387-0970
  Fax: 740 387 3406
  Email: wkatty@frognet.net

*Attorneys for* Knight *Plaintiffs*

WRIGHT & SCHULTE, LLC
  Richard W. Schulte (0066031) (Trial Attorney)
  Jacob A. Gebelle (0093528)
  865 S. Dixie Dr.

Vandalia, OH 45377
(937) 435-7500
(937) 435-7511 facsimile
rschulte@yourlegalhelp.com
jgebelle@yourlegalhelp.com

WRIGHT & SCHULTE, LLC
Dennis P Mulvihill
31100 Pinetree Road
Suite 225
Ste 620
Pepper Pike, OH 44124
dmulvihill@yourlegalhelp.com

WRIGHT & SCHULTE, LLC
Michael L Wright
130 W. Second Street, Suite 1600
Dayton, OH 45402
mwright@yourlegalhelp.com

Counsel for the *Wright & Schulte* Plaintiffs (*John Does 162, et al*., Case No. 2:23-cv-02991)

TO:

CARPENTER LIPPS LLP
Michael H. Carpenter
Timothy R. Bricker
Michael N. Beekhuizen
David J. Barthel

280 Plaza, Suite 1300
280 North High Street
Columbus, OH 43215
Phone: (614) 365-4100
Fax: (614) 365-9145

carpenter@carpenterlipps.com
bricker@carpenterlipps.com
beekhuizen@carpenterlipps.com
barthel@carpenterlipps.com

*Special Counsel for Defendant*

**THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN DOE 162, et al., | : | |
| | : | |
| Plaintiff, | : | Case No. 2:23-CV-02991 |
| | : | |
| v. | : | Judge Michael H. Watson |
| | : | |
| THE OHIO STATE UNIVERSITY, | : | Magistrate Judge Elizabeth P. Deavers |
| | : | |
| Defendant. | : | |
| | : | |
| STEVE SNYDER-HILL, et al., | : | |
| | : | |
| Plaintiff, | : | Case No. 2:23-CV-02993 |
| | : | |
| v. | : | Judge Michael H. Watson |
| | : | |
| THE OHIO STATE UNIVERSITY, | : | Magistrate Judge Elizabeth P. Deavers |
| | : | |
| Defendant. | : | |
| | : | |
| WILLIAM KNIGHT, et al., | : | |
| | : | |
| Plaintiff, | : | Case No. 2:23-CV-02994 |
| | : | |
| v. | : | Judge Michael H. Watson |
| | : | |
| THE OHIO STATE UNIVERSITY, | : | Magistrate Judge Elizabeth P. Deavers |
| | : | |
| Defendant. | : | |
| | : | |
| JOHN DOE et al., | : | |
| | : | |
| Plaintiff, | : | Case No. 2:23-CV-02996 |
| | : | |
| v. | : | Judge Michael H. Watson |
| | : | |
| THE OHIO STATE UNIVERSITY, | : | Magistrate Judge Elizabeth P. Deavers |
| | : | |
| Defendant. | : | |

1

EDWARD GONZALES, et al.,           :
                                    :
            Plaintiff,              :        Case No. 2:23-CV-03051
                                    :
     v.                             :        Judge Michael H. Watson
                                    :
THE OHIO STATE UNIVERSITY,         :        Magistrate Judge Elizabeth P. Deavers
                                    :
            Defendant.              :

**DEFENDANT THE OHIO STATE UNIVERSITY'S**
**RESPONSES AND OBJECTIONS TO PLAINTIFFS' JOINT FIRST SETS OF**
**<u>INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS</u>**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, defendant The Ohio State University ("Ohio State") provides the following written answers, responses and objections to Plaintiffs' Joint First Sets of Interrogatories (the "Interrogatories") and Requests for Production of Documents to Defendant Ohio State (the "Requests").[1]

**<u>GENERAL OBJECTIONS</u>**

1.      Ohio State objects to the Interrogatories and Requests, and the related Definitions and Instructions, insofar as they purport to impose upon Ohio State obligations and burdens different from, or in excess of, those permitted by the Federal Rules of Civil Procedure; the Local Civil Rules of the United States District Court for the Southern District of Ohio; and/or the Court's order(s).

2.      Ohio State objects to the Interrogatories and Requests to the extent they demand the production of information and documents protected from discovery under the attorney work product doctrine, attorney-client privilege and/or any other applicable privilege.

3.      Ohio State objects to the Interrogatories and Requests to the extent they seek

---

[1] Plaintiffs' Interrogatories and Requests for Production also purport to rely on Rule 36 related to requests for admissions.  Plaintiffs did not serve any requests for admissions.

2

information or documents in the possession, custody, or control of persons or entities other than Ohio State, publicly available or are otherwise as easily obtained by Plaintiffs as by Ohio State.

4.      Ohio State objects to the Interrogatories and Requests to the extent that the information or documents sought are unreasonably cumulative or duplicative, or are obtainable from some other source that is more convenient, less burdensome or less expensive.

5.      Ohio State objects to the Interrogatories and Requests to the extent they are overly broad, unduly burdensome, would subject Ohio State to undue expense, and/or are vague or ambiguous.

6.      Ohio State objects to the Interrogatories and Requests to the extent they seek information or documents that are not relevant to the allegations set forth in the Discovery Plaintiffs' claims (the "Claims") and/or are not readily accessible because of undue burden and/or cost.

7.      Ohio State objects to the Interrogatories and Requests to the extent they fail to describe the information sought and documents requested with reasonable particularity.

8.      Ohio State reserves the right to challenge the relevance, materiality, authenticity and/or admissibility of any of the information or documents produced in response to the Interrogatories and Requests in any subsequent proceeding or trial in this action or any other action.

9.      Ohio State objects to the Interrogatories and Requests to the extent they ask for information or documents that contain or disclose information of a confidential nature, including, but not limited to, confidential information of students or employees affiliated with Ohio State. Such information will only be produced subject to the terms of the Protective Order filed on December 20, 2023, and the related Addendum filed on April 15, 2025 (collectively, the "Protective Order").

10. Ohio State objects to any explicit or implicit characterization of facts, events, circumstances, or issues in the Interrogatories and Requests. Ohio State's answers and responses are not intended to indicate that Ohio State agrees with or accepts any explicit or implicit characterization of facts, events, circumstances, or issues in the Interrogatories and Requests.

11. Any objections or responses to the Interrogatories and Requests, including Ohio State's agreement to search for and produce (if found) documents responsive to any interrogatory or request, does not necessarily mean that information or documents responsive to a particular interrogatory or request exist or are in the possession, custody, or control of Ohio State.

12. Ohio State's answers and responses are made without, in any way, waiving or intending to waive:

(i) any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of any information provided or documents produced in response to the Interrogatories and Requests or the subject matter thereof;

(ii) the right to object on any ground to the use of the information provided or documents produced in answer or response to the Interrogatories and Requests or the subject matter thereof at any trial, hearing, or other stage of the proceedings;

(iii) the right to object on any ground at any time to a demand for further answers to the Interrogatories and/or responses to the Requests; and/or

(iv) the right at any time to revise, supplement, correct, or add to these answers, responses and/or objections in accordance with the provisions of Rule 26 of the Federal Rules of Civil Procedure.

13. Ohio State reserves the right to use during litigation and through trial any information developed through its investigation, discovery, and/or trial preparation which was not

4

known to or discovered by Ohio State when these answers and responses were served. Ohio State anticipates that further discovery, investigation, and research may result in the discovery of additional or new information or documents. Consequently, Ohio State reserves the right to supplement or amend its answers and responses as appropriate. Ohio State further states that its answers, responses and objections are based on Ohio State's knowledge as of the date these answers, responses and objections are served.

14.     Ohio State objects to Plaintiffs' definition of the term "Plaintiffs" in that it is not limited to the Discovery Plaintiffs referenced in Case Management Order No. 4 ("CMO No. 4") entered on April 11, 2025, and, therefore, is overbroad.

15.     Ohio State objects to Plaintiffs' definition of the terms "Defendant," "OSU," "Ohio State," and "You" in that it is overbroad, including, but not limited to, the extent it seeks to state or imply that any positions or persons identified are administrators with authority to take corrective action such that their knowledge can be imputed as Ohio State's knowledge under Title IX.

16.     Ohio State objects to Plaintiffs' definition of the term "Parties" in that it is not limited to the Discovery Plaintiffs referenced in CMO No. 4 entered on April 11, 2025, and therefore, is overbroad.

17.     Ohio State objects to Plaintiffs' definition of the term "Abuse" in that it is vague, assumes facts not in evidence and seeks information that is not relevant to the Discovery Plaintiffs' claims.

18.     Ohio State objects to Plaintiffs' definition of the term "Identify," when referring to a person, in that it is overly broad and unduly burdensome to require Ohio State to locate addresses for former employees or their current or last known places of employment.

19.     Ohio State objects to the Interrogatories and Requests on the grounds many seek

information and documents from approximately 30-50 years ago, and such information may no longer be in Ohio State's possession, custody, or control. Due to the passage of time, persons with knowledge may have left Ohio State or passed on, and documents may no longer exist. Ohio State has conducted a reasonable search for responsive information and documents to the best of its ability. The fact that a record was not located does not mean that such a record did or did not exist in the past.

20.     Ohio State objects to Plaintiffs' first Instruction No. 2[2] on the grounds that, due to the passage of time, documents may not exist in their original format. Ohio State will produce documents in the format in which they currently exist.

21.     Ohio State objects to Plaintiffs' Instruction No. 3 on the grounds that, due to the passage of time, Ohio State may not be able to determine whether other responsive documents existed or were lost, destroyed or otherwise became unavailable.

22.     Ohio State objects to Plaintiffs' Instruction No. 4 to the extent it conflicts with applicable law related to providing a privilege log.

23.     Ohio State objects to Plaintiffs' Instruction No. 8 on the grounds that, due to the passage of time, documents may not be organized and stored in the manner they originally were. Ohio State will produce documents in a form that reflects how they were organized and stored when located.

## SPECIFIC OBJECTIONS AND WRITTEN
## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all persons who worked for you as Athletic Director, Senior Associate Athletic Director, Associate Athletic Director, and/or Assistant Athletic Director

---

[2] Two paragraphs in the Instructions are labeled with the number "2." Thus, these will be referred to as Plaintiffs' first Instruction No. 2 and Plaintiffs' second Instruction No. 2.

6

within the Athletic Department from 1978 to 1996, including each person's title and dates of service in the position(s).

**ANSWER:**   Ohio State objects to Interrogatory No. 1 to the extent it seeks to state or imply that the positions identified are administrators with authority to take corrective action such that their knowledge can be imputed as Ohio State's knowledge under Title IX.  Ohio State also objects to Interrogatory No. 1 as overly broad and seeking information that is not relevant, unduly burdensome and not proportional to the needs of the case, including because it seeks information both beyond the scope of the Discovery Plaintiffs' claims and unrelated to Dr. Richard H. Strauss ("Dr. Strauss").  Ohio State additionally objects to Interrogatory No. 1 on the grounds it seeks information from approximately 30-50 years ago, and such information may no longer be in Ohio State's possession, custody, or control.  Due to the passage of time, persons with knowledge may have left Ohio State or passed on, and documents may no longer exist.  Ohio State has conducted a reasonable search of its historical records for responsive information to the best of its ability. The fact that a record was not located does not mean that such a record did or did not exist in the past.

Subject to and without waiving its general and specific objections, Ohio State states the following persons held the positions indicated during the time periods indicated:

| Name | Position | Time Period |
|---|---|---|
| Hugh Hindman | Athletic Director | 1978 - Jul. 1, 1984 |
| Richard Bay | Athletic Director | Jul. 1, 1984 – Nov. 16, 1987 |
| James Jones | Athletic Director | Nov. 16, 1987 – Apr. 29, 1994 |
| Andy Geiger | Athletic Director | Apr. 29, 1994 - 1996 |
| James Jones | Senior Associate Director of Athletics | 1977 - Nov. 16, 1987 |
| Paul Krebs | Senior Associate Director of Athletics | 1992 - 1996 |
| Richard Delaney | Associate Director of Athletics | 1978 - 1984 |
| Phyllis Bailey | Associate Director of Athletics | 1978 - 1994 |
| Bill Myles | Associate Director of Athletics | Mar. 19, 1985 - 1996 |
| Archie Griffin | Associate Director of Athletics | Apr. 29, 1994 - 1996 |
| Miechelle Willis | Associate Director of Athletics | Sept. 8, 1994 - 1996 |

| Tom Hof | Associate Director of Athletics | Oct. 31, 1994 - 1996 |
|---|---|---|
| Allen Bohl | Assistant Director of Athletics | Dec. 1, 1984 - 1986 |
| Dan Meinert | Assistant Director of Athletics | Aug. 1985 - 1987 |
| Archie Griffin | Assistant Director of Athletics | Apr. 1987 - Apr. 29, 1994 |
| Paul Krebs | Assistant Director of Athletics | Jul. 1987- 1992 |
| Larry Romanoff | Assistant Director of Athletics | Jul. 1991 - 1996 |
| Kate Riffee | Assistant Director of Athletics | Jun. 1994 - 1996 |
| John Fuller | Assistant Director Athletics, Finance | 1978 - 1979 |
| Pete Hagan | Associate Director Athletics, Finance | 1996 - 1996 |

**INTERROGATORY NO. 2:** Identify all persons who worked for you as a head team physician and/or head trainer within the Athletic Department from 1978 to 1996, including each person's title and dates of service in the position(s).

**ANSWER:** Ohio State objects to Interrogatory No. 2 to the extent it seeks to state or imply that the positions identified are administrators with authority to take corrective action such that their knowledge can be imputed as Ohio State's knowledge under Title IX. Ohio State also objects to Interrogatory No. 2 as overly broad and seeking information that is not relevant, unduly burdensome and not proportional to the needs of the case, including because it seeks information both beyond the scope of the Discovery Plaintiffs' claims and unrelated to Dr. Strauss. Ohio State additionally objects to Interrogatory No. 2 on the grounds it seeks information from approximately 30-50 years ago, and such information may no longer be in Ohio State's possession, custody, or control. Due to the passage of time, persons with knowledge may have left Ohio State or passed on, and documents may no longer exist. Ohio State has conducted a reasonable search of its historical records for responsive information to the best of its ability. The fact a record was not located does not mean that such a record did or did not exist in the past.

Subject to and without waiving its general and specific objections, Ohio State states the following persons held the positions indicated during the time period indicated:

| Name | Position | Time Period |
|---|---|---|
| Robert Murphy | Head Team Physician | 1982 - Aug. 1993 |

8

| John Lombardo | Head Team Physician | Aug. 1993 - 1996 |
| Billy Hill | Co-Head Athletic Trainer | 1981 - 1990 |
| Mike Bordner | Co-Head Athletic Trainer | 1981 - 1990 |
| Bill Davis | Co-Head Athletic Trainer | 1993 - 1995 |
| Billy Hill | Head Athletic Trainer | 1978 - 80, 1991 - 1995 |
| Bill Davis | Head Athletic Trainer | 1995 - 1996 |

**INTERROGATORY NO. 3:** Identify all persons who worked for you as Director or Assistant Director of the Health Service and/or Student Health Services from 1978 to 1996, including each person's title and dates of service in the position(s).

**ANSWER:** Ohio State objects to Interrogatory No. 3 to the extent it seeks to state or imply that the positions identified are administrators with authority to take corrective action such that their knowledge can be imputed as Ohio State's knowledge under Title IX. Ohio State also objects to Interrogatory No. 3 as overly broad and seeking information that is not relevant, unduly burdensome and not proportional to the needs of the case, including because it seeks information both beyond the scope of the Discovery Plaintiffs' claims and unrelated to Dr. Strauss. Ohio State additionally objects to Interrogatory No. 3 on the grounds it seeks information from approximately 30-50 years ago, and such information may no longer be in Ohio State's possession, custody, or control. Due to the passage of time, persons with knowledge may have left Ohio State or passed on, and documents may no longer exist. Ohio State has conducted a reasonable search of its historical records for responsive information to the best of its ability. The fact a record was not located does not mean that such a record did or did not exist in the past.

Subject to and without waiving its general and specific objections, Ohio State states the following persons held the positions indicated during the time period indicated:

| Name | Position | Time Period |
|---|---|---|
| H. Spencer Turner, M.D. | Director | 1978 - Dec. 1980 |
| William E. Brown, M.D. | Director | Jan. 1981 - Aug. 1981 |
| Doris I. Charles, M.D. | Director | Aug. 1981 - Jun. 1990 |
| Forrest W. Smith, M.D. | Acting Director | Jul. 1990 - Jan. 1992 |

9

| Name | Position | Time Period |
|---|---|---|
| Eric Busch | Acting Director | Jan. 1992 - Jul. 1992 |
| Ted W. Grace, M.D. | Director | Aug. 1992 - 1996 |
| Leonard C. Barney | Asst. Dir. | 1978 - 1985 |
| Jane A. Marquiss | Asst. Dir. for Administration | 1985 - 1993 |
| Judith Brady | Asst. Dir. for Administration | 1996 |
| Diane Plumly | Asst. Dir. Financial Affairs | 1993 |
| Kim Harbaugh | Dir. Mgmt. Info Systems | 1993 |
| Gary Mangini | Dir. Pharmacy Services | 1991-1993 |
| Forrest W. Smith, M.D. | Asst. Medical Dir. | 1984-1991, Jan. 1992 - May 1993 |
| Janak Wadwa, M.D. | Asst. Medical Dir. | 1985 |

**INTERROGATORY NO. 4:** Identify all persons who worked for you as Senior Vice President, Vice President, Associate Vice President, or Director for the Student Life and/or Student Affairs Department or Center from 1978 to 1996, including each person's title and dates of service in the position(s).

