# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

STEVE SNYDER-HILL, *et al.*,

    Plaintiffs,

v.

THE OHIO STATE UNIVERSITY,

    Defendant.

Case No. 2:23-cv-2993
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

---

WILLIAM KNIGHT, *et al.*,

    Plaintiffs,

v.

THE OHIO STATE UNIVERSITY,

    Defendant.

Case No. 2:23-cv-2994
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

---

EDWARD GONZALEZ, *et al.*,

    Plaintiffs,

v.

THE OHIO STATE UNIVERSITY,

    Defendant.

Case No. 2:23-cv-3051
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

---

## OPINION AND ORDER

This matter is before the Court on the Motion of Non-Party Leslie Wexner for an Order

(A) Quashing Plaintiffs' Deposition Subpoena of January 13, 2026 or Alternatively Issuing a

Protective Order Prohibiting Such Deposition and (B) Awarding Non-Party all Fees and Expenses. (ECF No. 155.)[1] The relevant sets of Plaintiffs have filed an expedited Response as Ordered. (ECF No. 161.) Despite the Court's invitation, Defendant The Ohio State University ("OSU") did not file a Response. The Court did not permit the filing of a Reply. For the following reasons, the Motion (ECF No. 155) is **DENIED** in its entirety. Accordingly, the Court **ORDERS** Mr. Wexner to sit for a deposition in these cases **WITHIN SIXTY DAYS OF THE DATE OF THIS OPINION AND ORDER.**

## I.

As the Court previously has noted, both the background of these cases involving the allegations surrounding Dr. Richard Strauss, and Mr. Wexner's biography, including his tenure on OSU's Board of Trustees, are well-known. Accordingly, the Court will not repeat either in any detail here. Briefly, the focus of Mr. Wexner's Motion is a deposition subpoena issued by Plaintiffs and dated January 13, 2026. Without belaboring it, in moving to quash or for a protective order, Mr. Wexner contends that his deposition would impose an undue burden, accuses Plaintiffs of possessing an "improper publicity-generating purpose" in seeking to depose him, and asserts that the information sought is already available from, and has been produced by, parties to this litigation. For their part, Plaintiffs argue that the specifics of Mr. Wexner's tenure on OSU's Board of Trustees easily establish the relevance of his testimony.

## II.

---

[1] All citations are to the docket in *Gonzalez v. The Ohio State University*, Case No. 2:23-cv-3051.

2

Rule 45 of the Federal Rules of Civil Procedure governs third-party subpoenas. Rule 45 permits parties in legal proceedings to "command" a non-party to attend a deposition or produce documents. Fed. R. Civ. P. 45(a)(1).

Upon a timely motion to quash the subpoena, a court "must quash or modify a subpoena" that, among other provisions, "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). "In determining whether a subpoena imposes an undue burden, a court considers 'such factors as relevance, the need of the [requesting] party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *Kacmarik v. Mitchell*, No. 1:15CV2062, 2017 WL 131582, at *5 (N.D. Ohio Jan. 13, 2017) (quoting *Hogan v. Cleveland Ave. Rest., Inc.*, No. 2:15-cv-2883, 2016 WL 7467968 at *2 (S.D. Ohio Dec. 28, 2016)) (citing *Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999)). Ultimately, "[c]ourts must balance the need for discovery against the burden imposed, . . . and the status of that person as a non-party is a factor." *In re: Modern Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018) (citations and quotations omitted).

Courts in the Sixth Circuit "have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011) (citation omitted). Thus, "[t]he Court has the duty to deny discovery directed to matters not legitimately within the scope of Rule 26, and to use its broad discretionary power to protect a party or person from harassment or oppression that may result even from a facially appropriate discovery request." *Bricker v. R & A Pizza, Inc.*, No. 2:10-cv-

3

278, 2011 WL 1990558, at *2 (S.D. Ohio May 23, 2011). The party seeking to quash a subpoena bears the ultimate burden of proof. *Hendricks,* 275 F.R.D. 251, 253 (citing *White Mule Co. v. ATC Leasing Co. LLC*, No. 3:07CV57, 2008 WL 2680273, at *4 (N.D. Ohio June 25, 2008)).

Additionally, the decision to grant or deny a motion for protective order "falls within the broad discretion of the district court managing the case." *Century Prod., Inc. v. Sutter*, 837 F.2d 247, 250 (6th Cir. 1988). Under Federal Rule of Civil Procedure 26, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). The burden of establishing good cause for a protective order rests with the movant. *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (citing *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)). "To show good cause, a movant for a protective order must articulate specific facts showing a 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Nix*, 11 F. App'x at 500 (quoting *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C.1987)) (citations omitted). Mere speculation or unsubstantiated fears of prejudice are insufficient to justify the imposition of a protective order. *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550–551 (6th Cir. 2004). In short, a motion for a protective order preventing a deposition should be granted "rarely" and only under "extraordinary circumstances." *Libertarian Party of Ohio v. Husted*, 302 F.R.D. 472, 476 (S.D. Ohio 2014) (citation omitted).

