## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

STEVE SNYDER-HILL, *et al.*,

          Plaintiffs,

   v.

THE OHIO STATE UNIVERSITY,

          Defendant.

Civil Action 2:23-cv-2993
Judge Michael H. Watson
Magistrate Judge Chelsey M. Vascura

---

WILLIAM KNIGHT, *et al.*,

          Plaintiffs,

   v.

THE OHIO STATE UNIVERSITY,

          Defendant.

Civil Action 2:23-cv-2994
Judge Michael H. Watson
Magistrate Judge Chelsey M. Vascura

---

EDWARD GONZALES, *et al.*,

          Plaintiffs,

   v.

THE OHIO STATE UNIVERSITY,

          Defendant.

Civil Action 2:23-cv-3051
Judge Michael H. Watson
Magistrate Judge Chelsey M. Vascura

## ORDER

Several pending discovery disputes are before the Court.

### I.     Perkins Coie Production

By Opinion and Order dated January 28, 2026,[1] the Court granted Plaintiffs' Motion to Compel Documents and Information from Defendant related to the Perkins Coie Investigation and Report. In lieu of ordering any production of documents, the Court directed the parties to meet and confer. The Court further ordered the parties to advise the Court of their progress no later than March 6, 2026.[2]

On March 6, 2026, the parties submitted a joint report to the Court advising of their progress in negotiating appropriate and proportional discovery related to the Perkins Coie Investigation and Report. Having thoroughly considered the parties' positions set forth in that submission, the Court **ADOPTS** the schedule for production of documents and privilege logs as proposed by Defendant in the March 6, 2026, status report. Defendant is to provide a privilege log by **March 20, 2026**, and to substantially complete document production by **March 27, 2026**. This is similar to a schedule that Plaintiffs proposed earlier.

---

[1] ECF No. 150 in *Snyder-Hill v. The Ohio State University*, Case No. 2:23-cv-2993.
[2] *Id.* at ECF No. 168.

## II.     Discovery Disputes Submitted via Email

The parties also submitted several other discovery disputes to the Court via email on February 27, 2026, with additional submissions as to those disputes on March 4 and March 9, 2026.  Having thoroughly considered the parties' positions set forth in those submissions, the Court rules as follows:

### A.     Supplemental Responses to Plaintiffs' Interrogatories and Document Requests

Defendant must respond to Interrogatory No. 27 (seeking identification of all Title IX claims that Ohio State has settled from 1978 to the present and, for each claim, state the settlement amount, the date the settlement was paid, and, if applicable, the court and case number), **EXCEPT** that the Court limits the relevant Title IX claims to those alleging sexual harassment against Ohio State employees.  Defendant must also respond to Interrogatory No. 29 (seeking the date on which Ohio State contends that the statute of limitations was triggered for this matter and identify all principal or material facts supporting this contention).  To the extent that responding to these interrogatories results in Defendant answering more than 25 interrogatories, the Court finds that the complexity of the litigation warrants this small expansion of the default limit under Federal Rule of Civil Procedure 33(a)(1).

Defendant need not supplement its responses to any other interrogatory or request for production of documents.

**B.     Deposition Date for Former Ohio State President Doctor Gordon Gee**

The deposition of Doctor Gordon Gee will take place within **THIRTY DAYS** of the date of this Order.

## III.    Timing for Plaintiffs' Motion to Compel Production of Unredacted Medical Board File

Plaintiffs' counsel emailed the Court to request a ruling on Plaintiffs' motion to compel the production of an unredacted version of the Medical Board file for Case 96-1543A[3] prior to March 31, 2026, as a deposition of a former Medical Board employee is scheduled for that date.  Plaintiffs also seek leave to respond to the Medical Board's forthcoming amicus brief, due March 17, 2026.  With a view to reaching the prompt ruling that Plaintiffs seek, Plaintiffs' request to respond to the Medical Board's amicus brief is **DENIED**.

## IV.    Conclusion

Plaintiffs' paperless motion to compel a more aggressive production schedule for the Perkins Coie production is **DENIED**.

Plaintiffs' paperless motion to compel supplemental responses to their interrogatories and requests for production of documents is **GRANTED IN PART and DENIED IN PART** as outlined above.

Plaintiffs' paperless motion to compel an earlier deposition date for Dr. Gee is **GRANTED**.

---

[3] *Id.* at ECF No. 146.

Plaintiffs' paperless motion for leave to respond to the Medical Board's amicus brief, in connection with their Motion to Compel Production of Unredacted Medical Board File, is **DENIED.**

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**