## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

STEVE SNYDER-HILL, *et al.*,

        Plaintiffs,

v.

THE OHIO STATE UNIVERSITY,

        Defendant.

Civil Action 2:23-cv-2993
Judge Michael H. Watson
Magistrate Judge Chelsey M. Vascura

---

WILLIAM KNIGHT, *et al.*,

        Plaintiffs,

v.

THE OHIO STATE UNIVERSITY,

        Defendant.

Civil Action 2:23-cv-2994
Judge Michael H. Watson
Magistrate Judge Chelsey M. Vascura

---

EDWARD GONZALES, *et al.*,

        Plaintiffs,

v.

THE OHIO STATE UNIVERSITY,

        Defendant.

Civil Action 2:23-cv-3051
Judge Michael H. Watson
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

Plaintiffs move to compel production of the unredacted Medical Board file for Case 96-1534A. *Snyder-Hill v. The Ohio State University*, Case No. 2:23-cv-2993, ECF No. 146. For the reasons that follow, Plaintiffs' motion is **GRANTED**.

In 1996, Ohio State Medical Board staff opened Case No. 96-1534A to investigate complaints against Dr. Richard Strauss. Years later, the Medical Board provided an unredacted copy of the investigation file to Defendant The Ohio State University ("OSU"). In 2019, OSU sought leave to publicly release the unredacted file, "provided that the names of former patients and non-Ohio State complainants and witnesses, and other information which might identify such individuals, are redacted from the investigation report before it is publicly released." *Snyder-Hill et al v. The Ohio State University*, Case No. 2:18-cv-736, ECF No. 52. Plaintiffs did not oppose OSU's motion. The Board appeared as an interested party and argued that Ohio Revised Code § 4731.22(F)(5) prohibited the public release of confidential information. *See id.*, ECF No. 60. The Court denied OSU's motion, noting that § 4731.22(F)(5) affirmatively permits investigation reports to be admitted into evidence in judicial proceedings under certain circumstances. *See id.*, ECF No. 89. As the Court explained:

> Ohio State is not, *at least at this time*, seeking to use the independent investigation report as evidence in this judicial proceeding. Instead, Ohio State wishes to release the report publicly in order to be transparent in its investigation. While the Court believes transparency is a laudable goal in this matter, the Court is not in a position to grant Ohio State the permission it seeks.

Case No. 2:23-cv-2993; 2:23-cv-2994; 2:23-cv-3051                    Page 2 of 4

*Id.* at PAGEID ## 559–60 (emphasis added).

The Court agrees with Plaintiffs that circumstances have changed since OSU sought leave to publicly release the file in 2019.  For one thing, the Medical Board has waived its confidentiality interest in the file under § 4731.22(F)(5). Medical Board's Amicus Brief, ECF No. 179; May 23, 2019, Minutes, ECF No. 179-1.  For another, Plaintiffs are now seeking the file under Federal Rule of Civil Procedure 34 to use the file in litigation, such that § 4731.22(F)(5)'s judicial-proceedings exception is triggered.

Moreover, state confidentiality statutes are of limited relevance in the first place in this federal case concerning a federal question.  *See Reg'l Airport Auth. of Louisville v. LFG, LLC*, 460 F.3d 697, 712 (6th Cir. 2006) ("Where, as here, the underlying claim is based on federal law, federal common law determines the extent of the privilege." (citing Fed. R. Evid. 501));  *Crochran v. Columbus Bd. of Educ.*, No. 2:15-CV-632, 2016 WL 1670886, at *4 (S.D. Ohio Apr. 27, 2016) (declining to apply other Ohio confidentiality statutes to motion to quash subpoena in case asserting violations of several federal statutes), *objections overruled*, 2016 WL 5957677 (S.D. Ohio Oct. 14, 2016); *Smith v. Sw. Licking Sch. Dist. Bd. of Educ.*, No. 209CV778, 2010 WL 3910487, at *3 (S.D. Ohio Oct. 1, 2010) (declining to apply an Ohio confidentiality statute in a federal question case).  Because the file is unquestionably relevant, and neither OSU nor the

Medical Board advanced grounds for denying production apart from

§ 4731.22(F)(5), OSU[1] must produce it.

That said, the Court is mindful of the confidentiality interests of the patients

and other individuals referenced in the file. Accordingly, OSU is **ORDERED** to

produce the file under the following conditions:

(1) The names of former patients and non-OSU complainants and witnesses, and other information which might identify such individuals, shall remain redacted, but all other information must be unredacted prior to production; and

(2) OSU shall produce the file marked "ATTORNEYS' EYES ONLY — SUBJECT TO PROTECTIVE ORDER" as provided in the December 20, 2023, Protective Order, ECF No. 25, such that Plaintiffs may not use or disclose the report for any purpose other than prosecuting the actions listed in the case caption above.

OSU must produce the file under these conditions **WITHIN SEVEN DAYS** of the

date of this Order.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] There is some disagreement among the parties and the Medical Board as to whether OSU or the Medical Board is the appropriate entity to produce the report. As the party to the litigation in question and the recipient of the subject request for production of documents, OSU is the appropriate producing entity.

Case No. 2:23-cv-2993; 2:23-cv-2994; 2:23-cv-3051                    Page 4 of 4