**THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| STEVE SNYDER-HILL, et al., | |
| Plaintiffs, | Case No. 2:23-cv-02993 |
| v. | Judge Michael H. Watson |
| THE OHIO STATE UNIVERSITY, | Magistrate Judge Chelsey M. Vascura |
| Defendant. | |
| WILLIAM KNIGHT, et al., | |
| Plaintiffs, | Case No. 2:23-cv-02994 |
| v. | Judge Michael H. Watson |
| THE OHIO STATE UNIVERSITY, | Magistrate Judge Chelsey M. Vascura |
| Defendant. | |
| STEVE GRESOCK, | |
| Plaintiff, | Case No. 2:23-cv-2996 |
| v. | Judge Michael H. Watson |
| THE OHIO STATE UNIVERSITY, | Magistrate Judge Chelsey M. Vascura |
| Defendant. | |

**MOTION FOR ALTERNATIVE SERVICE ON NON-PARTY VIRGINIA TRETHEWAY**

Plaintiffs move for an order authorizing alternative service on non-party Virginia Tretheway following multiple unsuccessful attempts at personal service.  Ms. Tretheway was the general counsel at Ohio State University and directly involved in reviewing reports of Dr. Strauss' sexual abuse of students and determining the University's response.  Ms. Tretheway's testimony is highly relevant to the issues in this case, including but not limited to, Ohio State's knowledge of Dr. Strauss' abuse of students, the University's failure to discipline Dr. Strauss, remove Dr. Strauss as a tenured professor, prevent Dr. Strauss from opening a men's clinic and continuing to treat patients, and the University's decision to award emeritus status to Dr. Strauss. Ms. Tretheway is also believed to have had direct communications with former President Gee and other Ohio State administrators regarding Dr. Strauss's misconduct.

Plaintiffs now seek to depose Ms. Tretheway on May 1, 2026, the final day of fact discovery, due to already-scheduled depositions on every day from April 27, 2026 to April 30, 2026.  In the event that the Court grants Plaintiffs' motion for alternative service and Ms. Tretheway is unavailable on May 1, 2026, Plaintiffs seek permission to conduct her deposition after the close of discovery, on the earliest date practicable.

## I.    Background of Service Attempts

Plaintiffs have made multiple attempts to serve Ms. Tretheway with a deposition subpoena.  First, Plaintiffs attempted to personally serve Ms. Tretheway via private process server on thirteen separate occasions, spanning from March 17, 2026 to April 10, 2026. Plaintiffs first attempted to serve Ms. Tretheway with a subpoena for an April 10, 2026 deposition.  When it became clear that Plaintiffs could not serve Ms. Tretheway sufficiently in advance of that date, Plaintiffs attempted to serve her with an updated subpoena, noticing her deposition for May 1, 2026.  When all of these attempts failed, Plaintiffs asked counsel for Ohio

State University, Carpenter Lipps LLP, if they would accept service of the subpoena for Ms. Tretheway's deposition, given that Carpenter Lipps has represented all current and former Ohio State University administrators and employees recently deposed.  Counsel for Ohio State indicated they do not "currently represent" Ms. Tretheway and were not authorized to accept the subpoena on her behalf.

### A.  Personal Service Attempts

Plaintiffs have made multiple attempts to personally serve Ms. Tretheway at two addresses believed to be her residence in the state of Washington.  Plaintiffs' process servers attempted to serve Ms. Tretheway four times at a residence identified as Ms. Tretheway's via a LexisNexis SmartLinx® Person Report, in Hoodsport, Washington on March 17, 2026, March 22, 2026, and March 23, 2026.  *See* Exhibit A.  LexisNexis' report listed the Hoodsport address as Ms. Tretheway's current residence since June 2015, so Plaintiffs believed it to be an accurate address.

After these failed attempts, Plaintiffs found an address for Ms. Tretheway in Seattle on the county assessor's website.  Plaintiffs' process servers attempted to serve Ms. Tretheway nine times at this residence in Seattle, Washington on March 28, 2026, April 4, 2026, April 5, 2026, April 6, 2026, April 8, 2026, and April 10, 2026.  *See* Exhibit B.  Ms. Tretheway's residence in Seattle, Washington is a secured building, making it impossible for the process server to approach the door to her individual apartment.  *See id.*  The process server waited for someone to enter or exit the property to no avail.  The process server also tried calling various numbers on the property's intercom service but was unable to reach anyone.  *See id.*  She did, however, note that Ms. Tretheway's name was on the call/mail box, seemingly confirming that was her correct place of residence.

**B. Discussion with Counsel for Ohio State**

Following thirteen failed service attempts by Plaintiffs' process server, Plaintiffs asked counsel for Ohio State University, Carpenter Lipps LLP, if they would accept service of the deposition subpoena, to avoid unnecessary motion practice and given that Carpenter Lipps has represented all current and former Ohio State University administrators and employees recently deposed.  On April 17, 2026, Counsel for Ohio State indicated they do not "currently represent" Ms. Tretheway and were not authorized to accept the subpoena on her behalf.

## II.    Discussion

"The Sixth Circuit has not yet passed on whether Rule 45 requires personal service of a subpoena.  District courts considering the issue have reached differing conclusions."  *Powell v. Time Warner Cable, Inc.*, 2010 WL 5464895, at *3 (S.D. Ohio Dec. 30, 2010); *see also Wheel Recovery Sys., LLC v. Nichols*, 2022 WL 19076611, at *2 (E.D. Tenn. Nov. 2, 2022) (noting the split in authority still existed in 2022).  District courts have recognized, however, that they can authorize parties to serve subpoenas by alternative means (*i.e.*, not by personal service) "once the party seeking evidence demonstrates an inability to effectuate service after a diligent effort."  *OceanFirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 754 (E.D. Mich. 2011).

Here, Plaintiffs have diligently attempted to serve Ms. Tretheway on thirteen different occasions, over the course of three and a half weeks.  Plaintiffs first tried a Hoodsport address because it was the address listed as her primary residence since June 2015 in the LexisNexis people search database, a widely used and typically reliable source for locating witnesses.  When the process server could not serve Ms. Tretheway at this address, a public records search of the surrounding area was conducted, including the website of the county assessor for King County, where Seattle is located.  This search revealed a new address for Ms. Tretheway.  Plaintiffs'

process servers approached her residence but were prevented from effectuating personal service at the residence due to security at the property.  Plaintiffs have also asked counsel for Ohio State University, who Plaintiffs presume will ultimately represent Ms. Tretheway, to accept service. These efforts are sufficient to establish diligence.  *See Jones v. St. Clair Cnty.*, 2025 WL 1242864, at *1 (E.D. Mich. Apr. 29, 2025).

"The alternate means must be reasonably calculated to achieve actual delivery." *OceanFirst*, 794 F. Supp. 2d at 754.  Courts have approved using first-class mail, physically tacking the subpoena on a non-party's door, and/or emailing the non-party's attorney.  *See* January 12, 2026 Opinion and Order, ECF No. 150 (allowing Plaintiffs in the instant case to serve Leslie Wexner via alternative service methods, including by mailing a copy of the subpoena and the Court's order to his address through first-class mail); *Jones*, 2025 WL 1242864, at *2; *Taylor v. Smith*, 2024 WL 5049262, at *2 (E.D. Mich. Dec. 9, 2024).  Here, Plaintiffs propose serving Ms. Tretheway by mailing a copy of the subpoena and the Court's forthcoming order on this Motion to her address in Seattle, Washington through first-class mail. Plaintiffs are confident that the Seattle, Washington address for Ms. Tretheway is correct, as it has been confirmed through publicly available information regarding the building's residents. *See* Exhibit C.  Plaintiffs' process server also observed Ms. Tretheway's name on the mailbox for the building.

These methods are "reasonably calculated to insure delivery." *Jones*, 2025 WL 1242864, at *1.  Because Plaintiffs have diligently—but unsuccessfully— attempted to personally serve Ms. Tretheway, the Court should grant their request to serve her using the above-described method.

WHEREFORE, Plaintiffs respectfully ask the Court to allow them to serve Ms. Tretheway by the means described above.

Dated: April 21, 2026

Respectfully submitted,

/s/ *Debra L. Greenberger*

EMERY CELLI BRINCKERHOFF ABADY
WARD & MAAZEL LLP
Ilann M. Maazel (admitted pro hac vice)
Debra L. Greenberger (admitted pro hac vice)
Hannah Brudney (admitted pro hac vice)
Laura Kokotailo (admitted pro hac vice)
Claire Abbadi (admitted pro hac vice)
One Rockefeller Plaza, 8th Floor
New York, New York 10020
Phone: (212) 763-5000
Fax: (212) 763-5001
E-Mail: imaazel@ecbawm.com
E-Mail: dgreenberger@ecbawm.com
E-Mail: hbrudney@ecbawm.com
E-Mail: lkokotailo@ecbawm.com
E-Mail: cabbadi@ecbawm.com

SCOTT ELLIOT SMITH, LPA
Scott E. Smith (0003749)
2727 Tuller Pkwy, Suite 140
Dublin, OH 43017
Phone: (614) 846-1700
Fax: (614) 486-4987
E-Mail: ses@sestriallaw.com

Adele P. Kimmel (admitted pro hac vice)
Alexandra Brodsky (admitted pro hac vice)
PUBLIC JUSTICE
1620 L Street, NW, Suite
630 Washington, DC 20036
Phone: (202) 797-8600
Fax: (202) 232-7203

E-mail: akimmel@publicjustice.net

Counsel for the *Snyder-Hill* Plaintiffs (*Snyder-Hill, et al.*, Case No. 2:23-cv-02993)

Rex A. Sharp
Sarah T. Bradshaw
Nathan A. Kakazu
SHARP LAW, LLP
4820 W. 75th Street
Prairie Village, KS 66208
Phone : (913) 901-0505
Fax : (913) 261-7564
rsharp@midwest-law.com
sbradshaw@midwest-law.com
nkakazu@midwest-law.com

Simina Vourlis (0046689) (Trial Attorney)
The Law Offices of Simina Vourlis
856 Pullman Way
Columbus, OH 43212-3860
Phone: (614) 487-5900
Fax: (614) 487-5901
Email: svourlis@vourlislaw.com

Stephen Estey
ESTEY & BOMBERGER LLP
2869 India Street
San Diego, CA 92103
Phone: 619-295-0035
Fax: 619-295-0172
steve@estey-bomberger.com

Daniel R. Karon
KARON LLC
700 W. St. Clair Ave., Suite 200
Cleveland, OH 44113
Phone: 216.622.1851
dkaron@karonllc.com

Joseph Sauder
SAUDER SCHELKOPF LLC
555 Lancaster Avenue
Berwyn, PA 19312
Phone: (610) 200-0580
Fax: (610) 421-1326

jgs@sstriallawyers.com

Counsel for the *Gonzales* Plaintiffs (*Gonzales, et al.*, Case No. 2:23-cv-3051)

J.C. Ratliff (0027898)
Rocky Ratliff (0089781)
200 West Center Street
Marion, Ohio 43302
Telephone: 740.383.6023
Facsimile:  740.383.2066
attorney.ratliff@gmail.com
attorneyrockyratliff@gmail.com

Counsel for the *Knight* Plaintiffs (*Knight, et al.*, Case No. 2:23-cv-02994)

**CERTIFICATE OF SERVICE**

A copy of this document was served by the Court's ECF System on all counsel of record

on April 21, 2026, pursuant to Fed. R. Civ. P. 5(b)(2)(E).

*/s/ Debra Greenberger*
Debra Greenberger