**THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| STEVE SNYDER-HILL, et al.,<br>Plaintiffs,<br>v.<br>THE OHIO STATE UNIVERSITY,<br>Defendant. | Case No. 2:23-cv-02993<br>Judge Michael H. Watson<br>Magistrate Judge Elizabeth P. Deavers |
| WILLIAM KNIGHT, et al.,<br>Plaintiffs,<br>v.<br>THE OHIO STATE UNIVERSITY,<br>Defendant. | Case No. 2:23-cv-02994<br>Judge Michael H. Watson<br>Magistrate Judge Elizabeth P. Deavers |
| EDWARD GONZALES, et al.,<br>Plaintiffs,<br>v.<br>THE OHIO STATE UNIVERSITY,<br>Defendant. | Case No. 2:23-cv-3051<br>Judge Michael H. Watson<br>Magistrate Judge Elizabeth P. Deavers |

**MOTION FOR LEAVE TO FILE UNDER SEAL UNREDACTED VERSION OF PLAINTIFFS' BRIEFING ON APPROPRIATE PERSONS**

Pursuant to Local Civil Rule 5.2.1 and Paragraphs 5(c) and 8 of the Protective Orders entered in these matters, Plaintiffs jointly move for leave to file under seal an unredacted copy of Plaintiffs' Brief on Appropriate Persons, the Declaration of Debra L. Greenberger dated May 4, 2026, as well as exhibits 3, 4, 12, 14, 18, 19, 23, 24, 30, 31, 37, 38, 41, and 42, pending the Court's resolution of any forthcoming motion by a "party who may be prejudiced by the document or documents becoming part of the public record" or agreement by the parties that the information and documents "should not be sealed." Order at 11, ECF No. 25.[1]

Plaintiffs' briefing includes citations to documents which have been marked as both Confidential and Attorney's Eyes Only pursuant to paragraph 4(a)–(b) of this Court's protective order. Where possible, Paragraph 8 of the protective order requires the filing party to give 14 days advance notice to any party who would be potentially prejudiced by a document becoming part of the public record such that said party can file a motion for sealing pursuant to the standard set forth in *Shane Group, Inc. v. Blue Cross Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). That was not possible here because the parties were conferring last week about who constitutes an appropriate person, depositions were still being taken last week, and deposition transcripts from earlier depositions were provided as late as yesterday. As such, Plaintiffs seek relief per Paragraph 8 of the protective order, which provides: "If needed to comply with Court deadlines, the party may file a document under seal and such documents will remain under seal until the Court resolves the sealing motion or the parties agree the matter should not be sealed."

Specifically, Plaintiffs' publicly-filed brief and supporting declaration redact information from documents marked Confidential or Attorney's Eyes Only, exclude from the public filing exhibits that are documents marked Confidential or Attorney's Eyes Only, and redact depositions

[1] All ECF cites are to the *Snyder-Hill* docket, No. 23-cv-2993.

pursuant to the witness's confidentiality designations.[2] Additionally, three deposition transcripts cited in Plaintiffs' briefing were received by the parties fewer than 14 days ago, or Plaintiffs have just received the witness's confidentiality designations.[3] As such, and pursuant to Paragraph 5(c) of this Court's Protective order, those depositions are still under a blanket confidentiality designation. The depositions have not been publicly filed and any reference to them in the briefing has also been redacted.

Lastly, Plaintiffs are asking this Court's permission to retain very limited redactions in the transcript of the depositions of Archie Griffin and Paul Krebs. In the Griffin deposition, the email address of a victim is revealed. In another, the location of the mother of a victim is revealed. These limited redactions meet the three necessary hurdles for sealing, as there is "(1) a compelling interest in sealing the records; (2) . . . the interest in sealing outweighs the public's interest in accessing the records; and (3) . . . the request is narrowly tailored." *Kondash v. Kia Motors America, Inc.*, 767 Fed. Appx. 635, 637 (6th Cir. 2019).

There is a compelling interest in the limited redactions Plaintiffs seek. Courts in this circuit have recognized that the names of "minor victim[s] of sexual assault" are covered by a recognized privilege and can "overcome the presumption of access." *Shane Grp.*, 825 F.3d at 308 (internal quotation marks omitted). While the victims in this case are not minors, given the publicity in this matter, and the attention that they will receive if their locations and email addresses are made public, there is clearly a compelling interest in keeping their personal information, such as email addresses and family residences, redacted.

---

[2] Consistent with this Court's Standing Orders, where Plaintiffs have cited deposition testimony, they have included the entire deposition transcript as an exhibit, with only the sections designated Confidential and Attorney's Eyes Only redacted.

[3] Plaintiffs received Defendant's designations for Gordon E. Gee's deposition transcript at 3:01pm on Monday, May 4—the same day as this Court's deadline for the filing of this brief. Given that Plaintiffs cannot responsibly apply the required redactions by the filing deadline, the deposition transcript is not being filed publicly.

On the other hand, there is very little public interest in this information. The Sixth Circuit has recognized the "stark difference" between orders "entered pursuant to the discovery" process, and "orders to seal court records," noting that the public has less interest in the former. *Id.* at 305. In this instance, neither the email address or location of a victim's mother that Plaintiffs redact from the depositions are cited in or have any relevance to the Appropriate Persons Briefing. Rather, they are being redacted and filed on the docket simply because they happen to be in an unrelated portion of a deposition that Plaintiffs cite to. Thus, the location of a victim's mother and email address of a victim have no relevance to any motion before this Court, and the public's interest in them is very low.

Lastly, the request is narrowly tailored. The only redactions Plaintiffs seek to make are to a specific email address and one location. This is an incredibly limited request and will not affect the public's understanding of the case or controversy in any manner.

Other than the limited redactions identified above, Plaintiffs are not claiming any prejudice from the public filing of the documents.

Plaintiffs have provided notice of this motion and the briefing to Defendant, the Medical Board of Ohio, and Perkins Coie LLP.

Thus, Plaintiffs move the Court for leave to file under seal an unredacted copy of Plaintiffs' Brief Regarding Appropriate Persons, along with the supporting declaration and all exhibits, until the confidentiality designations are made for the transcripts of the three depositions and the entire transcripts no longer constitute Protected Information, and this Court resolves this motion to seal the email address and location of a victim's mother as well as any forthcoming motion by any potentially prejudiced party to seal the remaining information marked as Confidential and Attorney's Eyes Only.

Dated: May 4, 2026

Respectfully submitted,

/s/ *Debra L. Greenberger*

EMERY CELLI BRINCKERHOFF ABADY
WARD & MAAZEL LLP
Ilann M. Maazel (admitted pro hac vice)
Debra L. Greenberger (admitted pro hac vice)
Hannah Brudney (admitted pro hac vice)
Laura Kokotailo (admitted pro hac vice)
Claire Abbadi (admitted pro hac vice)
One Rockefeller Plaza, 8th Floor
New York, New York 10020
Phone: (212) 763-5000
Fax: (212) 763-5001
E-Mail: imaazel@ecbawm.com
E-Mail: dgreenberger@ecbawm.com
E-Mail: hbrudney@ecbawm.com
E-Mail: lkokotailo@ecbawm.com
E-Mail: cabbadi@ecbawm.com

SCOTT ELLIOTT SMITH, LPA
Scott E. Smith (0003749)
2727 Tuller Pkwy, Suite 140
Dublin, OH 43017
Phone: (614) 846-1700
Fax: (614) 486-4987
E-Mail: ses@sestriallaw.com

Adele P. Kimmel (admitted pro hac vice)
PUBLIC JUSTICE
1620 L Street, NW, Suite
630 Washington, DC 20036
Phone: (202) 797-8600
Fax: (202) 232-7203
E-mail: akimmel@publicjustice.net

Counsel for the *Snyder-Hill* Plaintiffs (*Snyder-Hill, et al.*, Case No. 2:23-cv-02993)

Rex A. Sharp
Sarah T. Bradshaw
Nathan A. Kakazu
Bradley Thomas
Emma Herold

SHARP LAW, LLP
4820 W. 75th Street
Prairie Village, KS 66208
Phone : (913) 901-0505
Fax : (913) 261-7564
rsharp@midwest-law.com
sbradshaw@midwest-law.com
nkakazu@midwest-law.com
bthomas@midwest-law.com
eherold@midwest-law.com
Simina Vourlis (0046689) (Trial Attorney)
The Law Offices of Simina Vourlis
856 Pullman Way
Columbus, OH 43212-3860
Phone: (614) 487-5900
Fax: (614) 487-5901
Email: svourlis@vourlislaw.com

Stephen Estey
ESTEY & BOMBERGER LLP
2869 India Street
San Diego, CA 92103
Phone: 619-295-0035
Fax: 619-295-0172
steve@estey-bomberger.com

Daniel R. Karon
KARON LLC
700 W. St. Clair Ave., Suite 200
Cleveland, OH 44113
Phone: 216.622.1851
dkaron@karonllc.com

Joseph Sauder
SAUDER SCHELKOPF LLC
555 Lancaster Avenue
Berwyn, PA 19312
Phone: (610) 200-0580
Fax: (610) 421-1326
jgs@sstriallawyers.com

Counsel for the *Gonzales* Plaintiffs (*Gonzales, et al.*, Case No. 2:23-cv-3051)

J.C. Ratliff (0027898)
Rocky Ratliff (0089781)

200 West Center Street
Marion, Ohio 43302
Telephone: 740.383.6023
Facsimile: 740.383.2066
attorney.ratliff@gmail.com
attorneyrockyratliff@gmail.com

Counsel for the *Knight* Plaintiffs (*Knight, et al.*, Case No. 2:23-cv-02994)