**ANSWER:** Ohio State objects to Interrogatory No. 4 to the extent it seeks to state or imply that the positions identified are administrators with authority to take corrective action such that their knowledge can be imputed as Ohio State's knowledge under Title IX. Ohio State also objects to Interrogatory No. 4 as overly broad and seeking information that is not relevant, unduly burdensome and not proportional to the needs of the case, including because it seeks information both beyond the scope of the Discovery Plaintiffs' claims and unrelated to Dr. Strauss. Ohio State additionally objects to Interrogatory No. 4 on the grounds it seeks information from approximately 30-50 years ago, and such information may no longer be in Ohio State's possession, custody, or control. Due to the passage of time, persons with knowledge may have left Ohio State or passed on, and documents may no longer exist. Ohio State has conducted a reasonable search of its historical records for responsive information to the best of its ability. The fact a record was not located does not mean that such a record did or did not exist in the past.

Subject to and without waiving its general and specific objections, Ohio State states the

10

following persons held the positions indicated during the time period indicated:

| Name | Position | Time Period |
|---|---|---|
| Russell J. Spillman | Vice President Student Affairs | 1984-1992 |
| David Williams II | Vice President Student Affairs | 1993-1997 |
| Mary A. Daniels | Asst. Vice President Student Affairs | 1994-1997 |

**INTERROGATORY NO. 5:** Identify all grievances or complaints that were filed by students against trainers, physicians, or other Athletic Department staff from 1978 to 1996, including the outcome of the grievance or complaint, the year that the grievance or complaint was filed, the year that the grievance or complaint was resolved (if different from the year filed), and the title of the person against whom the grievance or complaint was brought, including both:

a. Formal grievances or complaints filed pursuant to the Athletic Department's procedures; and

b. Informal grievances or complaints.

**ANSWER:** Ohio State objects to Interrogatory No. 5 as vague in that Plaintiffs have not defined what they mean by the terms "filed," "grievances," "complaints," "formal," "informal," "outcome," and "resolved." Ohio State also objects to Interrogatory No. 5 as overly broad and seeking information that is not relevant, unduly burdensome and not proportional to the needs of the case, including because it seeks information both beyond the scope of the Discovery Plaintiffs' claims and unrelated to Dr. Strauss. Ohio State additionally objects to Interrogatory No. 5 to the extent it seeks confidential, personally identifying, personal health, personal educational, and/or other non-public information of a private, personal or sensitive nature related to students other than the Plaintiffs, including information about other students that is protected by the Family Educational Rights and Privacy Act, 20 U.S.C. 1232(g) ("FERPA"), the Health Insurance Portability and Accountability Act of 1996, ("HIPAA"), Pub.L. 104–191, and/or other federal or state law. Ohio State further objects to Request No. 11 to the extent it seeks information available

11

publicly or in the possession of Plaintiffs.

Ohio State objects to Interrogatory No. 5 on the grounds it seeks information from approximately 30-50 years ago, and such information may no longer be in Ohio State's possession, custody, or control. Due to the passage of time, persons with knowledge may have left Ohio State or passed on, and documents may no longer exist. Ohio State has conducted a reasonable search of its historical records for responsive information to the best of its ability. The fact a record was not located does not mean that such a record did or did not exist in the past.

Subject to and without waiving its general and specific objections, pursuant to Fed.R.Civ.P 33(d) Ohio State directs Plaintiffs to OSU_00000066, OSU_00000353, OSU_00000374, OSU_00000410, OSU_00000477, OSU_00004937, OSU_00004954, OSU_00005023, OSU_00005072, and OSU_00006777 that were produced with Ohio State's fact sheet responses and are being reproduced with these answers and responses, all of which speak for themselves. Further answering, on May 17, 2019, the *Report of the Independent Investigation Sexual Abuse Committed by Dr. Richard Strauss at The Ohio State University* (the "Perkins Coie Report") was released and Plaintiffs' counsel have already received a copy. Because of the challenges of time passage, and unavailability of witnesses and material, it is impossible for the Perkins Coie Report to be a complete factual record for litigation purposes and Ohio State is not aware of the identities of persons described, but not identified in, the Perkins Coie Report. However, the Perkins Coie Report may identify OSU employees who may have received information regarding conduct by Dr. Strauss with or toward any student(s), from 1978 until 1998; the text of the Perkins Coie Report speaks for itself. Ohio State also directs Plaintiffs to non-survivor interview notes it understands were produced by Perkins Coie to Plaintiffs and which speak for themselves.

**INTERROGATORY NO. 6:** Identify all OSU employees that knew about, were aware of,

investigated, received a complaint or concern about, or suspected Dr. Strauss's abuse, including but not limited to "22 coaches [who] . . . were aware of rumors and/or complaints about Strauss, dating back to the late 1970s and extending into the mid-1990s" and the "[m]ore than 50 individuals who were members of the OSU Athletics Department staff during Strauss' time at the University [who] corroborated these student accounts." Report at 88, 111.

**ANSWER:** Ohio State objects to Interrogatory No. 6 as vague in that Plaintiffs have not defined what they mean by the terms "complaint," "concern," "suspected," or "rumor." Ohio State also objects to Interrogatory No. 6 to the extent it seeks to state or imply that any persons identified are administrators with authority to take corrective action such that their knowledge can be imputed as Ohio State's knowledge under Title IX. Ohio State additionally objects to Interrogatory No. 6 as seeking information not in the possession or control of Ohio State. Ohio State further objects to Interrogatory No. 6 as overly broad and seeking information that is not relevant, unduly burdensome and not proportional to the needs of the case, including because it seeks information beyond the scope of the Discovery Plaintiffs' claims.

Ohio State objects to Interrogatory No. 6 to the extent it seeks confidential, personally identifying, personal health, personal educational, and/or other non-public information of a private, personal or sensitive nature related to students other than the Plaintiffs, including information about other students that is protected by FERPA, HIPAA and/or other federal or state law. Ohio State also objects to Interrogatory No. 6 on the grounds it seeks information from approximately 30-50 years ago, and such information may no longer be in Ohio State's possession, custody, or control. Due to the passage of time, persons with knowledge may have left Ohio State or passed on, and documents may no longer exist. Ohio State has conducted a reasonable search of its historical records for responsive information to the best of its ability. The fact a record was not

13

located does not mean that such a record did or did not exist in the past.

Subject to and without waiving its general and specific objections, pursuant to Fed.R.Civ.P 33(d) Ohio State directs Plaintiffs to OSU_00000324-486 and OSU_00016117-266 that were produced with Ohio State's fact sheet responses and are being reproduced with these answers and responses, all of which speak for themselves. Further answering, on May 17, 2019, the Perkins Coie Report was released and Plaintiffs' counsel have already received a copy. Because of the challenges of time passage, and unavailability of witnesses and material, it is impossible for the Perkins Coie Report to be a complete factual record for litigation purposes and Ohio State is not aware of the identities of persons described, but not identified in, the Perkins Coie Report. However, the Perkins Coie Report may identify OSU employees who may have received information regarding conduct by Dr. Strauss with or toward any student(s), from 1978 until 1998; the text of the Perkins Coie Report speaks for itself. Ohio State also directs Plaintiffs to non-survivor interview notes it understands were produced by Perkins Coie to Plaintiffs and which speak for themselves.

**INTERROGATORY NO. 7:** Identify all sexual harassment complaints or grievances against OSU employees or staff members that were filed by students from 1978 to 1996, including the outcome of each complaint or grievance, the year that the complaint or grievance was brought, the year that the complaint or grievance was resolved (if different from the year brought), and the title of the person against whom the complaint or grievance was brought, including both:

a. Formal sexual harassment complaints or grievances filed pursuant to OSU's student code or sexual harassment policy; and

b. Informal sexual harassment complaints or grievances.

**ANSWER:** Ohio State objects to Interrogatory No. 7 as vague in that Plaintiffs have not defined

14

what they mean by the terms "filed," "grievances," "complaints," "formal," "informal," "outcome," and "resolved." Ohio State also objects to Interrogatory No. 7 as overly broad and seeking information that is not relevant, unduly burdensome and not proportional to the needs of the case, including because it seeks information both beyond the scope of the Discovery Plaintiffs' claims and unrelated to Dr. Strauss. Ohio State additionally objects to Interrogatory No. 7 to the extent it seeks confidential, personally identifying, personal health, personal educational, and/or other non-public information of a private, personal or sensitive nature related to students other than the Plaintiffs, including information about other students that is protected by FERPA, HIPAA, and/or other federal or state law.

Ohio State objects to Interrogatory No. 7 on the grounds it seeks information from approximately 30-50 years ago, and such information may no longer be in Ohio State's possession, custody, or control. Due to the passage of time, persons with knowledge may have left Ohio State or passed on, and documents may no longer exist. Ohio State has conducted a reasonable search of its historical records for responsive information to the best of its ability. The fact a record was not located does not mean that such a record did or did not exist in the past.

Subject to and without waiving its general and specific objections, pursuant to Fed.R.Civ.P 33(d) Ohio State directs Plaintiffs to OSU_00000324-486 and OSU_00016117-266 that were produced with Ohio State's fact sheet responses and are being reproduced with these answers and responses, all of which speak for themselves. Further answering, on May 17, 2019, the Perkins Coie Report was released and Plaintiffs' counsel have already received a copy. Because of the challenges of time passage, and unavailability of witnesses and material, it is impossible for the Perkins Coie Report to be a complete factual record for litigation purposes and Ohio State is not aware of the identities of persons described, but not identified in, the Perkins Coie Report.

15

However, the Perkins Coie Report may identify OSU employees who may have received information regarding conduct by Dr. Strauss with or toward any student(s), from 1978 until 1998; the text of the Perkins Coie Report speaks for itself. Ohio State also directs Plaintiffs to non-survivor interview notes it understands were produced by Perkins Coie to Plaintiffs and which speak for themselves.

**INTERROGATORY NO. 8:** Identify your procedures between 1978 and 1996 for training and/or informing employees, officers, and agents of their mandatory reporting obligations to the Ohio State Medical Board under the law. As part of your response, identify:

a. All Ohio State employees, officers, and agents who were trained and/or informed of their reporting obligations, including each person's name and title;

b. The name and title of any person who provided such training and/or information; and

c. How often any such training and/or information was provided.

**ANSWER:** Ohio State objects to Interrogatory No. 8 as vague in that Plaintiffs have not defined what they mean by "procedures," "training," "informing," and "mandatory reporting obligations." Ohio State also objects to the extent Interrogatory No. 8 seeks a legal conclusion. Ohio State additionally objects to Interrogatory No. 8 to the extent it seeks to state or imply that Ohio State, as opposed to licensed individuals, was required to report to the State Medical Board of Ohio ("Medical Board"). Ohio State further objects to Interrogatory No. 8 as overly broad and seeking information that is not relevant, unduly burdensome and not proportional to the needs of the case, including because it seeks information beyond the scope of the Discovery Plaintiffs' claims. Ohio State additionally objects to Interrogatory No. 8 to the extent it seeks information protected by the attorney-client privilege, work product protection, and/or any other applicable privilege.

Ohio State objects to Interrogatory No. 8 on the grounds it seeks information from

16

approximately 30-50 years ago, and such information may no longer be in Ohio State's possession, custody, or control. Due to the passage of time, persons with knowledge may have left Ohio State or passed on, and documents may no longer exist. Ohio State has conducted a reasonable search of its historical records for responsive information to the best of its ability. The fact a record was not located does not mean that such a record did or did not exist in the past.

Subject to and without waiving its general and specific objections, pursuant to Fed.R.Civ.P 33(d) Ohio State will search for and produce, if found, responsive non-protected information.

**INTERROGATORY NO. 9:** Identify the medical professionals in the Report who had or may have had information regarding Dr. Strauss's activity violating the rules governing Ohio physician licenses, as requested by the Ohio Governor's Working Group on July 10, 2019, from OSU. *See* Ohio Dep't of Pub. Safety, *Governor's Working Group on Reviewing the Medical Board's Handling of the Investigation Involving Richard Strauss* at 12 (Aug. 30, 2019).

**ANSWER:** Ohio State objects to Interrogatory No. 9 to the extent it seeks information not in the possession or control of Ohio State. Ohio State also objects to Interrogatory No. 9 to the extent it seeks a legal conclusion, including that only the Medical Board can determine whether or not a physician violated Chapter 4731. Ohio State also objects to Interrogatory No. 9 to the extent it seeks to state or imply that any persons identified are administrators with authority to take corrective action such that their knowledge can be imputed as Ohio State's knowledge under Title IX. Ohio State additionally objects to Interrogatory No. 9 as overly broad and seeking information that is not relevant, unduly burdensome and not proportional to the needs of the case, including because it seeks information beyond the scope of the Discovery Plaintiffs' claims. Ohio State additionally objects to Interrogatory No. 9 as vague in that plaintiffs have not defined what they mean by "medical professionals." Ohio State further objects to Interrogatory No. 9 on the grounds

17

it seeks information from approximately 30-50 years ago, and such information may no longer be in Ohio State's possession, custody, or control. Due to the passage of time, persons with knowledge may have left Ohio State or passed on, and documents may no longer exist. Ohio State has conducted a reasonable search of its historical records for responsive information to the best of its ability. The fact a record was not located does not mean that such a record did or did not exist in the past.

Subject to and without waiving its general and specific objections, Ohio State states that Dr. Richard Strauss had information related to his activities. In addition, Judith Brady, the Assistant Director for Administration, Health Services, provided information to the Medical Board on July 15, 1996. The Medical Board has released redacted versions of Medical Board records, which are publicly available at https://governor.ohio.gov/media/news-and-media/083019. Despite previously seeking the public release of Medical Board information and/or records, OSU is prohibited from producing the unredacted Medical Board records pursuant to R.C. 4731.22(F)(5). *See also* May 16, 2019, Opinion and Order (*Garrett, et al. v. The Ohio State Univ.*, Case No. 2:18-cv-00692, ECF No. 89; *Snyder-Hill, et al. v. The Ohio State Univ.*, Case No. 2:18-cv-00736, ECF No. 69).

Additionally, the Perkins Coie Report was released and Plaintiffs' counsel have already received a copy. Because of the challenges of time passage, and unavailability of witnesses and material, it is impossible for the Perkins Coie Report to be a complete factual record for litigation purposes and Ohio State is not aware of the identities of persons described, but not identified, in the Perkins Coie Report. The text of the Perkins Coie Report speaks for itself. Pursuant to Fed.R.Civ.P 33(d) Ohio State also directs Plaintiffs to non-survivor interview notes it understands Perkins Coie produced to Plaintiffs and which speak for themselves.

18

**INTERROGATORY NO. 10:** Identify all incidents of sexual harassment, misconduct, abuse, assault, and/or rape, or any criminal act, by Dr. Strauss that OSU has reported, from 1978 to present, to any local, state or federal agency, including but not limited to the Columbus Division of Police, the Ohio Department of Public Safety, the Ohio State Medical Board, the Ohio Department of Education, and the United States Department of Education, including the date when the incident took place, the date on which the report of that incident was made, and the name and title of the person who made the report.

**ANSWER:** Ohio State objects to Interrogatory No. 10 as overly broad and seeking information that is not relevant, unduly burdensome and not proportional to the needs of the case, including because it seeks information beyond the scope of the Discovery Plaintiffs' claims. Ohio State also objects to Interrogatory No. 10 to the extent it seeks confidential, personally identifying, personal health, personal educational, and/or other non-public information of a private, personal or sensitive nature related to students other than the Plaintiffs, including information about other students that is protected by FERPA, HIPAA and/or other federal or state law. Ohio State additionally objects to Interrogatory No. 10 to the extent it seeks to state or imply that the persons identified are administrators with authority to take corrective action such that their knowledge can be imputed as Ohio State's knowledge under Title IX.

Subject to and without waiving its general and specific objections, pursuant to Fed.R.Civ.P 33(d) *see* the following produced by Ohio State on May 31, 2024 and being reproduced with these answers and responses:

| Bates Range | Title/Description |
|---|---|
| OSU_00000346 - OSU_00000352 | Handwritten Note, 07/15/1996 |
| OSU_00007202 - OSU_00007516 | Email dated 11/21/2018 with attachments |
| OSU_00007517 - OSU_00011616 | Email dated 05/30/2020 with attachments |
| OSU_00011617 - OSU_00011831 | Email dated 05/1/2020 with attachments |

19

| Bates Range | Title/Description |
|---|---|
| OSU_00011832 - OSU_00011837 | University issues annual crime report, reminds community of safety resources, 12/17/20 |
| OSU_00011838 - OSU_00011843 | University issues annual crime report, overview of safety resources, 10/01/21 |
| OSU_00011891 - OSU_00011895 | Email dated 02/06/2024 with attachments |
| OSU_00011896 - OSU_00012081 | Email dated 10/02/2020 with attachments |
| OSU_00011898 - OSU_00012081 | Attachment to OSU_00011896 - OSU_00012081 |
| OSU_00012082 - OSU_00012086 | Email dated 02/06/2024 with attachment |
| OSU_00012087 - OSU_00012148 | Email dated 10/15/2021 with attachments |
| OSU_00012116 - OSU_00012118 | Attachment to OSU_00012087 - OSU_00012148 |
| OSU_00012149 - OSU_00012216 | Email dated 09/09/2022 with attachments |
| OSU_00012217 - OSU_00012354 | Email dated 11/29/2022 with attachments |
| OSU_00012355 - OSU_00012356 | Email dated 10/01/2021 |
| OSU_00012357 - OSU_00012563 | Email dated 10/02/2020 with attachments |
| OSU_00012359 - OSU_00012542 | Attachment to OSU_00012357 - OSU_00012563 |
| OSU_00012564 - OSU_00012624 | Email dated 11/14/2022 with attachments |
| OSU_00012625 - OSU_00012634 | Email dated 09/30/2019 with attachment |
| OSU_00012635 - OSU_00012636 | Email dated 12/18/2018 |
| OSU_00012637 - OSU_00012657 | Email dated 12/20/2018 with attachments |
| OSU_00012658 - OSU_00012662 | Email dated 08/16/2018 with attachment |
| OSU_00012663 - OSU_00012666 | Email dated10/31/2018 with attachment |
| OSU_00012667 - OSU_00012669 | Email dated 05/20/2019 |
| OSU_00012670 - OSU_00012684 | Email dated 09/28/2018 with attachments |
| OSU_00012685 - OSU_00012686 | Email dated 12/19/2018 |
| OSU_00012687 - OSU_00012690 | Email dated 01/04/2019 |
| OSU_00012691 - OSU_00012693 | Email dated 01/03/2019 |
| OSU_00012694 - OSU_00012696 | Email dated 10/15/2018 |
| OSU_00012697 - OSU_00012701 | Email dated 03/07/2019 with attachments |
| OSU_00012702 - OSU_00012706 | Email dated 03/26/2019 with attachment |
| OSU_00012707 - OSU_00012709 | Email dated 05/17/2019 with attachment |
| OSU_00012710 - OSU_00012730 | Email dated 06/21/2019 with attachment |
| OSU_00012731 - OSU_00012731 | Email dated 02/21/2019 with attachment |

In addition to the above, Ohio State contacted the Columbus Division of Police, the Ohio Attorney General, and the Franklin County Prosecutor in 2018. Judith Brady, the Assistant Director for Administration, Health Services, provided information to the Medical Board on July

15, 1996. The Medical Board has released redacted versions of Medical Board records, which are publicly available at https://governor.ohio.gov/media/news-and-media/083019. Despite previously seeking the public release of Medical Board information and/or records, OSU is prohibited from producing the unredacted Medical Board records pursuant to R.C. 4731.22(F)(5). *See also* May 16, 2019, Opinion and Order (*Garrett, et al. v. The Ohio State Univ.*, Case No. 2:18-cv-00692, ECF No. 89; *Snyder-Hill, et al. v. The Ohio State Univ.*, Case No. 2:18-cv-00736, ECF No. 69).

**INTERROGATORY NO. 11:** Identify all persons working at Ohio State who nominated, reviewed, accepted, approved, or in any other way participated in the decision to grant Dr. Strauss emeritus status.

**ANSWER:** Ohio State objects to Interrogatory No. 11 as overly broad and seeking information that is not relevant, unduly burdensome and not proportional to the needs of the case, including because it seeks information beyond the scope of the Discovery Plaintiffs' claims. Ohio State further objects to Interrogatory No. 11 on the grounds it seeks information from approximately 30 years ago, and such information may no longer be in Ohio State's possession, custody, or control. Due to the passage of time, persons with knowledge may have left Ohio State or passed on, and information may no longer exist. Ohio State has conducted a reasonable search of its historical records for responsive information to the best of its ability. The fact a record was not located does not mean that such a record did or did not exist in the past.

Subject to and without waiving its general and specific objections, pursuant to Fed.R.Civ.P 33(d) Ohio State directs Plaintiffs to OSU_00000092 and OSU_00006023 produced with Ohio State's fact sheet responses on May 31, 2024, and reproduced with these answers and responses. Answering further, Ohio State will produce the meeting minutes from the Ohio State Board of

Trustees March 8, 1998, meeting.

**INTERROGATORY NO. 12:** Identify all persons working at Ohio State who were in any way involved in any reviews of Dr. Strauss's emeritus status, including the 2019 decision to revoke Dr. Strauss's emeritus status. If there were no reviews of his emeritus status before 2019, state so.

**ANSWER:** Ohio State objects to Interrogatory No. 12 as vague in that Plaintiffs have not defined what they mean by "reviews" or the time period for which they seek information. Ohio State also objects to Interrogatory No. 12 as overly broad and seeking information that is not relevant, unduly burdensome and not proportional to the needs of the case, including because it seeks information beyond the scope of the Discovery Plaintiffs' claims.

Ohio State objects to Interrogatory No. 12 on the grounds it seeks information from approximately 30 years ago, and such information may no longer be in Ohio State's possession, custody, or control. Due to the passage of time, persons with knowledge may have left Ohio State or passed on, and documents may no longer exist. Ohio State has conducted a reasonable search of its historical records for responsive information to the best of its ability. The fact a record was not located does not mean that such a record did or did not exist in the past.

Subject to and without waiving its general and specific objections, pursuant to Fed.R.Civ.P 33(d) Ohio State directs Plaintiffs to OSU_00000092 and OSU_00006023 produced with Ohio State's fact sheet responses on May 31, 2024, and reproduced with these answers and responses. Answering further, Ohio State will produce the meeting minutes from the Ohio State Board of Trustees March 8, 1998 and May 31, 2019 meetings.

**INTERROGATORY NO. 13:** Describe the reasons for which the Ohio State Board of Trustees revoked Dr. Strauss's emeritus status.

**ANSWER:** Ohio State objects to Interrogatory No. 13 as overly broad and seeking information

22

that is not relevant, unduly burdensome and not proportional to the needs of the case, including because it seeks information beyond the scope of the Discovery Plaintiffs' claims.

Subject to and without waiving its general and specific objections, pursuant to Fed.R.Civ.P 33(d) Ohio State will produce the meeting minutes from the Ohio State Board of Trustees May 31, 2019 meeting.

**INTERROGATORY NO. 14:** Identify all students or former students attending Ohio State that Defendant has contacted or attempted to contact concerning Dr. Strauss's abuse or this litigation. For each such student, list the methods by which Defendant attempted to contact them and list whether Defendant successfully contacted the student or was unable to contact them.

**ANSWER:** Ohio State objects to Interrogatory No. 14 as vague in that Plaintiffs have not defined what they mean by "contacted" or "attempted to contact." Ohio State also objects to Interrogatory No. 14 as overly broad and seeking information that is not relevant, unduly burdensome and not proportional to the needs of the case, including because it seeks information beyond the scope of the Discovery Plaintiffs' claims. Ohio State additionally objects to Interrogatory No. 14 because it seeks confidential, personally identifying, personal health, personal educational, and/or other non-public information of a private, personal or sensitive nature related to students other than the Plaintiffs, including information about other students that is protected by FERPA, HIPAA and/or other federal or state law.

Ohio State objects to Interrogatory No. 14 on the grounds it seeks information from approximately 30-50 years ago, and such information may no longer be in Ohio State's possession, custody, or control. Due to the passage of time, persons with knowledge may have left Ohio State or passed on, and documents may no longer exist. Ohio State has conducted a reasonable search of its historical records for responsive information to the best of its ability. The fact a record was

23

not located does not mean that such a record did or did not exist in the past.

Subject to and without waiving its general and specific objections, Ohio State states emails related to Dr. Strauss were sent to all then-current students on May 3, 2018, June 7, 2018, November 15, 2018, February 2, 2019, and May 17, 2019. Answering further, Ohio State states that an email related to Dr. Strauss was sent to alumni on May 17, 2019. Emails were also sent to all former students who graduated from 1978 through 2001, as well as former students who did not graduate but were involved with athletics between the years of 1978 and 2001, on May 21, 2018, June 12, 2018, February 1, 2019, and October 1, 2019.

**INTERROGATORY NO. 15:** Identify all persons other than students or former students of Ohio State that Defendant has contacted or attempted to contact concerning Dr. Strauss's abuse or this litigation. For each such person, list the methods by which Defendant attempted to contact them and list whether Defendant successfully contacted the person or was unable to contact them.

**ANSWER:** Ohio State objects to Interrogatory No. 15 as vague in that Plaintiffs have not defined what they mean by "contacted" or "attempted to contact." Ohio State also objects to Interrogatory No. 15 as overly broad and seeking information that is not relevant, unduly burdensome and not proportional to the needs of the case, including because it seeks information beyond the scope of the Discovery Plaintiffs' claims. Ohio State further objects to the extent this interrogatory seeks inform

Ohio State additionally objects to Interrogatory No. 15 to the extent it seeks confidential, personally identifying, personal health, personal educational, and/or other non-public information of a private, personal or sensitive nature related to students other than the Plaintiffs, including information about other students that is protected by FERPA, HIPAA and/or other federal or state law. Ohio State further objects to Interrogatory No. 15 to the extent it seeks attorney-client

24

communications, work undertaken in anticipation of litigation or at the direction of counsel, and/or attorney work product, including, but not limited to, by requiring that Ohio State identify persons it may call as witnesses.

Ohio State objects to Interrogatory No. 15 to the extent it seeks expert information. Such opinions will be disclosed at the time, and in the manner, required by the Court's case schedule. Ohio State also objects to Interrogatory No. 15 to the extent it asks for information related to, or created by, those persons Ohio State or its counsel retained or specifically employed in anticipation of litigation or preparation for trial, or may in the future, but have not identified as trial witnesses in this litigation. *See* Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure. Ohio State additionally objects to Interrogatory No. 15 to the extent it seeks communications between Ohio State's attorneys and the persons whom Ohio State expects to call as expert witnesses at trial, or drafts of reports prepared by such persons. *See* 26(b)(4)(B)-(C) of the Federal Rules of Civil Procedure.

Subject to and without waiving its general and specific objections, *see* Answer to Interrogatory No. 10.

**INTERROGATORY NO. 16:** Identify all persons with knowledge of Plaintiffs' claims or OSU's defenses, including any persons who you may call as witnesses in this matter.

**ANSWER:** Ohio State objects to Interrogatory No. 16 as overly broad and premature in that discovery is just beginning. Ohio State also objects to Interrogatory No. 16 to the extent it seeks to state or imply that any persons identified are administrators with authority to take corrective action such that their knowledge can be imputed as Ohio State's knowledge under Title IX. Ohio State also objects to Interrogatory No. 16 as overly broad and seeking information that is not relevant, unduly burdensome and not proportional to the needs of the case, including because it

seeks information beyond the scope of the Discovery Plaintiffs' claims. Ohio State additionally objects to Interrogatory No. 16 because it has not decided which lay witnesses it anticipates it will call to testify at the trial of this matter.

Ohio State objects to Interrogatory No. 16 to the extent it seeks expert information. Such opinions will be disclosed at the time, and in the manner, required by the Court's case schedule. Ohio State also objects to Interrogatory No. 16 to the extent it asks for information related to, or created by, those persons Ohio State or its counsel retained or specifically employed in anticipation of litigation or preparation for trial, or may in the future, but have not identified as trial witnesses in this litigation. *See* Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure. Ohio State additionally objects to Interrogatory No. 16 to the extent it seeks communications between Ohio State's attorneys and the persons whom Ohio State expects to call as expert witnesses at trial, or drafts of reports prepared by such persons. *See* 26(b)(4)(B)-(C) of the Federal Rules of Civil Procedure. Ohio State further objects to Interrogatory No. 16 to the extent it seeks attorney-client communications, work undertaken in anticipation of litigation or at the direction of counsel, and/or attorney work product, including, but not limited to, by requiring that Ohio State identify persons it may call as witnesses.

Ohio State objects to Interrogatory No. 16 on the grounds it seeks information from approximately 30-50 years ago, and such information may no longer be in Ohio State's possession, custody, or control. Due to the passage of time, persons with knowledge may have left Ohio State or passed on, and documents may no longer exist. Ohio State has conducted a reasonable search of its historical records for responsive information to the best of its ability. The fact a record was not located does not mean that such a record did or did not exist in the past.

Subject to and without waiving its general and specific objections, *see* Ohio State's Answer

to Interrogatory No. 6. Ohio State will identify the lay witnesses it intends to call at trial to the extent and in the manner required by the Court's case schedule, the Local Rules and/or the Federal Rules of Civil Procedure.

Additionally, on May 17, 2019, Perkins Coie Report was released and Plaintiffs' counsel have already received a copy. Because of the challenges of time passage, and unavailability of witnesses and material, it is impossible for the Perkins Coie Report to be a complete factual record for litigation purposes and Ohio State is not aware of the identities of persons described, but not identified, in the Perkins Coie Report. The text of the Perkins Coie Report speaks for itself. Pursuant to Fed.R.Civ.P 33(d), Ohio State also directs Plaintiffs to non-survivor interview notes it understands Perkins Coie produced to Plaintiffs and which speak for themselves.

**INTERROGATORY NO. 17:** Identify all persons who you may call as expert witnesses in this matter.

**ANSWER:** Ohio State objects to Interrogatory No. 17 as premature because Ohio State has not decided which expert witnesses it anticipates it will call to testify at the trial. Ohio State also objects to Interrogatory No. 17 as overly broad and premature in that discovery is just beginning. Expert disclosures will be made at the time, to the extent and in the manner required by the Court's case schedule. Ohio State additionally objects to Interrogatory No. 17 to the extent it seeks attorney-client communications, work undertaken in anticipation of litigation or at the direction of counsel, and/or attorney work product, including, but not limited to, by requiring that Ohio State identify persons it may call as witnesses.

Subject to and without waiving its general and specific objections, and the Protective Order, Ohio State will make its expert disclosures to the extent and in the manner required by the Court's case schedule, the Local Rules and/or the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 18:** Describe how documents were transmitted or sent or delivered to Perkins Coie from OSU during Perkins Coie's investigation of the abuse committed by Dr. Strauss.

**ANSWER:** Ohio State objects to Interrogatory No. 18 as overly broad and seeking information that is not relevant, unduly burdensome and not proportional to the needs of the case, including because it seeks information beyond the scope of the Discovery Plaintiffs' claims. Ohio State also objects to Interrogatory No. 18 to the extent it seeks attorney-client communications, work undertaken in anticipation of litigation or at the direction of counsel, and/or attorney work product.

**INTERROGATORY NO. 19:** Identify all individuals formerly or currently employed by OSU who compiled, gathered, and/or transmitted to Perkins Coie any documents in relation to Perkins Coie's investigation of the abuse committed by Dr. Strauss, including the following documents, Bates stamped:

    a. CTRL000001 – 6000;

    b. CTRL_HC_00000001- 170000;

    c. RHS_00001 – 900;

    d. STRAUSSREFERENCE0000001 – 14000.

**ANSWER:** Ohio State objects to Interrogatory No. 19 as overly broad and seeking information that is not relevant, unduly burdensome and not proportional to the needs of the case, including because it seeks information beyond the scope of the Discovery Plaintiffs' claims. Ohio State also objects to Interrogatory No. 19 to the extent it seeks attorney-client communications, work undertaken in anticipation of litigation or at the direction of counsel, and/or attorney work product.

**INTERROGATORY NO. 20:** Identify all individuals formerly or currently employed by OSU who oversaw, directed, or instructed individuals identified in Interrogatory 19 regarding the

compilation and delivery of these documents to Perkins Coie.

**ANSWER:** Ohio State objects to Interrogatory No. 20 as overly broad and seeking information that is not relevant, unduly burdensome and not proportional to the needs of the case, including because it seeks information beyond the scope of the Discovery Plaintiffs' claims. Ohio State also objects to Interrogatory No. 20 to the extent it seeks attorney-client communications, work undertaken in anticipation of litigation or at the direction of counsel, and/or attorney work product.

**INTERROGATORY NO. 21:** Identify all individuals formerly or currently employed by OSU who were tasked with reviewing documents before they were provided to Perkins Coie in advance of or during their investigation.

**ANSWER:** Ohio State objects to Interrogatory No. 21 as overly broad and seeking information that is not relevant, unduly burdensome and not proportional to the needs of the case, including because it seeks information beyond the scope of the Discovery Plaintiffs' claims. Ohio State also objects to Interrogatory No. 21 to the extent it seeks attorney-client communications, work undertaken in anticipation of litigation or at the direction of counsel, and/or attorney work product.

## SPECIFIC OBJECTIONS AND WRITTEN
## RESPONSES TO DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:** All documents (including communications within Ohio State, communications between you and any external party advising you on public relations, reputational management and/or crisis management and communications between you and any member of the press) concerning the investigation into Dr. Strauss's abuse that you announced in April 2018 and the subsequent litigation, including but not limited to all documents underlying and related to:

a. Ohio State news releases issued on: April 5, 2018; May 3, 2018; June 7, 2018; July 20, 2018; August 16, 2018; August 30, 2018; September 7, 2018; November 15, 2018; November 16,

2018; February 22, 2019; May 17, 2019; May 31, 2019; October 1, 2019; November 21, 2019; February 27, 2020; March 6, 2020; May 8, 2020; October 13, 2020; December 17, 2020; May 7, 2021; April 15, 2022; and July 22, 2022.

b. Campus-wide email communications from OSU President Drake on: May 3, 2018; June 7, 2018; July 20, 2018; November 15, 2018; February 1, 2019; May 17, 2019.

c. Emails from President Drake to alumni sent on: May 21, 2018; February 1, 2019; May 17, 2019; October 1, 2019.

d. Emails from President Drake to former student-athletes sent on: June 12, 2018; February 1, 2019; May 17, 2019; October 1, 2019.

e. Statements by President Drake on May 20, 2019.

f. The Affirmation of Commitment to resolve claims involving Richard Strauss, Resolution No. 2020-100, made on February 27, 2020.

g. Content and language maintained on straussinvestigation.osu.edu, including but not limited to the questions and answers provided for the media.

**RESPONSE:** Ohio State objects to Request No. 1 as vague because it fails to identify the requested information with reasonable particularity and because Plaintiffs failed to identify the phrase "underlying and related to." Ohio State also objects to Request No. 1 as overly broad and seeking documents that are not relevant, and unduly burdensome and not proportional to the needs of the case, in that it seeks information beyond the scope of the Discovery Plaintiffs' claims. Ohio State additionally objects to Request No. 1 to the extent it seeks information protected by the attorney-client privilege, work product protection, and/or any other applicable privilege.

Ohio State objects to Request No. 1 to the extent it seeks expert information. Such opinions will be disclosed at the time, and in the manner, required by the Court's case schedule. Ohio State

also objects to Request No. 1 to the extent it asks for information related to, or created by, those persons Ohio State or its counsel retained or specifically employed in anticipation of litigation or preparation for trial, or may in the future, but have not identified as trial witnesses in this litigation. *See* Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure. Ohio State additionally objects to Request No. 1 to the extent it seeks communications between Ohio State's attorneys and the persons whom Ohio State expects to call as expert witnesses at trial, or drafts of reports prepared by such persons. *See* 26(b)(4)(B)-(C) of the Federal Rules of Civil Procedure.

Subject to and without waiving its general and specific objections, *see* documents referenced in Defendant's Fact Sheet bates numbered as OSU_00000001 - OSU_00016266 and produced on March 31, 2024 and/or July 17, 2024, and reproduced with these answers and responses. *See also* documents bates numbered OSU_00016271 - OSU_00016487 and OSU_00020797 - OSU_00030701 being produced with these responses. Answering further, Ohio State states that it will search for and produce, if found, additional non-protected documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 2:** All documents concerning the retention of Perkins Coie LLP to conduct the investigation into Dr. Strauss's abuse.

**RESPONSE:** Ohio State objects to Request No. 2 as overly broad and seeking documents that are not relevant, and unduly burdensome and not proportional to the needs of the case, in that it seeks information beyond the scope of the Discovery Plaintiffs' claims. Ohio State also objects to Request No. 2 to the extent it seeks information protected by the attorney-client privilege, work product protection, and/or any other applicable privilege. Ohio State additionally objects to Request No. 2 to the extent it requests documents already in Plaintiffs' or their counsels' possession.

Subject to its general and specific objections, *see* documents bates numbered OSU_00016267 - OSU_00016270 and OSU_00020565 - OSU_00020796 being produced with these responses.

**REQUEST FOR PRODUCTION NO. 3:** All documents, including communications, generated by any Senior Vice President, Vice President, Associate Vice President, Dean, Associate Dean, Assistant Dean, Department Chair, member of the Board of Trustees, or President of OSU, concerning Perkins Coie LLP's investigation.

**RESPONSE:** Ohio State objects to Request No. 3 as overly broad and seeking documents that are not relevant, and unduly burdensome and not proportional to the needs of the case, in that it seeks information beyond the scope of the Discovery Plaintiffs' claims. Ohio State also objects to Request No. 3 to the extent it seeks information protected by the attorney-client privilege, work product protection, and/or any other applicable privilege.

Subject to its general and specific objections, *see* documents bates numbered OSU_00016488 - OSU_00016960, OSU_00018441 - OSU_00019425, OSU_00019992 - OSU_00020530, OSU_00016275 - OSU_00016300, OSU_00016312 - OSU_00016315, OSU_00016330 - OSU_00016345, OSU_00016362 - OSU_00016371, OSU_00016396 - OSU_00016408, OSU_00016425 - OSU_00016428, and OSU_00016440 - OSU_00016445, being produced with these responses.

**REQUEST FOR PRODUCTION NO. 4:** All documents or communications sent by you to the Ohio State Medical Board or sent by the Ohio State Medical Board to you, sent or received from April 2018 to the present, regarding Dr. Strauss.

**RESPONSE:** Ohio State objects to Request No. 4 as vague in that the time period for which information is being requested is not clear. Ohio State also objects to Request No. 4 as overly broad

and seeking documents that are not relevant, and unduly burdensome and not proportional to the needs of the case, in that it seeks information beyond the scope of the Discovery Plaintiffs' claims. Ohio State also objects to Request No. 4 on the grounds that R.C. 4731.22(F)(5) states information provided to the Medical Board is "confidential not subject to discovery in any civil action."

Subject to its general and specific objections, the Medical Board has released redacted versions of Medical Board records, which are publicly available at https://governor.ohio.gov/media/news-and-media/083019. Despite previously seeking the public release of Medical Board information and/or records, OSU is prohibited from producing the unredacted Medical Board records pursuant to R.C. 4731.22(F)(5). *See also* May 16, 2019 Opinion and Order (*Garrett, et al. v. The Ohio State Univ.*, Case No. 2:18-cv-00692, ECF No. 89; *Snyder-Hill, et al. v. The Ohio State Univ.*, Case No. 2:18-cv-00736, ECF No. 69).

**REQUEST FOR PRODUCTION NO. 5:** All documents, communications, or reports, formal or informal, sent by you to the Ohio State Medical Board or sent by the Ohio State Medical Board to you, between 1978 and 1998, made to comply with OSU's mandatory reporting obligations under the law.

**RESPONSE:** Ohio State objects to Request No. 5 to the extent it seeks to state or imply that persons referenced in documents are administrators with authority to take corrective action such that their knowledge can be imputed as Ohio State's knowledge under Title IX. Ohio State also objects to Request No. 5 as vague in that Plaintiffs have not defined what they mean by "mandatory reporting obligations." Ohio State additionally objects to Request No. 5 to the extent it seeks a legal conclusion. Ohio State further objects to Request No. 5 to the extent it seeks to state or imply that "Ohio State," without limitation, was required to report to the Ohio State Medical Board for the entire period at issue (1978 to 1998).

33

Ohio State objects to Request No. 5 as overly broad and seeking information that is not relevant, unduly burdensome and not proportional to the needs of the case, including because it seeks information both beyond the scope of the Discovery Plaintiffs' claims and unrelated to Dr. Strauss. Ohio State also objects to Request No. 5 on the grounds that R.C. 4731.22(F)(5) states information provided to the Medical Board is "confidential not subject to discovery in any civil action." Ohio State additionally objects to Request No. 5 on the grounds it seeks information from approximately 30-50 years ago, and such information may no longer be in Ohio State's possession, custody, or control. Due to the passage of time, persons with knowledge may have left Ohio State or passed on, and documents may no longer exist. Ohio State has conducted a reasonable search of its historical records for responsive information to the best of its ability. The fact a record was not located does not mean that such a record did or did not exist in the past.

Subject to and without waiving its general and specific objections, Ohio State states that that Judith Brady, the Assistant Director for Administration, Health Services, provided information to the Medical Board on July 15, 1996. The Medical Board has released redacted versions of Medical Board records, which are publicly available at https://governor.ohio.gov/media/news-and-media/083019. Despite previously seeking the public release of Medical Board information and/or records, OSU is prohibited from producing the unredacted Medical Board records pursuant to R.C. 4731.22(F)(5). *See also* May 16, 2019 Opinion and Order (*Garrett, et al. v. The Ohio State Univ.*, Case No. 2:18-cv-00692, ECF No. 89; *Snyder-Hill, et al. v. The Ohio State Univ.*, Case No. 2:18-cv-00736, ECF No. 69).

**REQUEST FOR PRODUCTION NO. 6:** All documents or communications sent by you to the Ohio Governor's Working Group on Reviewing of the Medical Board's Handling of the Investigation Involving Richard Strauss or sent to you by the Ohio Governor's Working Group on

Reviewing of the Medical Board's Handling of the Investigation Involving Richard Strauss, sent or received from April 2018 to the present.

**RESPONSE:** Ohio State objects to Request No. 6 as overly broad and seeking information that is not relevant, unduly burdensome and not proportional to the needs of the case, including because it seeks information beyond the scope of the Discovery Plaintiffs' claims. Ohio State also objects to Request No. 6 on the grounds that R.C. 4731.22(F)(5) states information provided to the Medical Board is "confidential not subject to discovery in any civil action."

Subject to and without waiving its general and specific objections, Ohio State states the Medical Board has released redacted versions of Medical Board records, which are publicly available at https://governor.ohio.gov/media/news-and-media/083019. Despite previously seeking the public release of Medical Board information and/or records, Ohio State is prohibited from producing the unredacted Medical Board records pursuant to R.C. 4731.22(F)(5). *See also* May 16, 2019 Opinion and Order (*Garrett, et al. v. The Ohio State Univ.*, Case No. 2:18-cv-00692, ECF No. 89; *Snyder-Hill, et al. v. The Ohio State Univ.*, Case No. 2:18-cv-00736, ECF No. 69).

**REQUEST FOR PRODUCTION NO. 7:** All documents or communications within Ohio State or between you and any external party concerning Dr. Strauss, any investigation concerning Dr. Strauss, or any of the litigations concerning Dr. Strauss.

**RESPONSE:** Ohio State objects to Request No. 7 as vague in that Plaintiffs have failed to identify with particularity what they are requesting. Ohio State also objects to Request No. 7 as overly broad and seeking information that is not relevant, unduly burdensome and not proportional to the needs of the case, including because it seeks information beyond the scope of the Discovery Plaintiffs' claims. Ohio State additionally objects to Request No. 7 to the extent it seeks information protected by the attorney-client privilege, work product protection, and/or any other

35

applicable privilege. Ohio State further objects to Request No. 7 on the grounds that R.C. 4731.22(F)(5) states information provided to the Medical Board is "confidential not subject to discovery in any civil action."

Further responding, Ohio State objects to Request No. 7 to the extent it seeks expert information. Such opinions will be disclosed at the time, and in the manner, required by the Court's case schedule. Ohio State also objects to Request No. 7 to the extent it asks for information related to, or created by, those persons Ohio State or its counsel retained or specifically employed in anticipation of litigation or preparation for trial, or may in the future, but have not identified as trial witnesses in this litigation. *See* Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure. Ohio State additionally objects to Request No. 7 to the extent it seeks communications between Ohio State's attorneys and the persons whom Ohio State expects to call as expert witnesses at trial, or drafts of reports prepared by such persons. *See* 26(b)(4)(B)-(C) of the Federal Rules of Civil Procedure.

Ohio State objects to Request No. 7 on the grounds it seeks information from approximately 30-50 years ago, and such information may no longer be in Ohio State's possession, custody, or control. Due to the passage of time, persons with knowledge may have left Ohio State or passed on, and documents may no longer exist. Ohio State has conducted a reasonable search of its historical records for responsive information to the best of its ability. The fact a record was not located does not mean that such a record did or did not exist in the past.

Subject to and without waiving its general and specific objections, *see* documents referenced in Defendant's Fact Sheet bates numbered as OSU_00000001 - OSU_00016266 and produced on March 31, 2024 and/or July 17, 2024. *See* also documents bates numbered as OSU_00016267 - OSU_00030701 being produced with these responses and additional non-

36

protected information Ohio State has stated it will search for and produce, if found, in these written answers and responses.

**REQUEST FOR PRODUCTION NO. 8:** All documents or communications within Ohio State or between you and any external party advising you on public relations, reputational management, and/or crisis management concerning the report issued on August 30, 2019, by the Governor's Working Group on Reviewing of the Medical Board's Handling of the Investigation Involving Richard Strauss.

**RESPONSE:** Ohio State objects to Request No. 8 as overly broad and seeking documents that are not relevant, and unduly burdensome and not proportional to the needs of the case, in that it seeks information beyond the scope of the Discovery Plaintiffs' claims. Ohio State also objects to Request No. 8 to the extent it seeks information protected by the attorney-client privilege, work product protection, and/or any other applicable privilege. Ohio State additionally objects to Request No. 8 to the extent it asks for information related to, or created by, those persons Ohio State or its counsel retained or specifically employed in anticipation of litigation or preparation for trial, or may in the future, but have not identified as trial witnesses in this litigation. *See* Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 9:** All communications between members of the OSU Board of Trustees regarding the decision to revoke Dr. Strauss's emeritus status.

**RESPONSE:** Ohio State objects to Request No. 9 as overly broad and seeking information that is not relevant, unduly burdensome and not proportional to the needs of the case, including because it seeks information beyond the scope of the Discovery Plaintiffs' claims. Ohio State also objects to Request No. 9 to the extent it seeks information available publicly, including Ohio State Board of Trustees meeting minutes. Ohio State additionally objects to Request No. 9 to the extent it seeks

information protected by the attorney-client privilege, work product protection, and/or any other applicable privilege.

Subject to and without waiving its general and specific objections, Ohio State will produce the meeting minutes and/or transcript from the Ohio State Board of Trustees May 31, 2019, meeting.

**REQUEST FOR PRODUCTION NO. 10:** All communications between members of the OSU Board of Trustees at any time concerning Dr. Strauss, any investigation concerning Dr. Strauss, or any of the litigations concerning Dr. Strauss.

**RESPONSE:** Ohio State objects to Request No. 10 as overly broad and seeking information that is not relevant, unduly burdensome and not proportional to the needs of the case, including because it seeks information beyond the scope of the Discovery Plaintiffs' claims. Ohio State also objects to Request No. 10 to the extent it seeks information available publicly, including Ohio State Board of Trustees meeting minutes. Ohio State additionally objects to Request No. 10 to the extent it seeks information protected by the attorney-client privilege, work product protection, and/or any other applicable privilege.

Ohio State objects to Request No. 10 on the grounds it seeks information from approximately 30-50 years ago, and such information may no longer be in Ohio State's possession, custody, or control. Due to the passage of time, persons with knowledge may have left Ohio State or passed on, and documents may no longer exist. The fact a record was not located does not mean that such a record did or did not exist in the past.

Subject to and without waiving its general and specific objections, Ohio State will produce the meeting minutes and transcript from the Ohio State Board of Trustees November 15-16, 2018,

November 20-21, 2019, November 18-19, 2020, November 16-18, 2021, November 15-17, 2022, and May 31, 2019, meetings.

**REQUEST FOR PRODUCTION NO. 11:** All communications between one or more members of the OSU Board of Trustees and anyone (other than OSU counsel) concerning Dr. Strauss, any investigation concerning Dr. Strauss, or any of the litigations concerning Dr. Strauss.

**RESPONSE:** Ohio State objects to Request No. 11 as overly broad and seeking information that is not relevant, unduly burdensome and not proportional to the needs of the case, including because it seeks information beyond the scope of the Discovery Plaintiffs' claims. Ohio State also objects to Request No. 11 to the extent it seeks information available publicly, including Ohio State Board of Trustees meeting minutes. Ohio State additionally objects to Request No. 11 on the grounds it seeks information from approximately 30-50 years ago, and such information may no longer be in Ohio State's possession, custody, or control. Due to the passage of time, persons with knowledge may have left Ohio State or passed on, and documents may no longer exist. The fact a record was not located does not mean that such a record did or did not exist in the past.

Subject to and without waiving its general and specific objections, Ohio State will produce the meeting minutes and transcript from the Ohio State Board of Trustees November 15-16, 2018, November 20-21, 2019, November 18-19, 2020, November 16-18, 2021, November 15-17, 2022, and May 31, 2019, meetings.

**REQUEST FOR PRODUCTION NO. 12:** All communications between OSU President Michael V. Drake and anyone (other than OSU counsel) concerning Dr. Strauss, any investigation concerning Dr. Strauss, or any of the litigations concerning Dr. Strauss.

**RESPONSE:** Ohio State objects to Request No. 12 as overly broad and seeking information that is not relevant, unduly burdensome and not proportional to the needs of the case, including because

it seeks information beyond the scope of the Discovery Plaintiffs' claims. President Drake did not become President of Ohio State until 2014. The Discovery Plaintiffs do not allege deliberate indifference on the part of Ohio State related to Dr. Strauss in 2014 or after. Ohio State also objects to Request No. 12 to the extent it seeks information available publicly, including information on Ohio State's public website related to Dr. Strauss.

**REQUEST FOR PRODUCTION NO. 13:** All communications between OSU President Kristina M. Johnson and anyone (other than OSU counsel) concerning Dr. Strauss, any investigation concerning Dr. Strauss, or any of the litigations concerning Dr. Strauss.

**RESPONSE:** Ohio State objects to Request No. 13 as overly broad and seeking information that is not relevant, unduly burdensome and not proportional to the needs of the case, including because it seeks information beyond the scope of the Discovery Plaintiffs' claims. President Johnson did not become President of Ohio State until 2020. The Discovery Plaintiffs do not allege deliberate indifference on the part of Ohio State related to Dr. Strauss in 2020 or after. Ohio State also objects to Request No. 13 to the extent it seeks information available publicly, including information on Ohio State's public website related to Dr. Strauss.

**REQUEST FOR PRODUCTION NO. 14:** All communications between OSU Acting President Peter Mohler and anyone (other than OSU counsel) concerning Dr. Strauss, any investigation concerning Dr. Strauss, or any of the litigations concerning Dr. Strauss.

**RESPONSE:** Ohio State objects to Request No. 14 as overly broad and seeking information that is not relevant, unduly burdensome and not proportional to the needs of the case, including because it seeks information beyond the scope of the Discovery Plaintiffs' claims. The Discovery Plaintiffs do not allege deliberate indifference on the part of Ohio State related to Dr. Strauss in 2023 or after. Ohio State also objects to Request No. 14 to the extent it seeks information available

40

publicly, including information on Ohio State's public website related to Dr. Strauss.

**REQUEST FOR PRODUCTION NO. 15:** All communications between OSU President Walter E. Carter Jr. and anyone (other than OSU counsel) concerning Dr. Strauss, any investigation concerning Dr. Strauss, or any of the litigations concerning Dr. Strauss.

**RESPONSE:** Ohio State objects to Request No. 15 as overly broad and seeking information that is not relevant, unduly burdensome and not proportional to the needs of the case, including because it seeks information beyond the scope of the Discovery Plaintiffs' claims. President Carter did not become President of Ohio State until 2024. The Discovery Plaintiffs do not allege deliberate indifference on the part of Ohio State related to Dr. Strauss in 2024 or after. Ohio State also objects to Request No. 15 to the extent it seeks information available publicly, including information on Ohio State's public website related to Dr. Strauss.

**REQUEST FOR PRODUCTION NO. 16:** All documents related to any formal or informal grievances identified in response to Interrogatory 5, including any grievance procedures operative in 1979, 1980, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1995, 1996, 1997, and/or 1998.

**RESPONSE:** Ohio State objects to Request No. 16 as vague in that Plaintiffs have not defined what they mean by the terms "grievances," "procedures," "formal," or "informal." Ohio State also objects to Request No. 16 as overly broad and seeking information that is not relevant, unduly burdensome and not proportional to the needs of the case, including because it seeks information both beyond the scope of the Discovery Plaintiffs' claims and unrelated to Dr. Strauss. Ohio State additionally objects to Request No. 16 to the extent it seeks confidential, personally identifying, personal health, personal educational, and/or other non-public information of a private, personal or sensitive nature related to students other than the Plaintiffs, including information about other

students that is protected by FERPA, HIPAA and/or other federal or state law. Ohio State further objects to Request No. 16 to the extent it seeks information protected by the attorney-client privilege, work product protection, and/or any other applicable privilege.

Ohio State objects to Request No. 16 on the grounds it seeks information from approximately 30-50 years ago, and such information may no longer be in Ohio State's possession, custody, or control. Due to the passage of time, persons with knowledge may have left Ohio State or passed on, and documents may no longer exist. Ohio State has conducted a reasonable search of its historical records for responsive information to the best of its ability. The fact a record was not located does not mean that such a record did or did not exist in the past.

Subject to and without waiving its general and specific objections, Ohio State directs Plaintiffs to the following documents produced with Defendant's Fact Sheet and which it is reproducing with these answers and responses:

| Bates Range | Title/Description |
|---|---|
| OSU_00000066 - OSU_00000082 | Collection of letters and documents |
| OSU_00000353 - OSU_00000356 | Fax from Ninos to Williams, July 22, 1996 |
| OSU_00000374 - OSU_00000375 | Memorandum from Ninos to Williams, 07/22/1996 |
| OSU_00000410 - OSU_00000411 | Letter from Strauss to Williams, 06/03/1996 |
| OSU_00000477 - OSU_00000477 | Letter from Lombardo to Krebs, 11/07/1994 |
| OSU_00004937 - OSU_00004940 | Memorandum from Ninos to Williams, 07/22/1996 |
| OSU_00004954 - OSU_00004955 | Letter from Ninos to David Williams re Strauss complaints, 07/22/96 |
| OSU_00005023 - OSU_00005024 | Letter from Strauss to Williams, 06/03/1996 |
| OSU_00005072 - OSU_00005072 | Letter from Lombardo to Krebs, 11/7/1994 |
| OSU_00005085 - OSU_00005089 | Proposed Athletic Department Student Grievance Procedure, undated |
| OSU_00005176 - OSU_00005285 | OSU Dept of Athletics Policies and Procedures Manual, 04/1982 |
| OSU_00005320 - OSU_00005426 | OSU Dept of Athletics Policies and Procedures Manual, 1982 |
| OSU_00005436 - OSU_00005547 | OSU Dept of Athletics Policies and Procedures Manual, 1982 |
| OSU_00006777 - OSU_00006907 | Collection of documents including information related to |

| Bates Range | Title/Description |
|---|---|
| | complaints and/or responses |
| OSU_00007023 - OSU_00007023 | Letter re: Athletics Grievance Procedure, 06/03/81 |
| OSU_00007024 - OSU_00007024 | Athletic Department Grievance Procedure, 1981 |
| OSU_00007025 - OSU_00007025 | Department of Intercollegiate Athletics Student Grievance Procedure, 1982 |
| OSU_00012627 - OSU_00012634 | Attachment to Email dated 09/30/2019 |

**REQUEST FOR PRODUCTION NO. 17:** All documents related to any formal or informal sexual harassment complaints identified in response to Interrogatory 7.

**RESPONSE:** Ohio State objects to Request No. 17 as vague in that Plaintiffs have not defined what they mean by the terms "complaints," "formal," or "informal." Ohio State also objects to Request No. 17 as overly broad and seeking information that is not relevant, unduly burdensome and not proportional to the needs of the case, including because it seeks information both beyond the scope of the Discovery Plaintiffs' claims and unrelated to Dr. Strauss. Ohio State additionally objects to Request No. 17 to the extent it seeks confidential, personally identifying, personal health, personal educational, and/or other non-public information of a private, personal or sensitive nature related to students other than the Plaintiffs, including information about other students that is protected by FERPA, HIPAA and/or other federal or state law. Ohio State additionally objects to Request No. 17 to the extent it seeks information protected by the attorney-client privilege, work product protection, and/or any other applicable privilege.

Ohio State objects to Request No. 17 on the grounds it seeks information from approximately 30-50 years ago, and such information may no longer be in Ohio State's possession, custody, or control. Due to the passage of time, persons with knowledge may have left Ohio State or passed on, and documents may no longer exist. Ohio State has conducted a reasonable search of its historical records for responsive information to the best of its ability. The fact a record was not located does not mean that such a record did or did not exist in the past.

43

Subject to and without waiving its general and specific objections, Ohio State directs
Plaintiffs to the following documents produced with Defendant's Fact Sheet and which it is
reproducing with these answers and responses:

| Bates Range | Title/Description |
|---|---|
| OSU_00000066 - OSU_00000082 | Collection of letters and documents |
| OSU_00000317 - OSU_00000321 | Letter from Strauss to Medical Board, 04-19-1996 |
| OSU_00000322 - OSU_00000323 | Letter from Strauss to Gee, 07-30-1997 |
| OSU_00000324 - OSU_00000327 | Letter from Ninos to Nagy, 06/03/1996 |
| OSU_00000328 - OSU_00000337 | Handwritten notes, undated (10 pages) |
| OSU_00000338 - OSU_00000339 | Letter from Williams to Strauss/Nagy, August 1996 |
| OSU_00000340 - OSU_00000344 | Fax from Ninos to Nagy, 03/13/1996 |
| OSU_00000345 - OSU_00000345 | Draft Letter from Williams to Strauss/Nagy, August 1996 |
| OSU_00000346 - OSU_00000352 | Handwritten Note, 07/15/1996 |
| OSU_00000353 - OSU_00000356 | Fax from Ninos to Williams, 07/22/1996 |
| OSU_00000357 - OSU_00000359 | Handwritten notes (3 pages), undated |
| OSU_00000360 - OSU_00000360 | Message from Gonzalez to Ninos, 01/16/1996 |
| OSU_00000361 - OSU_00000361 | Handwritten notes, undated (1 page) |
| OSU_00000362 - OSU_00000366 | Memorandum, 01/10/1996 |
| OSU_00000367 - OSU_00000367 | Letter from Grace to student, 01/26/1995 |
| OSU_00000368 - OSU_00000369 | Letter from Ninos to Nagy, 04/24/1996 |
| OSU_00000370 - OSU_00000370 | Letter to Nagy, 04/02/1996 |
| OSU_00000371 - OSU_00000373 | Correspondence, 03/1996 – 04/1996 |
| OSU_00000374 - OSU_00000375 | Memorandum from Ninos to Williams, 07/22/1996 |
| OSU_00000376 - OSU_00000381 | Letter from Grace to Ninos and Williams, 06/27/1996 |
| OSU_00000382 - OSU_00000384 | Letter from Nagy to Ninos, 06/26/1996, Handwritten Notes, undated (1 page) |
| OSU_00000385 - OSU_00000386 | Documentation of Student Complaint, Jan. 1996 |
| OSU_00000387 - OSU_00000390 | Patient Comment, 01/06/1995 |
| OSU_00000391 - OSU_00000398 | Patient Comment, January 3, 1995 |
| OSU_00000399 - OSU_00000409 | Letter from Strauss to Williams, 06/05/1996 |
| OSU_00000410 - OSU_00000411 | Letter from Strauss to Williams, 06/03/1996 |
| OSU_00000412 - OSU_00000429 | Letter from Strauss to Williams, 06/05/1996 |
| OSU_00000430 - OSU_00000431 | Letter from Ninos to Nagy, 03/13/1996 |
| OSU_00000432 - OSU_00000439 | Letter from Nagy to Sisson, 03/01/1996 |
| OSU_00000440 - OSU_00000444 | Fax from Ninos to Grace, Rudd, and Williams, 03/08/1996 |
| OSU_00000445 - OSU_00000449 | Letter from Nagy to Sisson, 03/01/1996 |
| OSU_00000450 - OSU_00000450 | Letter from Nagy to Sisson, 03/01/1996 |
| OSU_00000451 - OSU_00000451 | Letter from Daniels to Strauss, 01/19/1996 |
| OSU_00000473 - OSU_00000476 | Letter to Nagy from Ninos, 1996; Letter to Ninos from Nagy, 1996 |

44

| Bates Range | Title/Description |
|---|---|
| OSU_00000477 - OSU_00000477 | Letter from Lombardo to Krebs, 11/07/1994 |
| OSU_00000478 - OSU_00000478 | Handwritten notes (1 page), undated |
| OSU_00000479 - OSU_00000479 | Handwritten note |
| OSU_00000480 - OSU_00000480 | Handwritten note |
| OSU_00000481 - OSU_00000481 | Handwritten Notes, undated (1 page) |
| OSU_00000482 - OSU_00000483 | Handwritten Note |
| OSU_00000486 - OSU_00000487 | Letter from Ninos to Strauss, 03/13/1996 |
| OSU_00000488 - OSU_00000492 | Memorandum, 01/10/96 |
| OSU_00001432 - OSU_00001433 | Letter from Strauss to Gee, 7/30/97 |
| OSU_00001434 - OSU_00001438 | Letter from Strauss to OSMB, 04/19/96 |
| OSU_00001757 - OSU_00001757 | Letter from Nagy to Ninos, 06/26/1996 |
| OSU_00001758 - OSU_00001758 | Draft Letter from Williams to Strauss, 08/05/1996 |
| OSU_00001759 - OSU_00001759 | Email from Gonzales to Ninos, 01/16/1996 |
| OSU_00001760 - OSU_00001763 | Letter from Ninos to Nagy, 04/02/96; Letter from Nagy to Ninos, 3/14/96 |
| OSU_00001764 - OSU_00001768 | Fax from Ninos to Grace, Rudd, and Williams, 03/08/1996 |
| OSU_00001769 - OSU_00001773 | Fax from Ninos to Trethewey; March 5, 1996 |
| OSU_00001781 - OSU_00001784 | Letter to Nagy from Ninos |
| OSU_00004909 - OSU_00004912 | Letter from Ninos to Nagy, 06/03/1996 |
| OSU_00004913 - OSU_00004922 | Handwritten notes, undated (10 pages) |
| OSU_00004923 - OSU_00004924 | Letter from Williams to Strauss, 08/05/96 |
| OSU_00004925 - OSU_00004929 | Letter from Ninos to Strauss, 03/13/96 |
| OSU_00004930 - OSU_00004936 | Handwritten Notes, 07/15/96 |
| OSU_00004937 - OSU_00004940 | Memorandum from Ninos to Williams, 07/22/96 |
| OSU_00004941 - OSU_00004943 | Handwritten notes, undated (3 page) |
| OSU_00004944 - OSU_00004944 | Handwritten notes, undated (1 page) |
| OSU_00004945 - OSU_00004949 | Memorandum, 01/10/96 |
| OSU_00004950 - OSU_00004950 | Letter from Grace to Student Complainant, 01/26/1995 |
| OSU_00004951 - OSU_00004952 | Letter from Ninos to Nagy, 04/24/96 |
| OSU_00004953 - OSU_00004953 | Letter to Nagy, 04/02/96 |
| OSU_00004954 - OSU_00004955 | Memo from Ninos to Williams, 07/22/96 |
| OSU_00004956 - OSU_00004961 | Memo from Grace to Williams and Ninos, 06/27/96 |
| OSU_00004962 - OSU_00004964 | Fax from Nagy to Ninos, 06/26/1996 |
| OSU_00004965 - OSU_00004966 | Documentation of Student Complaint, Jan. 1996 |
| OSU_00004967 - OSU_00004970 | Patient Comment, 01/06/95 |
| OSU_00004971 - OSU_00004978 | Patient records for unnamed student, 01/03/1995 |
| OSU_00004979 - OSU_00005022 | Letter from Strauss to Williams with attachments, 06/05/1996 |
| OSU_00005023 - OSU_00005024 | Letter from Strauss to Williams, 06/03/1996 |
| OSU_00005025 - OSU_00005042 | Letter from Strauss to Williams, 6/5/1996 |
| OSU_00005043 - OSU_00005044 | Letter from Ninos to Nagy, 3/13/1996 |
| OSU_00005045 - OSU_00005052 | Fax from Ninos to Grace re: letter from Nagy to Sisson, 3/12/1996 |

| Bates Range | Title/Description |
|---|---|
| OSU_00005053 - OSU_00005053 | Letter from Nagy to student, dated 2/9/96 |
| OSU_00005054 - OSU_00005054 | Fax from Grace to Ninos (Page 2), 03/04/1996 |
| OSU_00005055 - OSU_00005055 | Fax from Grace to Ninos (Page 3), 03/04/1996 |
| OSU_00005056 - OSU_00005056 | Letter from Daniels to Strauss, 1/19/1996 |
| OSU_00005072 - OSU_00005072 | Letter from Lombardo to Krebs, 11/7/1994 |
| OSU_00005073 - OSU_00005073 | Handwritten notes, undated |
| OSU_00005074 - OSU_00005074 | Handwritten notes, undated (1 page) |
| OSU_00005075 - OSU_00005075 | Handwritten notes, undated (1 page) |
| OSU_00005076 - OSU_00005076 | Handwritten notes, undated (1 page) |
| OSU_00005077 - OSU_00005077 | Handwritten notes, undated (1 page) |
| OSU_00005078 - OSU_00005082 | Handwritten Notes, 11/7/1994 |
| OSU_00005687 - OSU_00005691 | Email from Trethewey to Wolford with attachments, 06/07/1997 |
| OSU_00006735 - OSU_00006738 | Memorandum, 01/10/96 |
| OSU_00006739 - OSU_00006743 | Letter from Grace to Ninos and Williams, 06/27/1996 |
| OSU_00006744 - OSU_00006744 | Letter from Grace, 01/26/1995 |
| OSU_00006777 - OSU_00006907 | Collection of documents including information related to complaints and/or responses |
| OSU_00006998 - OSU_00007020 | Collection of documents including student complaint |
| OSU_00007198 - OSU_00007201 | Letter from Strauss to OSMB, 03/13/96 |
| OSU_00016117 - OSU_00016266 | Correspondence regarding Strauss complaints |

**REQUEST FOR PRODUCTION NO. 18:** All documents related to any procedures identified in response to Interrogatory 8, including any materials used to train and/or inform employees, officers, and agents of their mandatory reporting obligations to the Ohio State Medical Board.

**RESPONSE:** Ohio State objects to Request No. 18 as vague in that Plaintiffs have not defined what they mean by "procedures," "train," "inform," and "mandatory reporting obligations." Ohio State also objects to the extent Request No. 18 seeks a legal conclusion. Ohio State additionally objects to Request No. 18 to the extent it seeks to state or imply that all "employees, officers, and agents" of Ohio State were required to report to the Ohio State Medical Board. Ohio State further objects to Request No. 18 as overly broad and seeking information that is not relevant, unduly burdensome and not proportional to the needs of the case, including because it seeks information beyond the scope of the Discovery Plaintiffs' claims. Ohio State additionally objects to Request

46

No. 18 to the extent it seeks information protected by the attorney-client privilege, work product protection, and/or any other applicable privilege.

Ohio State objects to Request No. 18 on the grounds it seeks information from approximately 30-50 years ago, and such information may no longer be in Ohio State's possession, custody, or control. Due to the passage of time, persons with knowledge may have left Ohio State or passed on, and documents may no longer exist. Ohio State has conducted a reasonable search of its historical records for responsive information to the best of its ability. The fact a record was not located does not mean that such a record did or did not exist in the past.

Subject to and without waiving its general and specific objections, *see* Answer to Interrogatory No. 8 and the non-protected information Ohio State indicated it will search for and produce, if found.

**REQUEST FOR PRODUCTION NO. 19:** All documents related to OSU's policies and procedures governing employee conduct and responsibilities with respect to potential misconduct by OSU employees, potential abuse or mistreatment of a student or other participant in an OSU program, inappropriate provision of medical care, or sexual harassment, operative in 1978, 1979, 1980, 1981, 1982, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1994, 1995, 1996, 1997, and/or 1998, including but not limited to policy and procedure manuals, operating manuals, Human Resources policy manuals, policy development checklists, faculty rules, faculty handbooks, regulations, bylaws, and/or standards of conduct.

**RESPONSE:** Ohio State objects to Request No. 19 as vague in that Plaintiffs have not defined what they mean by the phrases "other participant" and "inappropriate provision of medical care." Ohio State also objects to Request No. 19 as overly broad and seeking information that is not relevant, unduly burdensome and not proportional to the needs of the case, including because it

seeks information both beyond the scope of the Discovery Plaintiffs' claims and unrelated to Dr. Strauss. Ohio State additionally objects to Request No. 19 to the extent it seeks information protected by the attorney-client privilege, work product protection, and/or any other applicable privilege.

Ohio State objects to Request No. 19 on the grounds it seeks information from approximately 30-50 years ago, and such information may no longer be in Ohio State's possession, custody, or control. Due to the passage of time, persons with knowledge may have left Ohio State or passed on, and documents may no longer exist. Ohio State has conducted a reasonable search of its historical records for responsive information to the best of its ability. The fact a record was not located does not mean that such a record did or did not exist in the past.

Subject to and without waiving its general and specific objections, Ohio State directs Plaintiffs to the following documents produced with Defendant's Fact Sheet and which it is reproducing with these responses:

| Bates Range | Title/Description |
|---|---|
| OSU_00000001 - OSU_00000002 | OSU Operating Manual: Sexual Harassment Policy, 1980 |
| OSU_00000003 - OSU_00000004 | OSU Operating Manual: Sexual Harassment, 1983 |
| OSU_00000005 - OSU_00000015 | Policy and Procedure Manual: Sexual Harassment, 1993 |
| OSU_00000016 - OSU_00000027 | Office of Human Resources Policy Manual: Sexual Harassment, 1/15/97 |
| OSU_00000028 - OSU_00000040 | Office of Human Resources Policy Manual: Sexual Harassment, 1/15/97 |
| OSU_00000041 - OSU_00000042 | OSU Operating Manual: Disciplinary Action non-faculty staff, 1980 |
| OSU_00000043 - OSU_00000044 | Policy and Procedure Manual: Disciplinary Action, 1983 |
| OSU_00000045 - OSU_00000045 | Policy Development Checklist: Corrective Action, Sep 1993 |
| OSU_00000046 - OSU_00000047 | Policy and Procedure Manual: Corrective Action, non-faculty staff, 1994 |
| OSU_00000048 - OSU_00000050 | Policy and Procedure Manual: Corrective Action, non-faculty staff, 1997 |
| OSU_00000051 - OSU_00000052 | OSU Office of Human Resources Policy and Procedure Manual: Arrest and Conviction of Staff, 1980 |

| Bates Range | Title/Description |
|---|---|
| OSU_00000053 - OSU_00000065 | Office of Human Resources Policy Manual: Sexual Harassment, 1997 |
| OSU_00000311 - OSU_00000314 | Policy and Procedure Manual - Incident Reporting, 1992 |
| OSU_00000315 - OSU_00000316 | Policy and Procedure Manual - Sexual Harassment (05-20-92) |
| OSU_00001412 - OSU_00001414 | University Hospitals Policy and Procedures Manual, October 31, 1996 |
| OSU_00001429 - OSU_00001431 | University Hospitals Workplace Standards of Conduct Policies and Procedures, 1996 |
| OSU_00002603 - OSU_00002618 | Code of Student Rights and Responsibilities, 1978-1979 |
| OSU_00002619 - OSU_00002634 | Code of Student Rights and Responsibilities, 1979-1980 |
| OSU_00002635 - OSU_00002650 | Code of Student Rights and Responsibilities, 1981-1982 |
| OSU_00002674 - OSU_00002733 | Hospitals: Rules, Regulations & Bylaws of Medical Staff File, 1994 |
| OSU_00002734 - OSU_00002794 | Hospitals: Rules, Regulations & Bylaws of Medical Staff File, 1994 |
| OSU_00002892 - OSU_00002979 | College of Medicine Bylaws Folder |
| OSU_00003533 - OSU_00003587 | 1978 Faculty Rules |
| OSU_00003588 - OSU_00003644 | 1979 Faculty Rules |
| OSU_00003645 - OSU_00003701 | 1980 Faculty Rules |
| OSU_00003702 - OSU_00003766 | 1983 Faculty Rules |
| OSU_00003767 - OSU_00003840 | 1987 Faculty Rules |
| OSU_00003841 - OSU_00003907 | 1992 Faculty Rules |
| OSU_00003908 - OSU_00004046 | Draft 1993 Faculty Rules |
| OSU_00004047 - OSU_00004192 | Draft of 1994 Faculty Rules |
| OSU_00004193 - OSU_00004348 | 1996 Faculty Rules |
| OSU_00004349 - OSU_00004473 | 1997 Faculty Rules |
| OSU_00004474 - OSU_00004603 | 1998 Faculty Rules |
| OSU_00004718 - OSU_00004718 | Athletic Department Grievance Procedure, 06/04/81 |
| OSU_00004755 - OSU_00004849 | Faculty Handbook, 1984-1985 |
| OSU_00004850 - OSU_00004881 | OSU Policies re: Human Subjects Research, 1984 |
| OSU_00005085 - OSU_00005089 | Proposed Athletic Department Student Grievance Procedure, undated |
| OSU_00005090 - OSU_00005091 | OSU Operating Manual: Sexual Harassment Policy, 1980 |
| OSU_00005176 - OSU_00005285 | OSU Dept of Athletics Policies and Procedures Manual, 04/1982 |
| OSU_00005286 - OSU_00005319 | Letter from Smith, 05/06/1991 with attachments |
| OSU_00005320 - OSU_00005426 | OSU Dept of Athletics Policies and Procedures Manual, 1982 |
| OSU_00005436 - OSU_00005547 | OSU Dept of Athletics Policies and Procedures Manual, 1982 |

| Bates Range | Title/Description |
|---|---|
| OSU_00005548 - OSU_00005556 | Policy and Procedure Manual: Sexual Harassment 1993 |
| OSU_00005557 - OSU_00005578 | Bylaws of the Medical Staff (OSU Hospitals) approved 1982, 1983, and 1985 |
| OSU_00005579 - OSU_00005579 | OSU Operating Manual: Sexual Harassment Policy, 1980 |
| OSU_00005580 - OSU_00005675 | University Faculty Handbook, 1989 |
| OSU_00005676 - OSU_00005676 | OSU Operating Manual: Sexual Harassment Policy, 1980 |
| OSU_00005677 - OSU_00005678 | OSU Operating Manual: Sexual Harassment Policy, 1980 |
| OSU_00005679 - OSU_00005685 | Memo re: Update on Sexual Harassment Policy, 05/09/95 |
| OSU_00005686 - OSU_00005686 | OSU Operating Manual: Sexual Harassment Policy, 1980 |
| OSU_00005687 - OSU_00005691 | Email from Trethewey to Wolford with attachments, 06/07/1997 |
| OSU_00006199 - OSU_00006199 | Letter re: Sexual Harassment Policy, 10/24/1980 |
| OSU_00006614 - OSU_00006674 | Hospitals: Rules, Regulations & Bylaws of Medical Staff File, 1994 |
| OSU_00006675 - OSU_00006734 | Hospitals: Rules, Regulations & Bylaws of Medical Staff File, 1995 |
| OSU_00006745 - OSU_00006760 | Code of Student Rights and Responsibilities, 1979-1980 |
| OSU_00006761 - OSU_00006776 | OSU Code of Student Rights and Responsibilities, 1981/1982 |
| OSU_00006777 - OSU_00006907 | Collection of documents including policy information |
| OSU_00006919 - OSU_00006927 | Letter from Mekhjian, 12/27/1983 with attachments |
| OSU_00006928 - OSU_00006965 | Code of Student Rights and Responsibilities, 1980-1981 |
| OSU_00006966 - OSU_00006997 | 5.0 University Health Service Folder |
| OSU_00006998 - OSU_00007020 | Collection of documents including policy information |
| OSU_00007023 - OSU_00007023 | Letter re: Athletics Grievance Procedure, 1981 |
| OSU_00007024 - OSU_00007024 | Athletic Department Grievance Procedure, 1981 |
| OSU_00007025 - OSU_00007025 | Department of Intercollegiate Athletics Student Grievance Procedure, 1982 |
| OSU_00007171 - OSU_00007197 | College of Medicine Faculty Council Meeting Minutes; Memo to Deans re: Revised Faculty Rule 3335-5-04, 1/10/93 |

**REQUEST FOR PRODUCTION NO. 20:** All documents related to OSU's policies and procedures governing employee responsibilities to report or investigate criminal behavior or abuse of children by an OSU employee, operative in 1979, 1981, 1982, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1995, 1996, 1997, and/or 1998, including but not limited to policy and procedure manuals, operating manuals, Human Resources policy manuals,

policy development checklists, faculty rules, faculty handbooks, regulations, bylaws, and/or standards of conduct.

**RESPONSE:** Ohio State objects to Request No. 20 as vague in that Plaintiffs have not defined what they mean by "report," "investigate," and "children." Ohio State also objects to Request No. 20 as overly broad and seeking information that is not relevant, unduly burdensome and not proportional to the needs of the case, including because it seeks information both beyond the scope of the Discovery Plaintiffs' claims and unrelated to Dr. Strauss. Ohio State additionally objects to Request No. 20 to the extent it seeks information protected by the attorney-client privilege, work product protection, and/or any other applicable privilege.

Subject to and without waiving its general and specific objections, *see* also response to Request No. 19.

**REQUEST FOR PRODUCTION NO. 21:** All documents related to OSU's policies and procedures governing student rights, operative at any time from 1982 to 1998, including but not limited to codes of student rights and responsibilities, policy and procedure manuals, operating manuals, Human Resources policy manuals, policy development checklists, faculty rules, faculty handbooks, regulations, bylaws, and/or standards of conduct.

**RESPONSE:** Ohio State objects to Request No. 21 as vague in that Plaintiffs have not defined what they mean by the phrase "policies and procedures governing student rights." Ohio State also objects to Request No. 21 as overly broad and seeking information that is not relevant, unduly burdensome and not proportional to the needs of the case, including because it seeks information both beyond the scope of the Discovery Plaintiffs' claims and unrelated to Dr. Strauss. Ohio State additionally objects to Request No. 21 to the extent it seeks information protected by the attorney-client privilege, work product protection, and/or any other applicable privilege.

Ohio State objects to Request No. 21 on the grounds it seeks information from approximately 30-50 years ago. Due to the passage of time, persons with knowledge may have left Ohio State or passed on, and documents may no longer exist. Ohio State has conducted a reasonable search of its historical records for responsive information to the best of its ability. The fact a record was not located does not mean that such a record did or did not exist in the past.

Subject to and without waiving its general and specific objections, Ohio State directs Plaintiffs to the following documents produced with Defendant's Fact Sheet and which it is reproducing with these answers and responses:

| Bates Range | Title/Description |
|---|---|
| OSU_00002603 - OSU_00002618 | Code of Student Rights and Responsibilities, 1978-1979 |
| OSU_00002619 - OSU_00002634 | Code of Student Rights and Responsibilities, 1979-1980 |
| OSU_00006745 - OSU_00006760 | Code of Student Rights and Responsibilities, 1979-1980 |
| OSU_00006761 - OSU_00006776 | OSU Code of Student Rights and Responsibilities, 1981/1982 |
| OSU_00006928 - OSU_00006965 | Code of Student Rights and Responsibilities, 1980-1981 |
| OSU_00002635 - OSU_00002650 | Code of Student Rights and Responsibilities, 1981-1982 |

**REQUEST FOR PRODUCTION NO. 22:** All documents concerning Dr. Richard Strauss.

**RESPONSE:** Ohio State objects to Request No. 22 as vague in that it fails to identify the requested information with reasonable particularity. Ohio State also objects to Request No. 22 as overly broad and seeking information that is not relevant, unduly burdensome and not proportional to the needs of the case, including because it seeks information beyond the scope of the Discovery Plaintiffs' claims. Ohio State additionally objects to Request No. 22 to the extent it seeks information protected by the attorney-client privilege, work product protection, and/or any other applicable privilege.

Further responding, Ohio State objects to Request No. 22 to the extent it seeks expert

information. Such opinions will be disclosed at the time, and in the manner, required by the Court's case schedule. Ohio State also objects to Request No. 22 to the extent it asks for information related to, or created by, those persons Ohio State or its counsel retained or specifically employed in anticipation of litigation or preparation for trial, or may in the future, but have not identified as trial witnesses in this litigation. *See* Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure. Ohio State additionally objects to Request No. 22 to the extent it seeks communications between Ohio State's attorneys and the persons whom Ohio State expects to call as expert witnesses at trial, or drafts of reports prepared by such persons. *See* 26(b)(4)(B)-(C) of the Federal Rules of Civil Procedure.

Ohio State additionally objects to Request No. 22 on the grounds it seeks information from approximately 30-50 years ago, and such information may no longer be in Ohio State's possession, custody, or control. Due to the passage of time, persons with knowledge may have left Ohio State or passed on, and documents may no longer exist. Ohio State has conducted a reasonable search of its historical records for responsive information to the best of its ability. The fact a record was not located does not mean that such a record did or did not exist in the past.

Subject to and without waiving its general and specific objections, *see* documents being produced with these answers and responses at OSU_00022456 - OSU_00028362, OSU_00028777 - OSU_00028778, and OSU_00029136 - OSU_00029142. Ohio State directs Plaintiffs to the following documents produced with Defendant's Fact Sheet and which it is reproducing with these responses that reference Dr. Strauss:

| Bates Range | Title/Description |
|---|---|
| OSU_00000066 - OSU_00000082 | Collection of letters and documents |
| OSU_00000083 - OSU_00000310 | Documents related to Strauss's employment |
| OSU_00000317 - OSU_00000321 | Letter from Strauss to Medical Board, 04-19-1996 |
| OSU_00000322 - OSU_00000323 | Letter from Strauss to Gee, 07-30-1997 |

| Bates Range | Title/Description |
|---|---|
| OSU_00000324 - OSU_00000327 | Letter from Ninos to Nagy, 06/03/1996 |
| OSU_00000328 - OSU_00000337 | Handwritten notes, undated (10 pages) |
| OSU_00000338 - OSU_00000339 | Letter from Williams to Strauss/Nagy, August 1996 |
| OSU_00000340 - OSU_00000344 | Fax from Ninos to Nagy, 03/13/1996 |
| OSU_00000345 - OSU_00000345 | Draft Letter from Williams to Strauss/Nagy, August 1996 |
| OSU_00000346 - OSU_00000352 | Handwritten Note, 07/15/1996 |
| OSU_00000353 - OSU_00000356 | Fax from Ninos to Williams, 07/22/1996 |
| OSU_00000353 - OSU_00000356 | Fax from Ninos to Williams, July 22, 1996 |
| OSU_00000357 - OSU_00000359 | Handwritten notes (3 pages), undated |
| OSU_00000360 - OSU_00000360 | Message from Gonzalez to Ninos, 01/16/1996 |
| OSU_00000361 - OSU_00000361 | Handwritten notes, undated (1 page) |
| OSU_00000362 - OSU_00000366 | Memorandum, 01/10/1996 |
| OSU_00000367 - OSU_00000367 | Letter from Grace to Student, 01/26/1995 |
| OSU_00000368 - OSU_00000369 | Letter from Ninos to Nagy, 04/24/1996 |
| OSU_00000370 - OSU_00000370 | Letter to Nagy, 04/02/1996 |
| OSU_00000371 - OSU_00000373 | Correspondence, 03/1996 – 04/1996 |
| OSU_00000374 - OSU_00000375 | Memorandum from Ninos to Williams, 07/22/1996 |
| OSU_00000376 - OSU_00000381 | Memo from Grace to Ninos and Williams, 06/27/1996 |
| OSU_00000376 - OSU_00000381 | Letter from Grace to Ninos and Williams, 06/27/1996 |
| OSU_00000382 - OSU_00000384 | Letter from Nagy to Ninos, 06/26/1996, Handwritten Notes, undated (1 page) |
| OSU_00000385 - OSU_00000386 | Documentation of Student Complaint, Jan. 1996 |
| OSU_00000387 - OSU_00000390 | Patient Comment, 01/06/1995 |
| OSU_00000391 - OSU_00000398 | Patient Comment, January 3, 1995 |
| OSU_00000399 - OSU_00000409 | Letter from Strauss to Williams, 06/05/1996 |
| OSU_00000410 - OSU_00000411 | Letter from Strauss to Williams, 06/03/1996 |
| OSU_00000412 - OSU_00000429 | Letter from Strauss to Williams, 06/05/1996 |
| OSU_00000430 - OSU_00000431 | Letter from Ninos to Nagy, 03/13/1996 |
| OSU_00000432 - OSU_00000439 | Letter from Nagy to Sisson, 03/01/1996 |
| OSU_00000440 - OSU_00000444 | Fax from Ninos to Grace, Rudd, and Williams, 03/08/1996 |
| OSU_00000445 - OSU_00000449 | Letter from Nagy to Sisson, 03/01/1996 |
| OSU_00000450 - OSU_00000450 | Letter from Nagy to Sisson, 03/01/1996 |
| OSU_00000451 - OSU_00000451 | Letter from Daniels to Strauss, 01/19/1996 |
| OSU_00000452 - OSU_00000452 | Position Description: Physician, undated |
| OSU_00000453 - OSU_00000457 | Letter from Strauss with CV, 1978 |
| OSU_00000458 - OSU_00000469 | Strauss Credentials Review, 1995 |
| OSU_00000470 - OSU_00000470 | Performance Evaluation, undated |

| Bates Range | Title/Description |
|---|---|
| OSU_00000471 - OSU_00000471 | Strauss Evaluation, 1995 |
| OSU_00000472 - OSU_00000472 | Strauss Personnel Action Request, 1994 |
| OSU_00000473 - OSU_00000476 | Letter to Nagy from Ninos, 1996; Letter to Ninos from Nagy, 1996 |
| OSU_00000477 - OSU_00000477 | Letter from Lombardo to Krebs, 11/07/1994 |
| OSU_00000478 - OSU_00000478 | Handwritten notes (1 page), undated |
| OSU_00000479 - OSU_00000479 | Handwritten note |
| OSU_00000480 - OSU_00000480 | Handwritten note |
| OSU_00000481 - OSU_00000481 | Handwritten Notes, undated (1 page) |
| OSU_00000482 - OSU_00000483 | Handwritten Note |
| OSU_00000484 - OSU_00000485 | Letter to Nagy from Ninos, March 13, 1996 |
| OSU_00000486 - OSU_00000487 | Letter from Ninos to Strauss, 03/13/1996 |
| OSU_00000488 - OSU_00000492 | Memorandum, 01/10/96 |
| OSU_00000488 - OSU_00000492 | 01/10/96 Memo |
| OSU_00000493 - OSU_00000501 | OSU Wrestling Program 1990 - 1991 |
| OSU_00000630 - OSU_00000696 | Annual Report Student Health Center, 1978-1979 |
| OSU_00000697 - OSU_00000797 | Annual Report Student Health Center, 1979-1980 |
| OSU_00000798 - OSU_00000881 | Annual Report Student Health Center, 1980-1981 |
| OSU_00001065 - OSU_00001158 | Annual Report University Health Service, 1986-1987 |
| OSU_00001159 - OSU_00001275 | Annual Report University Student Health Service, 1987-1988 |
| OSU_00001276 - OSU_00001386 | Annual Report University Health Service, 1988-1989 |
| OSU_00001415 - OSU_00001419 | Email from Trethewey to Wolford, 06/07/1997 |
| OSU_00001420 - OSU_00001420 | Letter from Tzagournis to Strauss, 03/17/1997 |
| OSU_00001421 - OSU_00001422 | Letter from Tzagournis to Strauss, 06/06/1997 |
| OSU_00001432 - OSU_00001433 | Letter from Strauss to Gee, 7/30/97 |
| OSU_00001434 - OSU_00001438 | Letter from Strauss to OSMB, 04/19/96 |
| OSU_00001439 - OSU_00001439 | Letter from Tzagournis to Strauss, 03/17/1997 |
| OSU_00001440 - OSU_00001440 | University Faculty Alphabetical Listings |
| OSU_00001441 - OSU_00001441 | University Faculty by Department |
| OSU_00001442 - OSU_00001442 | University Faculty by Department |
| OSU_00001443 - OSU_00001443 | University Faculty by Department |
| OSU_00001444 - OSU_00001444 | University Faculty by Department |
| OSU_00001445 - OSU_00001445 | University Faculty by Department |
| OSU_00001446 - OSU_00001481 | Wrestling Program, 1990 |
| OSU_00001482 - OSU_00001506 | Gymnastics Program, 1991-1992, |
| OSU_00001507 - OSU_00001531 | Gymnastics Program, 1992-1993 |
| OSU_00001532 - OSU_00001556 | Gymnastics Program, 1994 |
| OSU_00001557 - OSU_00001581 | Gymnastics Program, 1994-1995 |

| Bates Range | Title/Description |
|---|---|
| OSU_00001582 - OSU_00001619 | Ice Hockey Program, 1995-1996 |
| OSU_00001620 - OSU_00001657 | Ice Hockey Program, 1995-1996 |
| OSU_00001658 - OSU_00001666 | Ohio State Ice Hockey, 1991-1992 |
| OSU_00001667 - OSU_00001688 | Wrestling Program 1991-1992 |
| OSU_00001689 - OSU_00001710 | Wrestling Program 1992-1993 |
| OSU_00001711 - OSU_00001733 | Wrestling Program 1994-1995, Ohio State Athletics Welcome Pamphlet |
| OSU_00001734 - OSU_00001756 | Wrestling Program 1995-1996 |
| OSU_00001757 - OSU_00001757 | Letter from Nagy to Ninos, 06/26/1996 |
| OSU_00001758 - OSU_00001758 | Draft Letter from Williams to Strauss, 08/05/1996 |
| OSU_00001759 - OSU_00001759 | Email from Gonzales to Ninos, 01/16/1996 |
| OSU_00001760 - OSU_00001763 | Letter from Ninos to Nagy, 04/02/96; Letter from Nagy to Ninos, 3/14/96 |
| OSU_00001764 - OSU_00001768 | Fax from Ninos to Grace, Rudd, and Williams, 03/08/1996 |
| OSU_00001769 - OSU_00001773 | Fax from Ninos to Trethewey; March 5, 1996 |
| OSU_00001774 - OSU_00001778 | Letter from Strauss with CV, 1978 |
| OSU_00001779 - OSU_00001779 | Bloodborne pathogens and tuberculosis post test 1995, July 6, 1995 |
| OSU_00001780 - OSU_00001780 | Bloodborne pathogens and tuberculosis post test 1995, July 6, 1995 |
| OSU_00001781 - OSU_00001784 | Letter to Nagy from Ninos |
| OSU_00001785 - OSU_00001785 | 1982-83 Ohio State Wrestling, Pass List |
| OSU_00001786 - OSU_00001793 | Promotion and Tenure Recommendations for 1992-93 |
| OSU_00001794 - OSU_00001904 | 1988 - 1989 University Health Service Annual Report |
| OSU_00001905 - OSU_00001907 | Medical, Dental, and Training Staff, 1981-1982 |
| OSU_00001908 - OSU_00001908 | Strauss Application to Seek Off-Campus Funds, 1980 |
| OSU_00001909 - OSU_00001922 | Correspondence from 1980, 1982, 1989 |
| OSU_00001923 - OSU_00002039 | Annual Report University Health Service, 1987-1988 |
| OSU_00002040 - OSU_00002049 | University Health Services Org Chart, 07/01/1985 |
| OSU_00002050 - OSU_00002143 | Annual Report University Health Service, 1986-1987 |
| OSU_00002144 - OSU_00002144 | Letter from Dr. Charles to Dr. Henderson, 10/14/82 |
| OSU_00002145 - OSU_00002145 | Letter from Dr. Charles to Dr. Henderson, 10/14/82 |
| OSU_00002146 - OSU_00002146 | University Health Service Athletic Medicine, 1981-1982 |
| OSU_00002147 - OSU_00002148 | Letter from Tzagournis to Strauss, 06/06/1997 |
| OSU_00002149 - OSU_00002150 | Letter from Tzagournis to Strauss, 06/06/1997 |
| OSU_00002151 - OSU_00002155 | Email Between Kate Wolford and Virginia Trethewey Re: April 3, 1997 Strauss Letter (letter attached), 6/7/1997 |

| Bates Range | Title/Description |
|---|---|
| OSU_00002156 - OSU_00002157 | Letter from Tzagournis to Strauss, 06/06/1997 |
| OSU_00002158 - OSU_00002200 | OSU Sports Medicine Staff Directories 1985-1986 |
| OSU_00002201 - OSU_00002208 | 1988 Wrestling Preview |
| OSU_00002651 - OSU_00002673 | OSU Wrestling Program, 1992-1993 |
| OSU_00002813 - OSU_00002817 | Email Between Kate Wolford and Virginia Trethewey Re: April 3, 1997 Strauss Letter (letter attached), 6/7/1997 |
| OSU_00003008 - OSU_00003194 | Strauss Faculty Data Record, 1978-1998 |
| OSU_00003195 - OSU_00003225 | Documents related to Strauss's employment |
| OSU_00003226 - OSU_00003256 | Documents related to Strauss's employment |
| OSU_00003257 - OSU_00003286 | Documents related to Strauss's employment |
| OSU_00003287 - OSU_00003293 | Medical Staff Reappointment/Reappraisal Form for Strauss, 1981 |
| OSU_00003294 - OSU_00003310 | Documents related to Strauss's employment |
| OSU_00003311 - OSU_00003322 | Documents related to Strauss's employment |
| OSU_00003323 - OSU_00003336 | Application for Appointment to the Medical Staff, 1978-1979 |
| OSU_00003337 - OSU_00003347 | Documents related to Strauss's employment |
| OSU_00004714 - OSU_00004715 | Letter from Dr. Charles to Dr. Henderson, 10/14/82 |
| OSU_00004716 - OSU_00004717 | Report on Sports Medicine, 1981-1982 |
| OSU_00004719 - OSU_00004724 | University Health Service Personnel Roster, 1981-1982 |
| OSU_00004750 - OSU_00004754 | Strauss letter to President Gee and internal OSU communication, 06/07/97 |
| OSU_00004909 - OSU_00004912 | Letter from Ninos to Nagy, 06/03/1996 |
| OSU_00004913 - OSU_00004922 | Handwritten notes, undated (10 pages) |
| OSU_00004923 - OSU_00004924 | Letter from Williams to Strauss, 08/05/96 |
| OSU_00004925 - OSU_00004929 | Letter from Ninos to Strauss and Nagy, 03/13/96 |
| OSU_00004925 - OSU_00004929 | Letter from Ninos to Strauss, 03/13/96 |
| OSU_00004930 - OSU_00004936 | Handwritten Notes, 07/15/96 |
| OSU_00004937 - OSU_00004940 | Memorandum from Ninos to Williams, 07/22/96 |
| OSU_00004937 - OSU_00004940 | Memorandum from Ninos to Williams, 07/22/1996 |
| OSU_00004941 - OSU_00004943 | Handwritten notes, undated (3 page) |
| OSU_00004944 - OSU_00004944 | Handwritten notes, undated (1 page) |
| OSU_00004945 - OSU_00004949 | Memorandum, 01/10/96 |
| OSU_00004945 - OSU_00004949 | 01/10/96 Memo |
| OSU_00004950 - OSU_00004950 | Letter from Grace to Student Complainant, 01/26/1995 |
| OSU_00004951 - OSU_00004952 | Letter from Ninos to Nagy, 04/24/96 |
| OSU_00004953 - OSU_00004953 | Letter to Nagy, 04/02/96 |
| OSU_00004954 - OSU_00004955 | Letter from Ninos to David Williams, 07/22/96 |

| Bates Range | Title/Description |
|---|---|
| OSU_00004954 - OSU_00004955 | Memo from Ninos to Williams, 07/22/96 |
| OSU_00004954 - OSU_00004955 | Letter from Ninos to David Williams re Strauss complaints, 07/22/96 |
| OSU_00004956 - OSU_00004961 | Memo from Grace to Ninos and Williams, 06/27/1996 |
| OSU_00004956 - OSU_00004961 | Memo from Grace to Williams and Ninos, 06/27/96 |
| OSU_00004962 - OSU_00004964 | Fax from Nagy to Ninos, 06/26/1996 |
| OSU_00004965 - OSU_00004966 | Documentation of Student Complaint, Jan. 1996 |
| OSU_00004967 - OSU_00004970 | Patient Comment, 01/06/95 |
| OSU_00004971 - OSU_00004978 | Patient records for unnamed student, 01/03/1995 |
| OSU_00004979 - OSU_00005022 | Letter from Strauss to Williams with attachments, 06/05/1996 |
| OSU_00005023 - OSU_00005024 | Letter from Strauss to Williams, 06/03/1996 |
| OSU_00005025 - OSU_00005042 | Letter from Strauss to Williams, 6/5/1996 |
| OSU_00005043 - OSU_00005044 | Letter from Ninos to Nagy, 3/13/1996 |
| OSU_00005045 - OSU_00005052 | Fax from Ninos to Grace re: letter from Nagy to Sisson, 3/12/1996 |
| OSU_00005053 - OSU_00005053 | Letter from Nagy to student, dated 2/9/96 |
| OSU_00005054 - OSU_00005054 | Fax from Grace to Ninos (Page 2), 03/04/1996 |
| OSU_00005055 - OSU_00005055 | Fax from Grace to Ninos (Page 3), 03/04/1996 |
| OSU_00005056 - OSU_00005056 | Letter from Daniels to Strauss, 1/19/1996 |
| OSU_00005057 - OSU_00005057 | Physician Position Description |
| OSU_00005058 - OSU_00005069 | Strauss Credentials Review, 1995 |
| OSU_00005070 - OSU_00005070 | OSU Administrative & Professional Staff Performance Evaluation (Page 1), 1995 |
| OSU_00005071 - OSU_00005071 | OSU Administrative & Professional Staff Performance Evaluation (Page 2), 1995 |
| OSU_00005072 - OSU_00005072 | Letter from Lombardo to Krebs, 11/7/1994 |
| OSU_00005073 - OSU_00005073 | Handwritten notes, undated |
| OSU_00005074 - OSU_00005074 | Handwritten notes, undated (1 page) |
| OSU_00005075 - OSU_00005075 | Handwritten notes, undated (1 page) |
| OSU_00005076 - OSU_00005076 | Handwritten notes, undated (1 page) |
| OSU_00005077 - OSU_00005077 | Handwritten notes, undated (1 page) |
| OSU_00005078 - OSU_00005082 | Handwritten Notes, 11/7/1994 |
| OSU_00005083 - OSU_00005084 | 3/13/96 Letter to Strauss |
| OSU_00005687 - OSU_00005691 | Email from Trethewey to Wolford with attachments, 06/07/1997 |
| OSU_00005860 - OSU_00005997 | Documents related to Strauss's employment |
| OSU_00006012 - OSU_00006198 | Documents related to Strauss's employment |
| OSU_00006735 - OSU_00006738 | Memorandum, 01/10/96 |
| OSU_00006735 - OSU_00006738 | 01/10/1996 Memo |

| Bates Range | Title/Description |
|---|---|
| OSU_00006739 - OSU_00006743 | Letter from Grace to Williams and Ninos, 06/27/96 |
| OSU_00006739 - OSU_00006743 | Letter from Grace to Ninos and Williams, 06/27/1996 |
| OSU_00006744 - OSU_00006744 | Letter from Grace, 01/26/1995 |
| OSU_00006777 - OSU_00006907 | Collection of documents including information related to complaints and/or responses |
| OSU_00006777 - OSU_00006907 | Documents related to Strauss's employment |
| OSU_00006908 - OSU_00006916 | Strauss academic history records, 1960 |
| OSU_00006917 - OSU_00006917 | Strauss University of Hawaii Personnel Record, 1972 |
| OSU_00006918 - OSU_00006918 | Strauss University of Hawaii Personnel Record, 1972 |
| OSU_00007021 - OSU_00007021 | 1964 letter from U Chicago for Strauss Internship |
| OSU_00007022 - OSU_00007022 | Strauss CV, undated |
| OSU_00007026 - OSU_00007070 | Athletic Training Program documents; Medical and Training Information for the Student-Athlete, undated (p24-27) |
| OSU_00007198 - OSU_00007201 | Letter from Strauss to OSMB, 03/13/96 |
| OSU_00007202 - OSU_00007516 | Email dated 11/21/2018 with attachments |
| OSU_00007517 - OSU_00011616 | Email dated 05/30/2020 with attachments |
| OSU_00011617 - OSU_00011831 | Email dated 05/1/2020 with attachments |
| OSU_00011832 - OSU_00011837 | University issues annual crime report, reminds community of safety resources, 12/17/20 |
| OSU_00011838 - OSU_00011843 | University issues annual crime report, overview of safety resources, 10/01/21 |
| OSU_00011891 - OSU_00011895 | Email dated 02/06/2024 with attachments |
| OSU_00011896 - OSU_00012081 | Email dated 10/02/2020 with attachments |
| OSU_00012082 - OSU_00012086 | Email dated 02/06/2024 with attachment |
| OSU_00012087 - OSU_00012148 | Email dated 10/15/2021 with attachments |
| OSU_00012149 - OSU_00012216 | Email dated 09/09/2022 with attachments |
| OSU_00012217 - OSU_00012354 | Email dated 11/29/2022 with attachments |
| OSU_00012355 - OSU_00012356 | Email dated 10/01/2021 |
| OSU_00012357 - OSU_00012563 | Email dated 10/02/2020 with attachments |
| OSU_00012564 - OSU_00012624 | Email dated 11/14/2022 with attachments |
| OSU_00012625 - OSU_00012634 | Email dated 09/30/2019 with attachment |
| OSU_00012635 - OSU_00012636 | Email dated 12/18/2018 |
| OSU_00012637 - OSU_00012657 | Email dated 12/20/2018 with attachments |
| OSU_00012658 - OSU_00012662 | Email dated 08/16/2018 with attachment |
| OSU_00012663 - OSU_00012666 | Email dated10/31/2018 with attachment |
| OSU_00012667 - OSU_00012669 | Email dated 05/20/2019 |
| OSU_00012670 - OSU_00012684 | Email dated 09/28/2018 with attachments |
| OSU_00012685 - OSU_00012686 | Email dated 12/19/2018 |

| Bates Range | Title/Description |
|---|---|
| OSU_00012687 - OSU_00012690 | Email dated 01/04/2019 |
| OSU_00012691 - OSU_00012693 | Email dated 01/03/2019 |
| OSU_00012694 - OSU_00012696 | Email dated 10/15/2018 |
| OSU_00012697 - OSU_00012701 | Email dated 03/07/2019 with attachments |
| OSU_00012702 - OSU_00012706 | Email dated 03/26/2019 with attachment |
| OSU_00012707 - OSU_00012709 | Email dated 05/17/2019 with attachment |
| OSU_00012710 - OSU_00012730 | Email dated 06/21/2019 with attachment |
| OSU_00012731 - OSU_00012731 | Email dated 02/21/2019 with attachment |
| OSU_00012785 - OSU_00012851 | Football media guide, 1978 |
| OSU_00013409 - OSU_00013508 | Football media guide, 1986 |
| OSU_00013509 - OSU_00013616 | Football media guide, 1987 |
| OSU_00013617 - OSU_00013780 | Football media guide, 1988 |
| OSU_00013781 - OSU_00013940 | Football media guide, 1989 |
| OSU_00016118 - OSU_00016121 | Letter to State Medical Board, 02/18/1997 |
| OSU_00016122 - OSU_00016122 | Letter to Ninos, 06/26/1996 |
| OSU_00016123 - OSU_00016123 | Letter to Ninos, 07/31/1996 |
| OSU_00016124 - OSU_00016124 | Letter to Ninos, 06/11/1996 |
| OSU_00016125 - OSU_00016125 | Email to Univ. Cincinnati, 09/09/1996 |
| OSU_00016126 - OSU_00016126 | Letter to State Medical Board, 09/18/1996 |
| OSU_00016127 - OSU_00016127 | Handwritten notes (1 page) |
| OSU_00016128 - OSU_00016128 | Handwritten notes (1 page) |
| OSU_00016129 - OSU_00016129 | Draft letters re: Strauss, 07/22/1996 |
| OSU_00016147 - OSU_00016148 | Case law regarding staff termination |
| OSU_00016149 - OSU_00016151 | Letter to Ninos,05/21/1996 |
| OSU_00016152 - OSU_00016155 | Letter to Ninos,05/21/1996 |
| OSU_00016156 - OSU_00016156 | Letter to Ninos, 05/02/1996 |
| OSU_00016157 - OSU_00016157 | Letter to Ninos, 04/30/1996 |
| OSU_00016158 - OSU_00016162 | Letter to Ninos, 04/30/1996 |
| OSU_00016163 - OSU_00016163 | Email to Ninos, 04/23/1996 |
| OSU_00016164 - OSU_00016165 | Draft letter to Nagy, 04/19/1996 |
| OSU_00016167 - OSU_00016167 | Draft letter to Nagy, 04/19/1996 |
| OSU_00016169 - OSU_00016169 | Letter to Ninos, 04/17/1996 |
| OSU_00016171 - OSU_00016171 | Letter to Nagy, 04/02/1996 |
| OSU_00016172 - OSU_00016172 | Letter to Ninos, 04/17/1996 |
| OSU_00016173 - OSU_00016180 | Correspondence in April 1996 |
| OSU_00016181 - OSU_00016182 | Letter to Ninos, 04/01/1996 |
| OSU_00016183 - OSU_00016188 | Draft letter to Nagy, 04/02/1996 |
| OSU_00016189 - OSU_00016189 | Letter to Ninos, 06/26/1996 |

| Bates Range | Title/Description |
|---|---|
| OSU_00016190 - OSU_00016191 | Letter to Ninos, 06/11/1996 |
| OSU_00016192 - OSU_00016201 | Strauss Appointment History |
| OSU_00016213 - OSU_00016216 | Expert letter to Nagy, 05/26/1996 |
| OSU_00016235 - OSU_00016236 | Letter to Ninos, 03/11/1996 |
| OSU_00016237 - OSU_00016237 | Email to Ninos, 03/08/1996 |
| OSU_00016238 - OSU_00016240 | Draft letter to Nagy, 03/07/1996 |
| OSU_00016241 - OSU_00016246 | Draft letters re: Strauss, 03/06/1996 |
| OSU_00016247 - OSU_00016247 | Letter to Ninos, 03/01/1996 |
| OSU_00016248 - OSU_00016249 | Letter to Student complainant, 02/29/1996 |
| OSU_00016252 - OSU_00016252 | Email regarding Strauss title, 05/26/1996 |
| OSU_00016253 - OSU_00016254 | Bloodborne pathogens test, 1995 |
| OSU_00016255 - OSU_00016255 | Strauss OSMB License |
| OSU_00016256 - OSU_00016261 | Letters to Ninos, April 1996 |
| OSU_00016263 - OSU_00016265 | Letter to Ninos, 01/24/1996 |
| OSU_00016266 - OSU_00016266 | Handwritten notes (1 page) |

**REQUEST FOR PRODUCTION NO. 23:** All documents You produced to Plaintiffs on May 31, 2024, and on July 17, 2025, related to or serving as the basis for information contained in the Defendant Fact Sheet, as defined in Case Management Order No. 1 in the five above-captioned cases.

**RESPONSE:** Ohio State objects to Request No. 23 as overly broad and seeking information that is not relevant, unduly burdensome and not proportional to the needs of the case, including because it seeks information beyond the scope of the Discovery Plaintiffs' claims. Ohio State also objects to Request No. 23 to the extent it requests that Ohio State reproduce documents it previously produced to Plaintiffs on May 31, 2024, and July 17, 2024. Ohio State additionally objects to Request No. 23 to the extent it seeks information protected by the attorney-client privilege, work product protection, and/or any other applicable privilege.

Ohio State objects to Request No. 23 on the grounds it seeks information from approximately 30-50 years ago, and such information may no longer be in Ohio State's possession,

61

custody, or control. Due to the passage of time, persons with knowledge may have left Ohio State or passed on, and documents may no longer exist. Ohio State has conducted a reasonable search of its historical records for responsive information to the best of its ability. The fact a record was not located does not mean that such a record did or did not exist in the past.

Subject to and without waiving its general and specific objections, Ohio State will reproduce the documents it produced with its Defendant's Fact Sheet.

**REQUEST FOR PRODUCTION NO. 24:** All subpoenas served in connection with this action.

**RESPONSE:** Ohio State objects to Request No. 24 as vague in that it fails to identify the requested information with reasonable particularity. Ohio State also objects to Request No. 24 to the extent it seeks the production of subpoenas served by Plaintiffs or MRC related to these matters.

Subject to and without waiving its general and specific objections, Ohio State states that its counsel in this matter have not yet served any subpoenas.

**REQUEST FOR PRODUCTION NO. 25:** All documents received by you in connection with these five actions from any party or non-party pursuant to any request, demand, release, or subpoena. Insofar as those documents contain the confidential information of a Plaintiff in any one of the actions against you, such documents should be provided to counsel for Plaintiffs in any of the other actions on an Attorneys' Eyes Only basis as necessary.

**RESPONSE:** Ohio State objects to Request No. 25 as vague in that Plaintiffs have not defined what they mean by the phrases "in connection with," "request," "demand," or "release." Ohio State also objects to Request No. 25 as overly broad and seeking information that is not relevant, unduly burdensome and not proportional to the needs of the case, including because it seeks information beyond the scope of the Discovery Plaintiffs' claims. Ohio State additionally objects to Request

No. 25 to the extent it seeks confidential, personally identifying, personal health, personal educational, and/or other non-public information of a private, personal or sensitive nature related to students other than the plaintiffs, including information about other students that is protected by FERPA, HIPAA and/or other federal or state law. Ohio State also objects to Request No. 25 to the extent it requests mediation communications protected from disclosure under Fed. R. Evid. 408. Ohio State further objects to Request No. 25 to the extent that Plaintiffs are requesting documents already in their or their counsel's possession, custody or control, including documents collected by MRC.

Additionally, Ohio State objects to Request No. 25 to the extent it seeks attorney-client communications, work undertaken in anticipation of litigation or at the direction of counsel, and/or attorney work product, including, but not limited to, by requiring that Ohio State identify persons it may call as witnesses.

Further responding, Ohio State objects to Request No. 25 to the extent it seeks expert information. Such opinions will be disclosed at the time, and in the manner, required by the Court's case schedule. Ohio State also objects to Request No. 25 to the extent it asks for information related to, or created by, those persons Ohio State or its counsel retained or specifically employed in anticipation of litigation or preparation for trial, or may in the future, but have not identified as trial witnesses in this litigation. *See* Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure. Ohio State additionally objects to Request No. 25 to the extent it seeks communications between Ohio State's attorneys and the persons whom Ohio State expects to call as expert witnesses at trial, or drafts of reports prepared by such persons. *See* 26(b)(4)(B &C) of the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 26:** All documents memorializing directive(s) or

instructions given to OSU employees regarding their duties in collection of documents for Perkins Coie during its investigation of the abuse committed by Dr. Strauss.

**RESPONSE:** Ohio State objects to Request No. 26 as overly broad and seeking documents that are not relevant, and unduly burdensome and not proportional to the needs of the case, in that it seeks information beyond the scope of the Discovery Plaintiffs' claims. Ohio State also objects to Request No. 26 to the extent it seeks information protected by the attorney-client privilege, work product protection, and/or any other applicable privilege.

**REQUEST FOR PRODUCTION NO. 27:** All correspondence with Perkins Coie before and during its investigation of the abuse committed by Dr. Strauss, including all correspondence and/or memoranda that accompanied documents which OSU provided to Perkins Coie in the course of the investigation.

**RESPONSE:** Ohio State objects to Request No. 27 as overly broad and seeking documents that are not relevant, and unduly burdensome and not proportional to the needs of the case, in that it seeks information beyond the scope of the Discovery Plaintiffs' claims. Ohio State also objects to Request No. 27 to the extent it seeks information protected by the attorney-client privilege, work product protection, and/or any other applicable privilege.

**REQUEST FOR PRODUCTION NO. 28:** All documents that You originally collected for Perkins Coie, but ultimately did not provide to Perkins Coie during its investigation of the abuse committed by Dr. Strauss.

**RESPONSE:** Ohio State objects to Request No. 28 as overly broad and seeking documents that are not relevant, and unduly burdensome and not proportional to the needs of the case, in that it seeks information beyond the scope of the Discovery Plaintiffs' claims. Ohio State also objects to Request No. 28 to the extent it seeks information protected by the attorney-client privilege, work

product protection, and/or any other applicable privilege.

**REQUEST FOR PRODUCTION NO. 29:** All documents showing dates when documents and/or materials were sent to and received by Perkins Coie during its investigation of the abuse committed by Dr. Strauss.

**RESPONSE:** Ohio State objects to Request No. 29 as overly broad and seeking documents that are not relevant, and unduly burdensome and not proportional to the needs of the case, in that it seeks information beyond the scope of the Discovery Plaintiffs' claims. Ohio State also objects to Request No. 29 to the extent it seeks information protected by the attorney-client privilege, work product protection, and/or any other applicable privilege.

<div style="margin-left: 40%;">

AS TO OBJECTIONS,
DAVE YOST
ATTORNEY GENERAL OF OHIO

By: /s/*Michael H. Carpenter*
Michael H. Carpenter (0015733) (Trial Attorney)
Timothy R. Bricker (0061872)
Michael N. Beekhuizen (0065722)
David J. Barthel (0079307)
CARPENTER LIPPS LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, OH 43215
Phone: (614) 365-4100
Fax: (614) 365-9145
E-mail:carpenter@carpenterlipps.com
bricker@carpenterlipps.com
beekhuizen@carpenterlipps.com
barthel@carpenterlipps.com

*Special Counsel for Defendant*
*The Ohio State University*

</div>

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on May 30, 2025 via electronic mail upon

the following:

Ilann M. Maazel (imaazel@ecbalaw.com)
Debra Greenberger (dgreenberger@ecbalaw.com)
Sara Luz Estela (sestela@ecbawn.com)
Sonya Levitova (slevitova@ecbawn.com)
Hannah Brudney (hbrudney@ecbawn.com)
EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL0

Scott Smith (ses@sestriallaw.com)
SCOTT ELLIOT SMITH, LPA
2727 Tuller Parkway, Suite 140
Dublin, Ohio 43017

Adele Kimmel (akimmel@publicjustice.net)
Alexandra Brodsky (abrodsky@publicjustice.net)
PUBLIC JUSTICE, P.C.
1620 L Street, NW, Suite 630
Washington, DC 20036

Simina Vourlis (svourlis@vourlislaw.com)
THE LAW OFFICES OF SIMINA VOURLIS
856 Pullman Way
Columbus, OH 43212

Rex A. Sharp (rsharp@midwest-law.com)
Sarah T. Bradshaw (sbradshaw@midwest-law.com)
Nathan Kakazu (nkakazu@midwest-law.com)
SHARP LAW, LLP
4820 W. 75th Street
Prairie Village, KS 66208

Richard W. Schulte (rschulte@yourlegalhelp.com)
Stephen D. Behnke (sbehnke@yourlegalhelp.com)
Jacob A. Gebelle (jgebelle@yourlegalhelp.com)
WRIGHT & SCHULTE, LLC
865 S. Dixie Dr.
Vandalia, OH 45377

Bradley M. Corsiglia
(bmc@cbalawfirm.et)steve@estey-bomberger.com)
ESTEY & BOMBERGER LLP
2869 India Street
San Diego, CA 92103

Dan Karon (dkaron@karonllc.com)
KARON LLC
700 W. St. Clair Avenue, Suite 200
Cleveland, OH 44113

Joseph G. Sauder (jgs@sstriallawyers.com)
Joseph Kenney
SAUDER SCHELKOPF LLC
1109 Lancaster Avenue
Berwyn, PA 19312

J.C. Ratliff (attorney.ratliff@gmail.com)
Rocky Ratliff
(attorneyrockyratliff@gmail.com)
RATLIFF LAW OFFICE
200 W. Center St.
Marion, OH 43302

John C. Camillus
(jcamillus@camilluslaw.com)
P.O. Box 141410
Columbus, Ohio 43214

Dennis P Mulvihill
(dmulvihill@yourlegalhelp.com)
WRIGHT & SCHULTE, LLC
23139 Chagrin Blvd., Suite 620
Cleveland, OH 44022

Michael L Wright (mwright@yourlegalhelp.com)　　Benjamin D. Bianco (bdb@msf-law.com)
WRIGHT & SCHULTE, LLC　　　　　　　　　Michael P. Regan (mpr@msf-law.com)
130 W. Second Street, Suite 1600　　　　　　　Mitchell Schuster (ms@msf-law.com)
Dayton, OH 45402　　　　　　　　　　　　　MEISTER SELIG & FEIN LLP
　　　　　　　　　　　　　　　　　　　　125 Park Avenue, 7th Floor
　　　　　　　　　　　　　　　　　　　　New York, New York 10017


/s/*Michael H. Carpenter*
Michael H. Carpenter

*Trial Attorney for Defendant*
*The Ohio State University*

932934

## <u>VERIFICATION</u>

STATE OF OHIO       )
                          ) SS:
COUNTY OF FRANKLIN   )

On behalf of the Ohio State University, I attest that the information set forth in the foregoing answers to Interrogatories Nos. 11, 12 and 13 was assembled by the university and its counsel based on a review of information maintained by the university and the information stated therein is true and correct to the best of the university's knowledge, information and belief.

I verify under penalty of perjury that the foregoing is true and correct.

**EXECUTED ON**: May 30, 2025

_____

**JESSICA EVELAND**
**SECRETARY OF THE BOARD OF**
**TRUSTEES**

## VERIFICATION

STATE OF OHIO        )
                          ) SS:
COUNTY OF FRANKLIN    )

On behalf of the Ohio State University, I attest that the information set forth in the foregoing answers to Interrogatories No. 10 and 15, and was assembled by the university based on a review of information maintained by the university and the information stated therein is true and correct to the best of the university's knowledge, information and belief.

I verify under penalty of perjury that the foregoing is true and correct.

**EXECUTED ON**: May 30, 2025

**CHRISTOPHER GLAROS**
**ASSOICATE VICE PRESIDENT FOR**
**COMPLIANCE OPERATIONS AND**
**INVESTIGATIONS**

## VERIFICATION

STATE OF OHIO          )
                          ) SS:
COUNTY OF FRANKLIN   )

On behalf of the Ohio State University, I attest that the information set forth in the foregoing answer to Interrogatory No. 14 was assembled by the university based on a review of information maintained by the university and the information stated therein is true and correct to the best of the university's knowledge, information and belief.

I verify under penalty of perjury that the foregoing is true and correct.

**EXECUTED ON**:  May 30, 2025

_____

**LINDSAY M. KOMLANC**
**ASSOCIATE VICE PRESIDENT,**
**UNIVERSITY COMMUNICATIONS**

## VERIFICATION

STATE OF OHIO           )
                               ) SS:
COUNTY OF FRANKLIN   )

On behalf of the Ohio State University, I attest that the information set forth in the foregoing answers to Interrogatories No. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 15, and 16 were assembled by the university based on a review of information maintained by the university, including the university archives, and the information stated therein is true and correct to the best of the university's knowledge, information and belief.

I verify under penalty of perjury that the foregoing is true and correct.

**EXECUTED ON**: May 30, 2025

**TAMAR CHUTE**
**PROFESSOR, UNIVERSITY ARCHIVIST**