Accordingly, resolution of Mr. Wexner's request to quash the Subpoena or, alternatively for a protective order, turn on similar but distinct factors. As noted, the Court must first consider whether the Subpoena "requires disclosure of privileged or other protected matter" or "subjects a

4

person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Further, the Court must determine whether Mr. Wexner has established "good cause" so as to grant a protective order. As noted, "[g]ood cause exists if 'specific prejudice or harm will result' from the absence of a protective order." *Smith v. FirstEnergy Corp.*, No. 2:20-cv-3755, 2021 WL 1940234, at *2 (S.D. Ohio May 14, 2021) (quoting *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016)).

## III.

The Court's resolution here does not require extensive discussion. Having thoroughly reviewed the filings, the Court is satisfied that Plaintiffs have adequately demonstrated the relevance of Mr. Wexner's testimony. Indeed, as they explain, Mr. Wexner's testimony is key for one of two reasons. First, given the timing and length of Mr. Wexner's tenure on the OSU Board of Trustees, including his time as Vice Chairman and Chairman of the full Board, as well as ranking positions on the Board's Personnel Committee, Plaintiffs are entitled to discover what Mr. Wexner knew about Dr. Strauss and when he knew it. As Plaintiffs note, Mr. Wexner's testimony may also illuminate what the Board did to monitor OSU's sexual harassment compliance. On the other hand, Plaintiffs contend that, if Mr. Wexner or the Board had no knowledge about allegations surrounding Dr. Strauss, this would be evidence of OSU's deliberate indifference.

In the face of this, Mr. Wexner claims both lack of knowledge and undue burden. As to his first claim, Mr. Wexner has submitted a Declaration asserting that, to the best of his "knowledge and recollection" he "never communicated with Dr. Richard Strauss," "had no communication with any person regarding Dr. Strauss at any point during [his] tenure" as a Board member, and, even following that tenure, he has no "recollection of any discussions

5

regarding Dr. Strauss." (Declaration of Leslie H. Wexner, ECF No. 155-23, at ¶¶ 4-6.) "'A professed lack of knowledge,'" however, "'typically does not constitute good cause and is insufficient to warrant the quashing of a deposition.'" *In re Peyton*, No. 1:24-MC-0010, 2024 WL 4581247, at *5 (S.D. Ohio Oct. 25, 2024) (quoting *Alexander v. F.B.I.*, 186 F.R.D. 60, 64 (D.D.C. 1998) (citing *Naftchi*, 172 F.R.D. at 132; *Composition Roofers Union Local 30 Welfare Trust Fund v. Graveley Roofing Enterprises, Inc.*, 160 F.R.D. 70, 73 (E.D. Pa. 1995) (denying motion to quash deposition and stating "[the witness'] claim that she lacks personal knowledge does not compel us to rule in her favor . . . [and] is of no moment."))). That is, "'[a] witness ordinarily cannot escape examination by denying knowledge of any relevant facts, since the party seeking to take the deposition is entitled to test the witness's lack of knowledge.'" *Id.* (quoting 8A Wright & Miller, Federal Practice and Procedure § 2037). Mr. Wexner has not persuaded the Court that the circumstances here warrant departure from that general principle.

As for Mr. Wexner's claim of undue burden, it appears largely based on his belief that the information Plaintiffs seek can be, and has been, obtained elsewhere, specifically from OSU or the Plaintiffs themselves. The Court is satisfied, however, for the reasons cited by Plaintiffs, that Mr. Wexner may have information not readily available elsewhere. Accordingly, Mr. Wexner's argument on this point also fails to persuade. For these reasons, the Motion, to the extent it seeks to quash the Subpoena, is **DENIED.**

As for his alternative request for a protective order, Mr. Wexner primarily offers pointedly harsh criticism of what he perceives to be Plaintiff's "publicity campaign" as support for a finding of good cause. Beyond this, however, Mr. Wexner has not identified any specific prejudice or harm he will suffer from the absence of a protective order. Accordingly, the Court

finds that Mr. Wexner has not met his burden on this issue, and his request for a protective order also is **DENIED.**

Finding no basis for either form of relief Mr. Wexner seeks in his Motion, the Court need not consider his request for fees and expenses.

### IV.

For the reasons set forth above, the Motion of Non-Party Leslie Wexner for an Order (A) Quashing Plaintiffs' Deposition Subpoena of January 13, 2026 or Alternatively Issuing a Protective Order Prohibiting Such Deposition and (B) Awarding Non-Party all Fees and Expenses (ECF No. 155) is **DENIED in its entirety.** Mr. Wexner **SHALL** sit for a deposition in these cases **WITHIN SIXTY DAYS OF THE DATE OF THIS OPINION AND ORDER.** Relevant counsel are **DIRECTED** to coordinate regarding the date, time, and location of Mr. Wexner's deposition.

**IT IS SO ORDERED.**

Date: February 11, 2026

ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT